IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                        )<br>               Plaintiff,              )<br>                                                        )<br>   -vs-                                        )<br>                                                        )<br>TIMOTHY DEFOGGI,              )<br>                                                        )<br>               Defendant           )<br>                                                        ) | 8:13 CR 105<br><br>APPEAL OF MAGISTRATE'S<br>DETENTION ORDER<br>DATED AUGUST 7, 2013 |

COMES NOW Timothy DeFoggi, the Defendant herein, and pursuant to 18 U.S.C. § 3145(c) and NECrimR 46.2, hereby appeals the decision and Order of the Magistrate entered herein on August 7, 2013 (Filing No. 56), which Order denied the Defendant's Motion for Modification of Conditions of Release (Filing No. 42), and ordered indefinite detention of the Defendant pending the disposition of the charges herein.

In support of this appeal of the Magistrate's Detention Order, the Defendant shows to the Court the following:

1.      18 U.S.C. § 3142(c) provides that the judicial officer *shall* order the pretrial release of a defendant subject to the least restrictive combination of conditions which will reasonably assure the defendant's appearance at all proceedings [subject to the rebuttable presumption of detention for those offenses enumerated in 18 U.S.C. § 3142(c)].  18 U.S.C. § 3142 requires a two-part analysis to determine first, that the appearance of the defendant at all required hearings will be assured, and second, providing for the safety of the community if the defendant is allowed pretrial release.

1

2. In the Defendant's Motion for Modification of Conditions of Release (Filing No. 42), the Defendant proposed numerous and extensive conditions that he would voluntarily agree to as conditions for his pretrial release. Those proposed restrictions were most restrictive, thus assuring his appearance at all proceedings where his presence was required herein.

3. At both the initial detention hearing on May 8, 2013, and the recent rehearing on July 11, 2013, it was represented to the Magistrate Judge that the Defendant possessed an active United States passport and an active diplomatic passport, which would allow the Defendant to travel to foreign countries if he was allowed pretrial release. The Pretrial Services Report submitted to the Court specifically cited those passports as a factor mitigating against pretrial release because the Defendant "presents a risk of nonappearance."

4. In fact, the Defendant's diplomatic passport expired in 2008 and the regular United States passport expired in 2012. Therefore, since that was the sole evidence presented at the hearings to show that the Defendant was somehow a "flight risk," there is no credible evidence before this Court to support the Government's contention that the Defendant presents a risk of nonappearance at any proceeding herein.

5. With regard to the second part of the required analysis under 18 U.S.C. § 3142, the cited basis for the Magistrate's conclusion that the "court can conceive of no condition which would assure the safety of the community if [the defendant] were released upon conditions" was email traffic *attributed* to the Defendant by the Government. This email traffic, referenced by the Magistrate at pages 3-5 of its Order

denying pretrial release (Filing No. 56), is nothing more than "fantasy cyber chat" that the Government claims was contained within the online profile of an unidentified internet user that the Government's witnesses have attributed to the Defendant.

6. In fact, the email address that the Government used in its attempt to link those communications to the Defendant does not even exist according to the Microsoft Corporation. Moreover, the Government has presented no evidence to show that those email communications referencing "disgusting and horrendous acts" as characterized by the Magistrate, even if made by the Defendant, were anything more that protected speech known as "fantasy cyber chat." The Government has failed to show or even claim at either detention hearing that any of the "disgusting and horrendous acts' were ever acted upon or took place.

7. Therefore, the Government has failed to present any credible evidence that the fantasy chat referenced by the Magistrate poses a direct threat to the community such that pretrial detention is warranted.

WHEREFORE, the Defendant prays that the Court review the evidence and transcripts relating to the Defendant's pretrial detention *de novo*, pursuant to 18 U.S.C. § 3145(c) and NECrimR 46.2, and upon review, grant the Defendant's Motion for Pretrial Release upon the conditions and restriction proposed in Filing No. 42.

                Timothy DeFoggi, Defendant,

By:   s/James Martin Davis #10927
       Davis Law Office
       1623 Farnam Street, Suite 500
       Omaha, NE 68102
       Tel (402) 341-9900
       Fax (402) 341-8144
       info@jamesmartindavis.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on August 22, 2013, I electronically filed the foregoing with the Clerk of United States District Court for the District of Nebraska, using the CM/ECF system, which will send notification of such filing to the following:

Michael P. Norris
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102
michael.norris@usdoj.gov

                                      s/ James Martin Davis