IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13 CR 105 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | MOTION FOR RULE 7(f) BILL OF |
| | ) | PARTICULARS and MOTION FOR |
| TIMOTHY DEFOGGI, | ) | RULE 17.1 PRETRIAL HEARING |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION FOR RULE 7(f) BILL OF PARTICULARS

COMES NOW Timothy DeFoggi, the Defendant herein, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and in the interests of justice, hereby moves the Court for an Order requiring the Government to file a Bill of Particulars providing to the Defendant, with specificity, the nature of the evidence applicable to each of the seven Counts contained in the Indictment filed herein. In support of this Motion, the Defendant shows to the Court the following:

1.     On March 20, 2013, the Government filed a seven (7) Count Indictment against the Defendant alleging, in conclusory terms, that he has violated various provisions of 18 U.S.C. §§ 2252A and 2251(d).

2.     On May 6, 2013, an Order was entered herein setting the date of May 13, 2013, for the Government's disclosure of discovery.

3.     It was not until June 17, 2013, that the Government's attorneys produced two CD's containing approximately 120 pages of documents, almost all of which are merely itemizations of evidence seized from the Defendant. A copy of the transmittal letter from the Government's attorneys is attached hereto as Exhibit A.

1

4.     The Defendant's attorney has repeatedly requested since June 17, 2013, both orally and by email, that the Government produce all Rule 16(a) discovery materials and designate the materials which apply to each Count of the Indictment.

5.     On September 16, 2013, in response to the Defendant's request, the Defendant's attorney received an email from the Government's attorney stating that the FBI's forensic examination of the computers seized from the Defendant "is nearly complete" and that a full report from the forensic examiner would be provided. The email then listed "a summary of some preliminary findings of the examination." A copy of the email is attached hereto as Exhibit B.

6.     No FBI forensic examiner's report was produced by the Government to the Defendant and his attorney until receipt of an email and attachment from the Government's attorneys on November 5, 2013, one day prior to the pretrial motion deadline set by the Court. A copy of the email is attached hereto as Exhibit C. However, no designation has been made by the Government which would enable the Defendant to determine, even from the nine-page "forensic report," which findings apply to any one or more of the seven Counts of the Indictment.

7.     Count I of the Indictment alleges that between March 2, 2012, and December 8, 2012, the Defendant "did knowingly engage in a child exploitation enterprise" in violation of Chapter 110 of Title 18 of the U.S. Code. There are no facts or particulars alleged to support that allegation, and the Government has failed to produce or designate any evidence in discovery to prove such allegation.

8. Count II of the Indictment alleges that between March 2, 2012, and December 8, 2012, the Defendant violated 18 U.S.C. § 2251(d)(1) and (e), but merely cites the language of the statute, without any allegation of facts or particulars which would constitute a violation of the statute. In addition, the Government has failed to produce or designate any evidence in discovery to prove the conclusory statement that the Defendant somehow violated 18 U.S.C. § 2251(d)(1) and (e).

9. Count III of the Indictment alleges that between March 2, 2012, and December 8, 2012, the Defendant conspired to distribute child pornography, in violation of 18 U.S.C. § 2256(8)(A), but merely cites the language of the statute, without any allegation of facts or particulars which would constitute a violation of the statute. In addition, the Government has failed to produce or designate any evidence in discovery to prove the conclusory statement that the Defendant somehow violated 18 U.S.C. § 2256(8)(A).

10. Counts IV, V, VI and VII of the Indictment allege that on four occasions between November 21, 2012, and December 8, 2012, the Defendant "knowingly accessed with intent to view, a computer disk and other material that contained an image of child pornography," in violation of 18 U.S.C. § 2256(8)(A), but merely cites the language of the statute, without any allegation of facts or particulars which would constitute a violation of the statute. In addition, the Government has failed to produce or designate any evidence in discovery to prove the conclusory statement that the Defendant somehow violated 18 U.S.C. § 2256(8)(A).

11.  The Indictment against this Defendant is not legally sufficient because it does not even contain all of the essential elements of the offenses charged, nor does it include a specification of the acts or conduct of the Defendant which allegedly violated the statutes cited. Therefore, it is incumbent upon the government to produce, through Rule 16(a) discovery, the evidence in support of each alleged offense with sufficient clarity to enable the Defendant to prepare his defenses to *each* count of the Indictment.

12.  The failure of the Government to conduct full disclosure of all evidence in its possession against the Defendant, and to designate the evidence in support of each count of the Indictment, has made it impossible for the Defendant to prepare his defense in this action.

