IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13 CR 105 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | BRIEF IN SUPPORT OF MOTION |
| | ) | FOR BILL OF PARTICULARS |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

The Defendant, Timothy DeFoggi, has requested that the Court require the Government file a Bill of Particulars in this action, to enable the Defendant and his attorney to properly and fairly prepare their defenses to the charges herein.

Pursuant to Fed.Crim.R. 7, an Indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Indictment in this action alleges seven Counts, none of which contains anything more than a quotation of the federal statutes allegedly violated. The Government has alleged in each count a conclusory statement that the Defendant has violated a federal statute, but has failed to allege any *facts* which would constitute such a violation.

An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Young,* 618 F.2d 1281, 1286 (8th Cir.), *cert. denied,* 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980). The Indictment in this case does not allege sufficient facts to enable the Defendant to prepare a defense.

In such circumstances, the remedy of the Court is not to quash the Indictment, but to give the Government the opportunity to prepare and file a bill of particulars, stating the facts and describing the conduct which supports each count of the Indictment separately.

A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite. A conviction may be overturned for want of a bill of particulars if the defendant suffers actual prejudice due to surprise at trial. *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012); *United States v. Hernandez,* 299 F.3d 984 (8th Cir.2002).

Neither the Court nor the parties should want to risk such a result here merely because the Government was not required to provide a bill of particulars. The trial court may order the Government to provide the requested details where the indictment fails to sufficiently advise the defendant of the charges to enable him to prepare a defense. See, e.g., *United States v. Garrett,* 797 F.2d 656, 665 (8th Cir.1986); *United States v. Hill,* 589 F.2d 1344, 1351–52 (8th Cir.1979). [Quoted in *United States v. Reibert*, 8:13CR107, 2013 WL 3863932 (D. Neb. July 24, 2013)].

The Defendant, Timothy DeFoggi, respectfully requests that this Court require the Government to remedy the defective Indictment by filing a Bill of Particulars herein.

Timothy DeFoggi, Defendant,

By: s/James Martin Davis #10927
Davis Law Office
1623 Farnam Street, Suite 500
Omaha, NE 68102
Tel (402) 341-9900
Fax (402) 341-8144
info@jamesmartindavis.com

Attorney for Defendant

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on November 6, 2013, I electronically filed the foregoing with the Clerk of United States District Court for the District of Nebraska, using the CM/ECF system, which will send notification of such filing to the following:

Michael P. Norris
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102
michael.norris@usdoj.gov

and

Keith A. Becker
U.S. Department of Justice
1400 New York Avenue, N.W.
Sixth Floor
Washington, DC, 20530
Keith.Becker@usdoj.gov

s/ James Martin Davis