IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13 CR 105 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | BRIEF IN SUPPORT OF |
| | ) | MOTION TO SEVER |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Defendant Timothy DeFoggi is one of two named-defendant in this proceeding and in the Indictment. It is the position of the Defendant that joinder of the tw defendants herein was improper under Fed.Crim.R. 8, and further, that joinder of these two defendants is extremely prejudicial to this Defendant, and therefore, the cases should be severed for purposes of trial under Fed.Crim.R. 14.

The Government has not produced any evidence indicating that there was interaction between the two defendants in this action relating to the crimes alleged, nor does the Government appear to be alleging any such interaction. The Government has not produced any evidence that the defendants herein participated in the same series of acts or transactions, and is merely alleging that the defendants both may have visited certain websites claimed to contain child pornography. The Government has not alleged that the defendants in this case engaged in a joint enterprise or assisted each other in any of the offenses alleged.

Joinder is only allowed in a single indictment under Fed.Crim.R. 8 if the defendants participated in the same transaction or in the same series of transactions. Allegations and evidence in this case only assert that the defendants may have both

1

visited the same websites, but no evidence has been produced in discovery to indicate that these defendants acted in concert, had any communication with each other, or have ever even met. This Defendant asserts that he has never met the do-defendant and has never had any interaction or communication with him.

Therefore, joinder of these two defendants in one indictment and in one proceeding is totally improper under Fed.Crim.R. 8.

Moreover, severance of these defendants is necessary under Fed.Crim.R. 14 to ensure that this Defendant receives a fair trial. Absent evidence that there was interaction between the co-defendants relating to the charges alleged, evidence of criminal conduct concerning one defendant will be prejudicial to the other defendant who may have had nothing to do with that conduct. That is the reason that Rule 14 allows for severance and separate trials, to prevent the prejudicial effect that totally unrelated evidence may have in influencing the trier of fact as to a co-defendant.

For those reasons, the Defendant, Timothy DeFoggi, requests that this Court sever the two defendants herein for separate trials.

Timothy DeFoggi, Defendant,

By: s/James Martin Davis #10927
Davis Law Office
1623 Farnam Street, Suite 500
Omaha, NE 68102
Tel  (402) 341-9900
Fax (402) 341-8144
info@jamesmartindavis.com

Attorney for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on November 6, 2013, I electronically filed the foregoing with the Clerk of United States District Court for the District of Nebraska, using the CM/ECF system, which will send notification of such filing to the following:

Michael P. Norris
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102
michael.norris@usdoj.gov

    and

Keith A. Becker
U.S. Department of Justice
1400 New York Avenue, N.W.
Sixth Floor
Washington, DC, 20530
Keith.Becker@usdoj.gov

                                                s/ James Martin Davis