IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13CR105 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS FOR BILL OF PARTICULARS AND SEVERANCE**

Prepared and Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone:  (402) 661-3700

KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC 20530
Phone: (202) 305-4104

SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC 20530
Phone: (202) 353-4979

**INTRODUCTION**

Defendant Timothy DeFoggi (hereinafter DeFoggi) has a filed a Motion seeking a Bill of Particulars and a Motion to Sever. The United States opposes a bill of particulars and severance in this case.

**I.     Nature of the Case**

On March 20, 2013, the Grand Jury sitting in the District of Nebraska returned a seven-count Indictment against the defendants Timothy DeFoggi and Zackary Austin (hereinafter Austin). The Indictment consists of eleven pages. The Indictment includes a Definitions section that explains terms helpful to understanding the charges in the Indictment. The Indictment contains a General Allegations section consisting of eleven paragraphs spanning five pages that provides great detail regarding a child pornography bulletin board described as "Website A" whose primary purpose was the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children. The chronology of the government's investigation and the specific details concerning "Website A" are set forth in the General Allegations section of the Indictment. Sub-forums from the website are described as well as message threads that were shared by and among members. The Indictment describes how users could register on and navigate "Website A."

The Indictment relates that as of December 8, 2012, the site listed over 8,100 members and more than 17,000 images, all of which depicted children. Most of the images were of prepubescent children, many of which depicted infant and toddler-aged children being sexually abused by adults or posed to expose their genitalia. Paragraph 16 of the Indictment identifies DeFoggi a/k/a/ fuckchrist a/k/a PTasseater as a registered member of "Website A" from March 2, 2012.

Count I of the Indictment charges both DeFoggi and Austin with engaging in a Child

1

Exploitation Enterprise in violation of 18 U.S.C. § 2252A(g).  The statute is designed to facilitate the prosecution of a group of offenders who work in concert to exploit children.  Simply put, a Child Exploitation Enterprise charge requires the United States to demonstrate that the defendant(s): 1) violated an offense listed in Chapter 110; 2) the violation was part of a series of three or more separate incidents; 3) the series of violations involved more than one victim; and 4) the defendant(s) committed the violations in concert with at least three other individuals.

Count II of the Indictment charges DeFoggi and Austin with Conspiracy to Advertise Child Pornography in violation of 18 U.S.C. §§ 2251(d)(1) and (e).  To prove a conspiracy to advertise child pornography, the government must show that: (1) the defendant and one or more persons entered into an agreement to commit the underlying offense of advertising child pornography, i.e., to knowingly make, print or publish, or cause to be made, printed or published any notice or advertisement seeking or offering either: (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, or (B) participation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct, knowing or having reason to know that such notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed, or where such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed, and (2) that the defendant knowingly became a member of the conspiracy to commit the underlying offense.

Count III of the Indictment charges DeFoggi and Austin with conspiracy to distribute any child pornography, a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).  To prove a conspiracy to

2

distribute child pornography, the government must establish that: (1) the defendant and one or more persons entered into an agreement to commit the underlying offense, i.e., to knowingly distribute any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and (2) that the defendant knowingly became a member of the conspiracy to commit the underlying offense.

The remaining substantive counts of the Indictment charges DeFoggi and Austin with access with intent to view images of child pornography, violations of 18 U.S.C. § 2252A(a)(5)(B). The access counts relate to DeFoggi's and Austin's activities on "Website A" on specifically charged dates between November 21, 2012, and December 8, 2012.

On June 17, 2013, the United States provided to DeFoggi through counsel "Interface reports" which document in great detail the defendant's use of "Website A." Information in those Interface reports includes: the actual name of Website A; its web address; the date the defendant created an account; the defendant's username and display names; the date of the defendant's last login; the date, time and substance of every posting the defendant made; the date, time and substance of every private message the defendant sent or received; and the date, time, and web page viewed regarding actions the defendant took on the site between November 19, 2012, and December 8, 2012. With respect to any image or video the defendant accessed on "Website A" during that time period, the file name of the image or video is also included in the report. Although the actual images are redacted from the report provided to the defendant because they consist of child pornography, defense counsel has repeatedly been invited to view the evidence itself and a report including those images can easily be provided for the defendant's review pursuant to the requirements of 18 U.S.C. § 3509(m).

