IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR105 |
| vs. | |
| TIMOTHY DEFOGGI, | ORDER |
| Defendant. | |

This matter is before the court on the Motion for Bill of Particulars (Filing No. 64) and Motion to Sever (Filing No. 66) filed by defendant Timothy DeFoggi (DeFoggi). DeFoggi moves to have the government provide, with specificity, the nature of evidence applicable to each count against DeFoggi. DeFoggi also moves to sever his trial from the co-defendant on the basis there is a misjoinder under Fed. R. Crim. P. 8(b). The government filed a brief (Filing No. 74) in opposition to DeFoggi's motions.

BACKGROUND

DeFoggi is charged in the Indictment with knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count I); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e) (Count II); conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count III); and knowingly accessing a means or facility of interstate commerce to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts IV-VII). The Indictment alleges an internet website, designated "Website A" for the purposes of the Indictment, was established for the primary purpose of the advertisement and distribution of child pornography and a bulletin board for the discussion of matters pertinent to the sexual abuse of children, including the facilitation of anonymous communications and prevention of detection by law enforcement. "Website A" is alleged to have operated from March of 2012 until December of 2012. Law enforcement seized the computer server hosting "Website A" from a web-hosting facility in Bellevue, Nebraska, on November 18, 2012. It is alleged while "Website A" remained operational from November 19, 2012, through December 9, 2012, law enforcement

officers armed with court authorized orders, monitored the electronic communications of users of "Website A," resulting in the charges set forth in the Indictment. DeFoggi is alleged to have accessed "Website A" during the monitoring period and viewed and received child pornography on the dates alleged in Counts IV through VII of the Indictment.

## ANALYSIS

A.   **Motion for a Bill of Particulars**

DeFoggi argues the Indictment is not legally sufficient because it does not contain all of the essential elements of the offenses charged. **See** Filing No. 64 - Motion; Filing No. 65 - Brief.

In response, the government asserts "Interface reports," which document in great detail DeFoggi's use of "Website A," have been provided to DeFoggi. **See** Filing No. 74 - Response. The government states the reports include detailed information of DeFoggi's access to "Website A," content of messages sent or received, and the date, time, and web page DeFoggi viewed between November 19, 2012, and December 8, 2012. *Id.* Further, the reports include the file name of videos or images DeFoggi accessed. *Id.* Although actual images were redacted, the government represents DeFoggi's counsel has repeatedly been invited to view the evidence itself in accordance with the requirements of 18 U.S.C. § 3509(m). *Id.* The government also provided DeFoggi a summary of preliminary findings of the examination and the final forensic examination report from the government's review of DeFoggi's computer and other electronic devices. *Id.* The government represents a copy of evidence seized from DeFoggi's residence has been available to DeFoggi's counsel or expert and no attempts were made to acquire a copy of such evidence. *Id.*

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. ***United States v. Beasley***, 688 F.3d 523, 532 (8th Cir. 2012); ***United States v. Bowie***, 618 F.3d 802, 817 (8th Cir. 2010). The court has broad discretion in granting or denying a bill of

particulars.  *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).  "The Court must strike a 'prudent balance' between the legitimate interest of the government and the Defendant."  *United States v. Nelson*, No. 11-40037, 2011 WL 2160471, at *1 (D. S.D. June 01, 2011) (slip copy) (**quoting** *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991)).  The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense.  **See, e.g.,** *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986); *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979).  A bill of particulars, however, is not a proper tool for discovery.  **See** *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); **see also** *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006).  It is not to be utilized to provide itemized disclosure of the government's evidence at trial.  *Huggans*, 650 F.3d at 1220.

Additionally, in *United States v. Cole*, 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying a defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

> In evaluating the need for a bill of particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.  Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a bill of particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001 (internal citation omitted).  Further, other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided.  **See** *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Savides*, 661 F. Supp. 1024, 1028 (N.D. Ill. 1987), **aff'd sub nom.** *United States v. Pace*, 898 F.2d 1218 (7th Cir. 1990); *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986).  "A bill of particulars is not required when information needed for a defendant to prepare for trial can be obtained

through some other satisfactory form, such as where the government has an open-file policy or has otherwise disclosed the information to the defendant." *United States v. Norman*, No. 4:10CR59, 2011 WL 2678821, at *2 (E.D. Ark. June 30, 2011) (slip copy). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere.  **See** *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

Upon a review of the Indictment and of the representations made by the parties regarding the extent of discovery made available in this matter, the court finds a bill of particulars, as sought by DeFoggi, is not warranted in this matter as he seeks evidentiary material and seeks to have the government marshal the evidence for trial. Additionally, the government has made the evidence readily available for DeFoggi's counsel or designated expert.  Accordingly, the Motion for Bill of Particulars (Filing No. 64) is denied.

### B.     Motion to Sever

DeFoggi argues the government has not produced evidence indicating there was interaction between DeFoggi and the co-defendant so as to merit joinder under Fed. R. Crim. P. 8 and joinder is prejudicial.  **See** Filing No. 67 - Brief.

Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).  "[I]t is not necessary that every defendant have participated in or be charged with each offense." *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989); **see also** *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013).  The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment.  **See** *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Furthermore, Rule 8(b) is to be liberally construed in favor of joinder.  **See** *United States v. Thompson*, 690 F.3d 977, 989 (8th Cir. 2012); *United States v. Ruiz*, 412

4

F.3d 871, 886 (8th Cir. 2005); **United States v. Rimell**, 21 F.3d 281, 288 (8th Cir. 1994); **United States v. O'Connell**, 841 F.2d 1408, 1432 (8th Cir. 1988).

Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

In this matter, DeFoggi and the co-defendant participated in the same series of acts or transactions in accessing "Website A" and certain pages of "Website A" during the time period in question. Further, it is alleged DeFoggi and the co-defendant knowingly engaged in a child exploitation enterprise and conspired to advertise child pornography. There was common activity and participation involving DeFoggi and the co-defendant embracing the charged offenses even though the defendants did not participate in the same accession of "Website A."

Even assuming, *arguendo*, there would be an imbalance or disparity of evidence from one defendant to another in that one defendant may have more accessions or images downloaded than the other, severance is not necessitated. There is no requirement for severance when the quantum of evidence against each co-defendant may be unequal, dissimilar, or less damaging. This is true even if the likelihood of acquittal is decreased. **See United States v. Hively**, 437 F.3d 752, 765 (8th Cir. 2006). Less drastic measures than severance, such as limiting instructions, are available to cure any undue prejudice. **See Richardson v. Marsh**, 481 U.S. 200, 211 (1987); **United States v. Sandstrom**, 594 F.3d 634, 645 (8th Cir. 2010).

The court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to DeFoggi and the co-defendant and returning a verdict as to each defendant as to each count of the Indictment. **See Sandstrom**, 594 F.3d at 645 ("[J]uries are presumed to follow their instructions.") (internal citations and quotations omitted). No evidence was proffered as to the disparity of evidence between DeFoggi and the co-defendant which would warrant a severance for prejudicial joinder under Fed. R. Crim. P. 14. Accordingly,

**IT IS ORDERED:**

DeFoggi's Motion for Bill of Particulars (Filing No. 64) and Motion to Sever (Filing No. 66) are denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 2nd day of December, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge