IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:13CR105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| -vs- | ) | MOTION IN LIMINE |
| | ) | |
| | ) | |
| TIMOTHY DEFOGGI, | ) | |
| Defendant. | ) | |

COMES NOW Defendant, through counsel, and respectfully requests for an order prohibiting the prosecution from discussing in *voir dire*, opening statement, cross-examination, direct examination, or closing argument, or adducing any evidence or commenting in any way regarding any and all references to the fantasy chat private messages sent to and from username "Ptasseater" and/or "fuckchrist" for the following reasons.

## FACTS

In its Affidavit in Support of Search Warrant seeking a warrant to search the Defendant's house, the affiant stated:

> "Law enforcement reviewed private messages sent by 'Ptasseater'/'fuckchrist' to other 'Website A' users. Dozens of those private messages advocated and described an interest in the violent rape of children, including infant and toddler-aged children, in graphic language and detail. Multiple private messages also described his location as in or near 'DC'."

These chats were obtained through an order dated November 18, 2012 allowing the interception of electronic communications between users of Website A. These messages represent fantasy chats and are represented in what the government labeled as the "Pedobook" for user "PTasseater"/"fuckchrist". For the following reasons, the government should be prohibited from discussing any and all messages contained in the Pedobook in *voir dire*, opening statement, cross-examination, direct examination, or closing argument, or adducing any evidence or commenting in any way any thereof.

## ARGUMENT

### 1. Fantasy Chats Are Irrelevant to the Charges Filed

Fed. R. Evid. § 401 notes that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Evidence is sufficiently relevant if it has "any tendency, however slight, to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *U.S. v. Johnson*, 737 F.3d 522, 525 (8th Cir. 2013)(quoting *U.S. v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005).

In the "About Me" section of username"fuckchrist's" profile on Website A, it says "Have many perversions. B Contact me for fantasy chat." That's what these chats are: fantasy. They represent nothing more than conversations that are pleasing to the Defendant. Fantasies are not indicative of participation in child

exploitation enterprise, nor are they evidence of any plan or conspiracy to produce, publish, sell, exchange, or collect any images or videos depicting child pornography. These fantasy chats are simply fantasies and fantasies, however unsettling, are not evidence of a crime. As such, they are not relevant to a determination that the Defendant is guilty of the charges filed.

### 2. Fantasy Chats Are Overly Prejudicial

Pursuant to Fed. R. Crim. Pro. § 403, if the fantasy chats are ruled to be relevant to the charges filed, any probative value is substantially outweighed by a danger of unfair prejudice. Pursuant to Rule 403, unfair prejudice means that there is danger of a decision based upon improper basis. *U.S. v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013)(quoting *Fireman's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995)). Often, the improper basis is emotional. *Id*.

It is likely that a jury reading the private messages could lead to a decision based upon an emotional reaction to the messages. They are highly graphic in nature, some describing in detail the violent sexual torture and killing of children. Given the shocking subject matter of the private messages, there exists a substantial risk that the graphic nature of the chats will lead the jurors to make a judgment based not upon the evidence but rather upon emotion and thus unfairly prejudicing the Defendant. This risk will be especially high for any jurors who happen to be parents.

Moreover, given the fact that the Affidavit includes evidence of username "Ptasseater"/"fuckchrist" clicking on images portraying child pornography, suppression of the private messages would not deprive the government of vital evidence.

For the above reasons, the Defendant asks this court for an order prohibiting the prosecution from discussing in *voir dire*, opening statement, cross-examination, direct examination, or closing argument, or adducing any evidence or commenting in any way regarding any and all references to the fantasy chat private messages sent to and from username "Ptasseater" and/or "fuckchrist".

Respectfully submitted,
Timothy Defoggi, Defendant

/s/ John S. Berry
John S. Berry, #22627
BERRY LAW FIRM
2650 North 48th Street
Lincoln, NE 68508
john@jsberrylaw.com
(402) 466-8444

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 6th day of March, 2014.

/s/ John S. Berry
John S. Berry, #22627