**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 8:13CR105 |
| ) | |
| Plaintiff, ) | BRIEF IN SUPPORT OF DEFENDANT'S |
| ) | MOTION TO SUPPRESS EVIDENCE |
| -vs- ) | OBTAINED THROUGH INTERCEPTION |
| ) | OF ELECTRONIC COMMUNICATIONS |
| ) | |
| TIMOTHY DEFOGGI, ) | |
| Defendant. ) | |

COMES NOW Defendant, through counsel, and respectfully requests that this Court suppress any and all evidence obtained through the interception of electronic communications, as ordered on November 18th, 2012, because the Application failed to identify an official specially designated by the Attorney General of the United States to authorize the application as required by 18 U.S.C. § 2518(1)(a).

## FACTS

Paragraph 2 of the Application For An Order Authorizing Interception Of Electronic Communications states as follows: "A copy of the memorandum of an official specially designated by the Attorney General of the United States authorizing this application is attached to this application as Exhibit A."

No memorandum was attached and there is no other evidence to suggest that at the time it issued the order, the issuing judge knew the identity of the official authorized to approve the Application.

## ARGUMENT

An application to intercept electronic messages must contain the identity of the official authorized to approve such applications:

> "Each application for an order authorizing or approving the interception of a wire, oral, or electronic communication under this chapter shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall state the applicant's authority to make such application.  Each application shall include the following information:
> (a) the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application;
> ...
> 18 U.S.C. § 2518(1)

An "aggrieved person" may move to suppress any electronic communication intercepted upon a showing that "(I) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." *18 U.S.C. § 2518(10)*. When reviewing whether to suppress based upon a statutory violation, a court must first determine the role of the statutory requirement in safeguarding against unwarranted wiretapping or electronic surveillance. *U.S. v. Lomeli*, 676 F.3d 734, 739 (8th Cir. 2011)(*citing U.S. v. Chavez*, 416 U.S. 562, 578 (1974). Suppression is warranted only upon a finding of a

"[f]ailure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device." *Id* (quoting *U.S. v. Giordano*, 416 U.S. 505, 527 (1974). The Supreme Court has made it clear that obtaining approval for a wiretap application is necessary and that failure to do so warrants suppression: "[w]e are...confident that the provision for pre-application approval was intended to play a central role in the statutory scheme and that suppression must follow when it is shown that this statutory requirement has been ignored." *Giordano*, 416 U.S. at 528. In order for a facial insufficiency to warrant suppression, the insufficiency must be more than just merely technical. *Id* (citing *U.S. v. Moore*, 41 F.3d 370, 375 (8th Cir. 1994).

The 8th Circuit has held that failure to attach authorization documents can warrant suppression. In *Lomeli*, the application for a wiretap stated that "[a]ttached to this Application are copies of the Attorney General's order of Special Designation and the Memorandum of Authorization approving this Application." *Lomeli*, 676 at 736. Neither of the documents were attached to the application. *Id*. During a supplemental hearing on the matter, the prosecution offered into evidence the missing documents showing that an official authorized to approve applications did, in fact, approve the application. *Id* at 737. In its supplemental recommendation, the magistrate judge held that despite the fact the documents were produced at the suppression hearing, the government's failure to attach the documents to the

3

application was "not merely a technical defect and was fatal to its claim." *Id*. The magistrate pointed to a lack of information that suggested that the identity of the officer authorized to approve wiretap applications was known to the judge who issued the order.

The Eight Circuit affirmed the District court's ruling. After finding that the application was insufficient on its face, the court went on hold that "Despite the fact that the government intended and may very well have thought the appropriate authorizing documents were attached to the application, they were not, and there is nothing in the record to give us reason to believe that the judge authorizing the wiretap-the person for whose benefit the statutory requirement is written-knew that the requisite authority was obtained." *Id* at 742. Furthermore, the court held that the good faith exception doctrine does not apply when the government fails to comply with core statutory requirements safeguarding the public against unlawful wiretaps: "...we hold that no wiretap applicant can, in good faith, rely upon a court order authorizing the wiretap when the applicant failed to comply with the edicts of the federal wiretap statute in procuring the order." *Id* at 20-21.

The present case is substantially similar to *Lomeli*. The Application states that "A copy of the memorandum of an official specially designated by the Attorney General of the United States authorizing this application is attached to this application as Exhibit A." No memorandum was attached to the copy of the Application provided to the Defendant and presumably the approving judge did not

4

receive the memorandum. This omission renders the application insufficient on its face and thus any and all evidence, including private messages sent to and from Website A user "PTasseater"/"fuckchrist", obtained through the interception of electronic must be suppressed.

Respectfully submitted,
Timothy Defoggi, Defendant

/s/ John S. Berry
John S. Berry, #22627
BERRY LAW FIRM
2650 North 48th Street
Lincoln, NE 68508
john@jsberrylaw.com
(402) 466-8444

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 6th day of March, 2014.

/s/ John S. Berry
John S. Berry, #22627

5