IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 8:13CR105** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **BRIEF IN SUPPORT OF MOTION TO** |
| | ) | **DISMISS COUNT I OF INDICTMENT** |
| | ) | |
| **TIMOTHY DEFOGGI,** | ) | |
| **Defendant.** | ) | |

COMES NOW Timothy DeFoggi, by and through his attorney, John S. Berry, pursuant to Rule 12(b)(3)(B) of the F.R. Crim. P. and offers this Brief in support of his motion to dismiss Count I of the Indictment on the grounds that the indictment does not fairly and adequately apprise Defendant of the charges against him.

Fed. R. Crim. P. 7(c) states that an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charge." Essential facts constituting the offense charged are such that they give the Defendant notice of the charges against him so that he can prepare an adequate defense. *U.S. v. Becton*, 751 F.2d 250, 256 (8th Cir. 1984). Moreover, an indictment must allege sufficient information so as to allow a defendant to argue that a conviction or acquittal bars a subsequent prosecution. *US. v. Beasley*, 688 f.3d 523, 532 (8th Cir. 2012) (citing *U.S. v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

The Indictment in the present case fails to give notice to the Defendant so that he can prepare an adequate defense as well as fails to allege sufficient information so as to allow the Defendant to argue that a conviction or acquittal bars a subsequent prosecution. First, the Indictment does not provide enough in order for the Defendant to prepare an adequate defense. The predicate offenses listed under Count I include those in counts IV - VII in the indictment. Not listed, however, is which of counts IV-VII were allegedly committed in concert with three or more people. Moreover, the Indictment does not specific which of the four predicate offenses will be used to satisfy the "three or more separate incidents" specified in Count I. Without more specific information, the Defendant is unable to prepare an adequate defense.

Nor does the indictment allege sufficient information so as to allow the Defendant to argue that a conviction or acquittal bars a subsequent prosecution. Counts IV - VII contain no facts that would allow the Defendant to discern whether or not a subsequent prosecution for participation in a child exploitation enterprise stemmed from the same facts as in the present case. The Defendant has been given no notice whatsoever as to the specific facts constituting counts IV - VIII. As a result, the Defendant will not be able to use the Indictment to argue that an acquittal or conviction of the crimes alleged in Count I bars subsequent prosecution.

WHEREFORE, the Defendant respectfully moves the Court to dismiss Count I of the Indictment against the Defendant because the Indictment does not fairly and adequately apprise Defendant of the charges against him.

Respectfully submitted,
Timothy Defoggi, Defendant

/s/ John S. Berry
John S. Berry, #22627
BERRY LAW FIRM
2650 North 48th Street
Lincoln, NE 68508
john@jsberrylaw.com
(402) 466-8444

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 6th day of March, 2014.

/s/ John S. Berry
John S. Berry, #22627