IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:13CR105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF DEFENDANT'S |
| -vs- | ) | MOTION TO SEVER |
| | ) | |
| | ) | |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant. | ) | |

This brief is in support of Defendant's motion to sever his case from any and all other co-defendants.

## Argument

Fed. Crim. R. 14 allows for severing a defendant's trial from co-defendants if consolidation would prejudice the defendant. Severance is warranted if there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993). For the following reasons, severance is warranted in this case.

## 1. The Co-Defendant's Should Not Have Been Joined

Fed. Crim. R. 8 allows cases to be tried if they are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  There is no evidence of any interaction between the two defendants in this action nor does it appear that the government appear to be alleging any such interaction. The only connection between the defendants is that they both may have visited certain websites allegedly containing child pornography.  The government has not put forth evidence that the defendants in this case engaged in a joint enterprise or assisted each other in any of the offenses alleged, and no evidence has been produced in discovery to indicate that these defendants acted in concert, had any communications with each other, or even knew of each other prior to this action.

Because there is no evidence that the defendants offenses are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan", proceeding as joined is improper under Fed. Crim. R. 8.

## 2. The Defendant Will Be Prejudiced If His Trial Is Not Severed

Pursuant to Fed. Crim. R. 14, the Defendant's trial should be severed from any and all co-defendants in order to ensure that the Defendant receives a fair trial. Even if joinder is proper, the trials can still be severed if the Defendant will be prejudiced.  *U.S. v. Washburn*, 728 F.3d 775, 783 (8th Cir. 2013).  When multiple

defendants are charged with a conspiracy, those defendants "should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *U.S. v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011)(citing *U.S. v. Arenal*, 768 F.2d 263, 267-68 (8th Cir. 1985). In such a case severance is still proper if a defendant "... can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id (citing *U.S. v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003).

In this case, the jury is likely to be unable to compartmentalize the evidence as it relates to the separate defendants. Given the technological complexity of the investigation, the lurid nature of the images contained on the website, and the graphic nature of the private messages intercepted, it is likely that the jurors would be so confused and/or react so emotionally that they would have trouble separating evidence offered against the defendants. As such, trying the co-defendants together would unfairly prejudice the Defendant.

For those reasons, the Defendant requests that this Court sever the two defendants herein for separate trials.

        Respectfully submitted,
        Timothy Defoggi, Defendant

        /s/ John S. Berry
        John S. Berry, #22627
        BERRY LAW FIRM
        2650 North 48th Street
        Lincoln, NE 68508
        john@jsberrylaw.com
        (402) 466-8444

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 6th day of March, 2014.

        /s/ John S. Berry
        John S. Berry, #22627