IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13CR105 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO SEVER**

Prepared and Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone:   (402) 661-3700

KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 305-4104

SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 353-4979

**Nature of the Case**

Defendant has filed his second Motion to Sever his case from that of co-defendant Zackary Austin.  DeFoggi's first Motion to Sever (Filing No. 66) was denied.  The Court issued the order denying the Motion to Sever (Filing No. 75) and no appeal followed.  DeFoggi has filed a second and subsequent Motion to Sever (Filing No. 2) raising the same arguments set forth in his first motion.  DeFoggi's co-defendant, Zackary Austin, has not sought severance.

The United States submits that DeFoggi is precluded from raising this issue in a second or subsequent proceeding.  Whether it is framed as collateral estoppel, law-of-the-case, waiver or any other form of issue preclusion, DeFoggi is barred from raising the issue of severance.  To the extent that DeFoggi is not precluded from raising the issue, the United States would incorporate by reference the arguments made in its original response to the severance motion (Filing No. 74) and the Court's order denying severance (Filing No. 75).

**Argument**

On December 2, 2013, this Court issued an Order denying DeFoggi's Motion to Sever. (Filing No. 75).  In denying the Motion to Sever, this Court observed "[I]t is not necessary that every defendant have participated in or be charged with each offense." United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989).  The Court further observed that Rule 8(b) is to be liberally construed in favor of joinder.  United States v. Thompson, 690 F.3d 997, 989 (8th Cir. 2012).

The Court carefully balanced DeFoggi's claim of undue prejudice.  In doing so the Court noted:

> In this matter, DeFoggi and the co-defendant participated in the same series of acts or transactions in accessing "Website A" and certain pages of "Website A" during the time period in question. Further, it is alleged DeFoggi and the co-defendant knowingly engaged in a child exploitation enterprise and conspired to advertise child pornography. There was common activity and participation involving DeFoggi and the co-defendant embracing the charged offenses even though the defendants did not participate in the same accession of "Website A."

1

> Even assuming, *arguendo*, there would be an imbalance or disparity of evidence from one defendant to another in that one defendant may have more accessions or images downloaded than the other, severance is not necessitated. There is no requirement for severance when the quantum of evidence against each co-defendant may be unequal, dissimilar, or less damaging. This is true even if the likelihood of acquittal is decreased. See United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). Less drastic measures than severance, such as limiting instructions, are available to cure any undue prejudice. See Richardson v. Marsh, 481 U.S. 200, 211 (1987); United States v. Sandstrom, 594 F.3d 634, 645 (8th Cir. 2010).
>
> The court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to DeFoggi and the co-defendant and returning a verdict as to each defendant as to each count of the Indictment. See Sandstrom, 594 F.3d at 645 ("[J]uries are presumed to follow their instructions.") (internal citations and quotations omitted). No evidence was proffered as to the disparity of evidence between DeFoggi and the co-defendant which would warrant a severance for prejudicial joinder under Fed. R. Crim. P. 14.

Filing No. 75 at p. 5.

DeFoggi's concern that a jury will fail to compartmentalize the evidence is misplaced. In addition to the child pornography on the board visited by DeFoggi, DeFoggi posted messages of extreme content. The United States intends to offer these test messages against DeFoggi at trial. In one such text DeFoggi seeks to meet up with another poster to the board. DeFoggi explicitly explains that he would like to slit the throat of a young girl, cut her head off and let her blood spray over him as he performs a sex act with her head. To the extent there is any prejudice in trying this case with his co-defendant, that prejudice is far outweighed by the prejudice that DeFoggi has created for himself by his comments on the board.

Rule 59.2(a) of the Local Rule for the District of Nebraska provides for a 14 day period to appeal a Magistrate Judge's Order or Findings and Recommendations. No such appeal was undertaken. Rule 59.2(e) provides that a failure to object may be construed as a waiver of the right to object to the Magistrate Judge's Findings and Recommendations.

This Court should maintain a firm waiver rule. A defendant's failure to object or make timely objections to any Order waives further review. This rule would promote judicial

efficiency.   See <u>United States v. Rhoads</u>, (unpublished) 2001 W.L. 280255 (C.A. 10 (N.M.) March 22, 2001).

## CONCLUSION

For the reasons stated above, the Motion to Sever should be denied.

                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA,
                                        Plaintiff

                                        DEBORAH R. GILG
                                        United States Attorney


By:   <u>s/ Michael P. Norris</u>
       MICHAEL P. NORRIS (#17765)
       Assistant United States Attorney
       1620 Dodge Street, Suite 1400
       Omaha, Nebraska 68102-1506
       (402) 661-3700

       <u>s/Keith Becker</u>
       KEITH BECKER
       DOJ Trial Attorney
       1400 New York Ave NW 6th Floor
       Washington, DC   20530
       (202) 305-4104

       <u>s/Sarah Chang</u>
       SARAH CHANG
       DOJ Trial Attorney
       1400 New York Ave NW 6th Floor
       Washington, DC   20530
       (202) 353-4979

## CERTIFICATE OF SERVICE

     I hereby certify that on March 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: John S. Berry, Attorney at Law.

                                        <u>s/Michael P. Norris</u>
                                        MICHAEL P. NORRIS
                                        Assistant United States Attorney