WHEREFORE, the Defendant prays that the Court enter an Order, pursuant to Rule 7(f), requiring the Government to file a Bill of Particulars in this proceeding, to fully disclose all evidence in its possession, and to designate the Counts to which the evidence applies.

## MOTION FOR RULE 17.1 PRETRIAL HEARING

COMES NOW Timothy DeFoggi, the Defendant herein, and hereby moves the Court for a Rule 17.1 Pretrial hearing for the scheduling of deadlines for further pretrial motions by the Defendant, without the waiver of the Defendant's rights under the Speedy Trail Act. This further scheduling of pretrial motion deadlines is necessitated by the Government's failure to disclose the findings and conclusions of its forensics expert witness, and the evidence in support thereof, until one day before the pretrial motion deadline set by this Court.

In support of this Motion, the Defendant shows to the Court that the Government's attorneys agreed to provide this expert witness' information and evidence back in September, 2013, pursuant to the statements contained in Exhibit B attached hereto. However, the Government failed to provide these crucial disclosures until November 5, 2013, as evidenced by Exhibit C attached hereto, which was only one day prior to the deadline for filing of pretrial motions set by this Court.  Therefore, the Defendant and his counsel have been prohibited from even determining what pretrial motions may be necessary and appropriate in this case, and the Defendant should not be penalized by giving up his Speedy Trial rights because of the Government's refusal to provide timely discovery and disclosures herein.

WHEREFORE, the Defendant moves the Court for a Rule 17.1 Pretrial hearing for the scheduling of deadlines for further pretrial motions by the Defendant, without the waiver of the Defendant's rights under the Speedy Trial Act.

Timothy DeFoggi, Defendant,

By:   s/James Martin Davis #10927
      Davis Law Office
      1623 Farnam Street, Suite 500
      Omaha, NE 68102
      Tel (402) 341-9900
      Fax (402) 341-8144
      info@jamesmartindavis.com

Attorney for Defendant

<u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on November 6, 2013, I electronically filed the foregoing with the Clerk of United States District Court for the District of Nebraska, using the CM/ECF system, which will send notification of such filing to the following:

Michael P. Norris  
Assistant United States Attorney  
1620 Dodge Street, Suite 1400  
Omaha, NE 68102  
michael.norris@usdoj.gov

    and

Keith A. Becker  
U.S. Department of Justice  
1400 New York Avenue, N.W.  
Sixth Floor  
Washington, DC, 20530  
Keith.Becker@usdoj.gov

                                                                          s/ James Martin Davis



**U.S. Department of Justice**

*United States Attorney*
*District of Nebraska*

| | |
|---|---|
| *1620 Dodge Street, Suite 1400* | *PH: (402) 661-3700* |
| *Omaha, Nebraska 68102-1506* | *FAX: (402) 661-3084* |

June 17, 2013

James Martin Davis
Attorney at Law
1623 Farnam St., #500
Omaha, NE 68102

Re: <u>United States v. Timothy DeFoggi</u>, Case No. 8:13CR105

Dear Mr. Davis:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, enclosed is an itemized record of the discovery material regarding the above-captioned individual which was previously provided to you by S.A. Jeffrey Tarpinian:

1. Disk containing Pedobook initial discovery documents; (printed 6/10/13)

2. Application, affidavit and search warrant for 20311 Crown Ridge Court, Germantown, Maryland dated 4/9/2013;

3. CD containing audio interview of Timothy Defoggi on 4/9/2013;

4. FD-302 of interview of Christopher Lee Casto by SAs Steven A. Smith and Jacqueline Dougher;

5. FD-302 of search warrant entry into Defoggi residence ;

6. FD-302 of interview of Jimmy Dale Bounds by SAs Patrick T. Winn and Daniel E. O'Donnell;

7. Order of Protection document date stamped 9/2/2010 from New Mexico;

8. Order of Protection regarding Donnie Mitchell Allison date stamped 10/25/2010;

9. Forty-one (41) pages of private messages obtained from CP web site "PedoBook" involving user name "fuckchrist";

10. One page Crime Scene Sign-In Log dated 4/9/2013;

11. Two page Evidence Recovery Log dated 4/9/2013;

12. FD-597, documenting the list of items seized during the search warrant (11 items);

13. One page Evidence Recovery Log dated 4/9/2013;

Ex. A

14. FD-597, documenting the list of items seized during the search warrant (4 items);

15. Consent to search form dated 4/9/2013;

16. FD-597, documenting the list of items seized during the search warrant (1 item);

17. Sketch of interior of Defoggi residence (2 pages);

18. Photographic Log dated 41912013 (2 pages);

19. Disk containing Pedobook initial discovery;

20. Timothy DeFoggi Administrative Subpoenas and Returns;

21. DeFoggi Pedobook Interface reports.

Any physical evidence in this matter is being maintained by the agency. Should you wish to view this evidence, please contact Special Agent Jeff Tarpinian, Federal Bureau of Investigation (402) 493-8688, to arrange a mutually convenient time for such viewing.