## II.     The Defendant's Motion for a Bill of Particulars Should be Denied

"If a defendant believes that an Indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars . . . . The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial."  United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (internal citations omitted); see also United States v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012).   Importantly however, "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial."  Huggans, 650 F.3d at 1220.   Additionally, there are ways to remedy a defendant's need for particularity without requiring the government to produce a bill of particulars.   For example, in United States v. Cole, 707 F.Supp. 999, 1001 (N.D.Ill., 1989) (internal citations omitted), the court observed:

> In evaluating the need for a bill of particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.  Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a bill of particulars by disclosing additional details about the charges during discovery.

In fact, this Court recently denied a request for a bill of particulars similar to DeFoggi's in a related case.   In United States v. Gary S. Reibert; 8:13CR107, this Court found that a bill of particulars was not necessary given that Reibert's counsel had an opportunity to view the images allegedly accessed by Reibert on "Website A."   The Court further observed that Reibert's counsel had been provided an Interface Report, stripped of child pornographic images, laying out the threads on the website that Reibert accessed and received as well as information on each of those threads.   This discovery material, along with other evidence, resulted in this Court's denial of Reibert's motion for a bill of

particulars.

In the present case, DeFoggi's counsel has been given access to the same type of information and materials as were provided with regard to Reibert. DeFoggi's discovery needs with regard to his request for a bill of particulars is no different. Counsel for DeFoggi has met with one or more counsel for the United States on multiple occasions. The first such occasion would have been upon DeFoggi's initial appearance in Nebraska and subsequent detention hearings. Counsel met at the United States Attorney's Office where the Indictment was explained and initial discovery was provided. Counsel was reintroduced to Special Agent Jeff Tarpinian and advised that Agent Tarpinian could show counsel the evidence from "Website A" at his convenience.

The United States has provided to the defendant through counsel Interface Reports documenting in great detail the defendant's use of "Website A." Information in those Interface Reports include: the actual name of "Website A;" the web address; the date the defendant created an account; the defendant's username and display names; the date of the defendant's last login; the date, time and substance of every posting the defendant made; the date, time and substance of every private message the defendant sent or received; and the date, time, and webpage viewed regarding actions the defendant took on the site between November 19, 2012, and December 8, 2012. The Court has received into evidence during detention hearings some of the private messages that the defendant either sent or received.

As to any image or video the defendant accessed on "Website A" between November 19, 2012, and December 8, 2012, the file name of that image or video is included in the Interface Report that has been provided to the defendant. The actual images are redacted from the Interface Report as they consist of child pornography. On

5

July 19, 2013, counsel for DeFoggi went to the office of the Federal Bureau of Investigation and viewed the images and places on "Website A" DeFoggi visited. Counsel is welcome to do so again for as many times as he feels is necessary.

Defendant, through his counsel, was provided the final forensic examination report relating to the computers and other electronic devices seized from his residence upon its completion. Before he received the final forensic report, counsel was provided an update disclosing a summary of preliminary findings of the examination. As counsel indicates, that update was provided on September 16, 2013. Even prior to September 16, 2013, counsel, as with all other counsel in this case and its related cases, had been advised that the items seized during the execution of the search warrant, which included the defendant's computers and other digital devices, were available for examination by defense counsel or defense counsel's forensic examiner. Thus, at all times, a copy of the evidence seized from the defendant's residence was available to counsel or an expert designated by counsel. No attempts were made by counsel to acquire a copy of that evidence for examination. The United States has indicated in prior hearings that the primary evidence against DeFoggi and other related defendants can be found on the Interface reports which document defendants' visits to "Website A." While the final forensic report which analyzes the items seized during the search of the defendant's residence is certainly relevant, it is not essential to the defendant's ability to adequately prepare for trial. If anything, the results of the search warrant may well confirm the presence of anonymzing software and provide evidence of relevant conduct at sentencing.

There is no question regarding what evidence supports the charges against the defendant. That evidence has been made available through discovery provided thus far. Counsel remains free to re-examine the evidence provided to date to include the virtual

6

"Website A" being maintained at the Federal Bureau of Investigation. For all the reasons stated above, defendant's motion for a bill of particulars should be denied.

### III. The Defendant's Motion for Severance Should be Denied

Rule 8(b) of the Federal Rules of Criminal Procedure provides for joinder of parties in a criminal procedure. The Rule states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). DeFoggi and Austin are indicted for their participation in the same illegal acts using the same overall scheme: that is, engaging in a child exploitation enterprise and conspiring to advertise and distribute child pornography while accessing with intent to view child pornography on "Website A."