The United States realizes its obligation to supplement the Rule 16 discovery materials if additional information becomes available. This letter also serves as a formal request, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for reciprocal discovery by the defendant.

Should you have any questions, please advise.

Sincerely,

DEBORAH R. GILG
United States Attorney

By: MICHAEL P. NORRIS
Assistant U.S. Attorney

/hjb
Enclosures

C: Jeff Tarpinian, FBI
    Keith Becker, DOJ Trial Attorney

## James Martin Davis

**From:** "Becker, Keith" <Keith.Becker@usdoj.gov>
**To:** <info@jamesmartindavis.com>
**Cc:** "Norris, Michael (USANE)" <Michael.Norris@usdoj.gov>
**Sent:** Monday, September 16, 2013 5:30 PM
**Subject:** US v. DeFoggi

James:

I'm writing in response to the voicemail you left for Mike today. The forensic examination of computers seized from your client's residence is nearly complete. We will provide a full report from the examiner as soon as it is available. In the meantime, as we have advised you and all defendants in the related cases, items seized from your client's home are available for examination by you or your own examiner consistent with the requirements of 18 U.S.C. Section 3509(m), which require materials containing child pornography to remain in the care, custody or control of the government or the Court. Feel free to contact us to arrange such a review.

Below for your convenience is a summary of some preliminary findings of the examination. This is not a substitute for the full report which will contain much greater detail, but to give you an idea of what has been found on the devices. Child exploitation material ("CEM") generally refers to images or videos depicting minors fully or partially nude and/or engaging in sexually explicit conduct.

From the examination of the hard drive of your client's ASUS laptop computer:
- a child pornography video which was the video file being downloaded from a Tor network child pornography website at the time of search warrant execution.
- CEM graphic files including toddler files
- Anti-forensic software CCleaner and Eraser.
- Yahoo Messenger profile name "ptasseater6969".
- Entire Tor Browser bundle folder.
- Records showing that a PNY USB drive with serial number 6E7C0D070A4A (described below) was connected to the laptop
- Evidence of the use of Tor network websites including "Pedoboard"
- Evidence of your client's a/k/a "fuckchrist"
- Evidence of private messages containing discussions of sexual abuse and torture of babies and toddlers.

From the examination of the eMachine desktop computer at the residence:
- CEM graphics and videos
- Images depicting child modeling
- Entire Tor Browser bundle folder.
- Records showing that a PNY USB drive with serial number 6E7C0D070A4A (described below) was connected to the laptop
- Hash value matches to images available on "Pedobook"
- Internet browsing activity on Tor network websites

From the examination of the PNY USB drive S/N 6E7C0D070A4A
- CEM graphics and videos
- Hash value matches to images available on Pedoboard and Pedobook
- text files containing lists of possible CEM sources from Tor

Let us know if you have any questions.

Thanks,

*Ex. B*

10/31/2013

Keith A. Becker
Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Ave. NW, 6th Floor
Washington, DC 20530
(202) 305-4104 (office)
(202) 436-5363 (cell)

10/31/2013

## James Martin Davis

**From:** "Norris, Michael (USANE)" <Michael.Norris@usdoj.gov>
**To:** <info@jamesmartindavis.com>
**Cc:** "Becker, Keith (CRM)" <Keith.Becker@usdoj.gov>; "Chang, Sarah (CRM)" <Sarah.Chang@usdoj.gov>
**Sent:** Tuesday, November 05, 2013 10:37 AM
**Attach:** DeFoggi DARC Report.docx
**Subject:** FW: Defoggi DARC Report

Jim

Here is the forensic report for Defoggi.

I will mail a hardcopy as well.

Mike

---

**From:** Tarpinian, Jeffrey D. [mailto:Jeffrey.Tarpinian@ic.fbi.gov]
**Sent:** Tuesday, November 05, 2013 9:45 AM
**To:** Becker, Keith (CRM); Norris, Michael (USANE)
**Cc:** Chang, Sarah (CRM)
**Subject:** Defoggi DARC Report

Keith/Mike,

Attached is the DARC Report for Defoggi.

Jeff

Ex. C

11/5/2013