The child pornography that each conspired to advertise and distribute, accessed and viewed was on the same website which operated in Nebraska. "Website A" was not just a website but a community of offenders whose primary purpose was the advertisement and distribution of child pornography. Each defendant knew about and participated in their illegal acts through "Website A," a common vehicle shared by DeFoggi and Austin in which each defendant registered an account, created screen names and display names, and interacted with other members to further their child pornography activities. Thus, each defendant was part of the "same series of acts or transactions." See United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (finding that the defendant had engaged in common activity involving all the defendants embracing the charged offenses); United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir.), cert. denied, 459 U.S. 1040 (1982) (finding the "same series of acts or transactions" when each joined defendant acted as part of one overall scheme which they all know about and participate in). "[I]t is not necessary that

7

every defendant have participated in or be charged with each offense." United States v. O'Connell, 841 F.2d 1408, 1431-32 (8th Cir. 1988). Each defendant was active on the board at or about the same time, specifically, between November 19, 2012, and December 8, 2012, after the board had been seized by law enforcement. Furthermore, each defendant accessed the "girl/index" section of the image board, further cementing their proper joinder under Rule 8(b) as defendants engaged in common activity.

Furthermore, Rule 8(b) is to be liberally construed in favor of joinder. See O'Connell, 841 F.2d at 1432. "The presumption against severing properly joined cases is strong." United Sates v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005); see also United States v. Thompson, 690 F.3d 977, 988 (8th Cir. 2012) (citing Ruiz). "This preference for joint trials is not limited by any requirement that the quantum of evidence of each defendant's culpability be quantitatively or qualitatively equivalent." Thompson, 690 F.3d at 989 (internal citations omitted); see also United States v. Pou, 953 F.2d 363, 368-69 (8th Cir. 1992).

Courts also have found that defendant may be joined when they act in concert in regard to their use of the Internet. In United States v. Stokes, the court found defendants to be properly joined who had met on an internet child pornography website. 2011 WL 1585601, at *10 (W.D. Mo. Apr. 25, 2011). One defendant downloaded and viewed images of the victim on his hard drive being sexually abused by another defendant. Id. at *4. During these same time frames, and on the same computers, the first defendant also downloaded and viewed images of other child pornography. Id. The Internet history for these items, and the images themselves, are in the same collection of pornography which includes images of the victim. Id. The court determined that the indictment, on its face, set forth a single conspiracy to commit sex trafficking by force, fraud or coercion, and thus showed that the defendants were properly joined for trial. Id. at *6. Further, the court held that "[c]onsidering the cautionary instructions available and the counts as

8

charged in the indictment, I do not believe the evidence will be so complex or muddled as to prevent the jury from separately considering the evidence against [defendants]." Id. at *9. As such, the court denied the defendants' motion to sever and found the parties were properly joined on the child pornography offenses.

Rule 14 of the Federal Rules of Criminal Procedure allows for severance if joinder at trial will prejudice the defendant. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

"A defendant is entitled to severance only if he shows that prejudice would result from a joint trial." United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012). Specifically, a defendant must show "real prejudice" that is, "something more than the mere fact that his chances for acquittal would have been better had he been tried separately." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011).

Neither DeFoggi nor Austin can demonstrate the type of prejudice required to justify severance under Rule 14. In fact, such a claim would be difficult to make. They accessed the same board at or about the same time. That board is devoted to child pornography involving prepubescent minors. They visited the same portion of the board. They each registered accounts with screen names and display names and interacted with other members of the board. Those portions of "Website A" that they viewed independent from the other can be easily compartmentalized by a trier of fact. Neither DeFoggi nor Austin can prove or demonstrate prejudice if his trial is not severed from the other. Accordingly, the motion to sever should be denied.

9

## CONCLUSION

For the reasons stated above, the United States respectfully submits that the defendant's motions for a bill of particulars for severance be denied.

        Respectfully submitted,

        UNITED STATES OF AMERICA,
        Plaintiff

        DEBORAH R. GILG
        United States Attorney

By:   s/ Michael P. Norris
      MICHAEL P. NORRIS (#17765)
      Assistant United States Attorney
      1620 Dodge Street, Suite 1400
      Omaha, Nebraska 68102-1506
      (402) 661-3700

      s/Keith Becker
      KEITH BECKER
      DOJ Trial Attorney
      1400 New York Ave NW 6th Floor
      Washington, DC   20530
      (202) 305-4104

      s/Sarah Chang
      SARAH CHANG
      DOJ Trial Attorney
      1400 New York Ave NW 6th Floor
      Washington, DC   20530
      (202) 353-4979

## CERTIFICATE OF SERVICE

  I hereby certify that on November 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: James Martin Davis, Attorney at Law.

                *s/Keith A. Becker*
                KEITH A. BECKER
                Trial Attorney