IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR105 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY DEFOGGI, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFOGGI'S MOTION IN LIMINE**

Prepared and Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone:   (402) 661-3700

KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 305-4104

SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 353-4979

**Nature of the Case**

The defendant, Timothy DeFoggi, a/k/a PTasseater, a/k/a fuckchrist, is charged in a seven-count child exploitation Indictment. Count I charges DeFoggi with Child Exploitation Enterprise, in violation of 18 U.S.C. § 2252A(g). Count II of the Indictment charges DeFoggi with Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e). Count III of the Indictment charges DeFoggi with Conspiracy to Distribute Child Pornography, a violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Counts IV, V, VI and VII of the Indictment charge DeFoggi with Accessing with Intent to View Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(b). In advance of trial, DeFoggi has filed a Motion in Limine seeking to preclude the United States from adducing any evidence regarding chats or private messages sent to and from his user names, specifically, "PTasseater" or "fuckchrist", claiming that they are not relevant or, alternatively, "overly prejudicial to the Defendant."

The United States submits that DeFoggi's Motion in Limine should be denied. First and foremost the chats under DeFoggi's alias and user names are direct evidence of his identity and involvement in the crimes charged. Second, in the unlikely event a court would find that the chats were neither direct nor inextricably intertwined evidence with the crimes charged, the chats are otherwise admissible under Rule 404(b) of the Federal Rules of Evidence as demonstrating motive, intent, plan, knowledge and identity. Finally, the United States submits that the probative value of the clearly relevant chat evidence is not substantially outweighed by a danger of unfair prejudice.

**Argument**

Rule 401 of the Federal Rules of Evidence provides that, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. The chats under the usernames

1

"PTasseater" and "fuckchrist", link DeFoggi, as opposed to any other individual, to "Website A." The chats are direct evidence in that they provide a direct link to DeFoggi. Moreover, the chats provide direct evidence of DeFoggi's intent and knowledge regarding the contents of "Website A." His chats seek out others with similar interest. In one particular chat he seeks to meet up with another board member in the Washington, D.C. area in order to seek out, torture, and sexually abuse a very young girl, or to get together to masturbate to images of same. His suggesting that his chats are mere fantasy is of no moment. It is for a jury to decide the weight to be given the chats.

Rule 404(b) of the Federal Rules of Evidence does not apply where the challenged evidence is inextricably intertwined with evidence of the crime charged in the indictment. United States v. Barnes, 49 F.3d 1144, 1169 (6th Cir. 1995). "To qualify as inextricably intertwined evidence that is outside Rule 404(b), 'the question is whether the evidence is properly admitted to provide the jury with a 'complete story' of the crime [on] trial; whether its absence would create a 'chronological or conceptual void' in the story of the crime, or whether it is 'so blended or connected' that it incidentally involves, explains the circumstances surrounding, or tends to prove any element (emphasis added) of the charged crime.'" United States v. Chavis, 429 F.3d 662, 670 (7th Cir. 2005). A jury "cannot be expected to make its decision in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995).

In United States v. Worthey, 716 F.3d 1107 (8th Cir. 2013), the Eighth Circuit Court of Appeals upheld Worthey's conviction for receiving and possessing child pornography. The Court considered a Rule 403 challenge to the child pornography admitted before the jury. First, the Court rejected Worthey's argument that the district court erred by permitting the government to play video clips containing child pornography despite his willingness to stipulate that the clips

2

contained child pornography.   The Court noted that Worthey's argument, made pursuant to Old Chief v. United States, 519 U.S. 172 (1997), had previously been rejected by the Eighth Circuit. In United States v. McCourt, 468 F.3d 1088, 1091-92 (8th Cir. 2006), the Court held that Old Chief did not prohibit publication of child pornography video clips to the jury over a defendant's offer to stipulate to content.   The government is entitle to prove its case by evidence of its own choice and is not required to accept an offer to stipulate.   Worthey, 716 F.3d at 1114; See, United States v. Sewell, 457 F.3d 841, 844 (8th Cir. 2006).

    The Court in Worthey further rejected the claim that the Court erred by failing to exclude the videos under Rule 403.   Prior to trial, Worthey argued that the videos should be excluded because they would "bias and prejudice and inflame the jury against [Worthey]."   Worthey, 716 F.3d at 1114.   In reaching its decision the Court noted:

> Moreover, we do not agree with Worthey that the video clips unfairly prejudiced him. Our court considered and rejected a similar argument in McCourt:
>
> The only argument that McCourt offers in support of his unfair prejudice claim is that videos of child pornography, more so than still images, arouse emotions that a jury is unable to set aside in reaching its verdict. While the videos were no doubt unfavorable to McCourt, "the fact remains that [Rule 403] does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is *unfairly* prejudicial."   (emphasis added).

Worthey, at 716 F.3d at 1114-15; United States v. McCourt, 468 F.3d at 1092-93.

    Recently in United States v. Manning, 738 F.3d 937 (8th Cir. 2014), the Eighth Circuit Court of Appeals affirmed Manning's conviction for receipt and possession of child pornography. Manning used chat logs to discuss with other Internet users what type of child pornography he was looking for, how much he enjoyed child pornography, and gave details about his participation in the sexual abuse of his 6 and 10 year old sons.   The trial court admitted the chats over defendant's hearsay objections.   After dismissing the hearsay objections, the Eighth Circuit observed:

> The chats were admissible for an additional reason: as circumstantial evidence (i.e., a non-hearsay purpose) associating Manning with the child pornography found on his

3

> computer. In United States v. Koch, 625 F.3d 470 (8th Cir. 2010), our court affirmed a district court's decision to admit evidence of documents found on a computer and flash drive that contained information identifying the defendant. Id. at 479–80. This court held that it was within a trial court's discretion to admit the documents as circumstantial evidence associating the defendant with the computer and flash drive (both of which contained illegal images). Id. at 480. As in Koch, here the chat transcripts found on the computer can alternatively be construed as circumstantial evidence connecting Manning to the child pornography on the computer and on the Memorex disc discovered near the computer. In other words, no matter how the chat conversations are characterized, the district court was within its discretion to admit them.

Id. at 933.

Rule 404(b) of the Federal Rules of Evidence allows for the admission of evidence involving crimes, wrongs or other acts. The Eighth Circuit has repeatedly stated "this Court characterizes Rule 404(b) as a rule of inclusion rather than exclusion, and . . . will reverse a district court's admission of prior act evidence only when such evidence clearly has no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Allen, 630 F.3d 762, 764 (8th Cir. 2011). "Other acts evidence is admissible under Rule 404(b) if it is 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantial outweighed by its prejudicial value." United States v. Reynolds, 720 F.3d 665, 672 (8th Cir. 2013). (The Court upheld the testimony of a prior online enticement victim regarding the circumstances of her and the defendant's relationship. The testimony was deemed relevant and similar to how the defendant used the Internet to meet underage females. "The district court was within its discretion to determine the probative value of this evidence was not outweighed by its prejudicial effect under Rule 403. Therefore we find no abuse of discretion in the district court's decision to admit Veach's testimony.")

In United States v. Brumfield, 686 F.3d 960 (8th Cir. 2012) the Eighth Circuit upheld the

4

defendant's conviction for possessing child pornography. At trial, Brumfield denied downloading all but two pornographic images. He claimed that he did not believe the images that he downloaded depicted children under the age of 18. On appeal, he claimed that the trial court committed error by allowing the testimony of a minor that defendant had propositioned in the hopes of videotaping the encounter. In rejecting Brumfield's argument, the Court noted:

> The testimony that Brumfield propositioned a minor to have sex with him and to help him produce child pornography was relevant to the material issues of Brumfield's knowledge and intent to possess child pornography. Brumfield placed his state of mind at issue by denying that he possessed many of the images and by denying knowledge that two images depicted minors. Evidence that Brumfield sought to produce child pornography was thus relevant to show that he intended to possess child pornography and knew that the images depicted minors.

Id. at 963. Similarly, in United States v. Cooke, 675 F.3d 1153 (8th Cir. 2012), the Court upheld the defendant's convictions for attempted sex trafficking of a minor and coercing and enticing a minor to commit a sexual act. Cooke appealed his conviction, in part, on improperly admitted Rule 404(b) evidence. The 404(b) evidence related to email chats involving a 16 year old girl unrelated to his conviction. The chats were sexually explicit emails from Cooke to a 16 year old girl. In one of the emails, the 16 year old asked Cooke "I am 16 in that okay?" The defendant replied "that's cool that ur young, but I don't want u to narc." Id. at 1156. The Eighth Circuit upheld the admission of this email finding "it was relevant to the issue at trial (i.e. the defendant's intent, or lack of mistake in arranging sex with a minor", similar in kind to the type of charge, not to remote in time (about 14 months), and its probative value was not outweighed by any prejudice to Cook's substantial rights." Id.

"[U]nfair prejudice does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed [unfairly] prejudicial . . . [t]he fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403." United States v. Christie, 624 F.3d 558, 569-70 (3rd Cir. 2010). Christie was charged with advertising

5

child pornography. He was the administrator of a password protected website, "North American Man-Girl Love Association" where, like the present case, users could post links to sexually explicit images and videos of children and comment on those materials. Christie, 624 F.3d at 562. Christie challenged his conviction on the ground that the district court erred by admitting evidence of two posts the defendant posted on the website, and admitting into evidence five composition notebooks he had prepared. The Third Circuit Court of Appeals found the posts to be relevant to the child pornography offenses. The posts were submitted under his screen name and demonstrated that he visited the website with the intent of exchanging child pornography. The Court found that the postings were prejudicial, but the district court was within its discretion to include these postings as the prejudice was not substantially outweighed by the probative value of the evidence. Id. at 570. The Court found that the notebooks were relevant as they directly linked the defendant to his screen name, showed that he was a facilitator of child pornography and not solely a possessor. Likewise, the notebook's probative value outweighed any danger of unfair prejudice. Id. at 572.

In United States v. Hite, 916 F. Supp. 2d 110 (D.D.C. 2013), Hite was charged with two counts of attempted coercion and enticement of a minor. He moved to suppress chat evidence under Rules 404(b) and 403. Specifically, he moved to suppress four Yahoo instant message chats with four separate individuals. He argued that since none of the chats were with minors, they could not be probative of his intent to entice or coerce the minors in his case. The district court held that the chats evidenced the defendant "engaged in explicit discussions of sexual contact with minors, regardless of whether or not he followed through with plans to meet in person, is probative of his intent to entice or coerce the minors to engage in elicit sexual activity." Id. at 117. In one of the chats, like DeFoggi, Hite attempted to meet with another individual in the D.C. area, Hite provided his location as Richmond, Virginia, and expressed an intent to meet up with the

6

party he was chatting with.   The district court found that the probative value of this chat was not outweighed by its prejudice.   Id. at 122.

There is no doubt that child pornography and child exploitation are disgusting crimes and disgusting images.   As the Seventh Circuit noted in United States v. Chambers, 642 F.3d 588 (7th Cir. 2011), the defendant's images and chats were "sure to disgust the jury toward [the defendant]," however, the Court observed "sexual abuse of a child or the attempt thereof is a disgusting crime and any evidence of it is no doubt unfavorable to the defendant, but here it was not unfairly prejudicial."   At bar, DeFoggi's chats are disgusting.   So are the crimes he is charged with.   DeFoggi created his own prejudice by posting his own thoughts and comments to "Website A."   Damning comments that evidenced his identity, knowledge and intent.

In United States v. Burt, 495 F.3d 733 (C.A. 7 2007), the Seventh Circuit noted a difference between evidence that brings unfair prejudice and evidence that is damning.   In analyzing the chat log offered against Burt to discern whether he had created and traded naked pictures of children for legitimate reasons or for sexual gratification, the Court noted that a different result would occur if the chat log was being offered in a prosecution in an unrelated crime.   However, Burt was being prosecuted for a crime involving the sexual exploitation of children.   Thus, he was being prosecuted for exactly what his chat log depicted, creating, trading, and distributing photos of children for the sexual satisfaction of himself and his online partners.   The Court observed that the chats may have been damning, but did not see how it created an unfair prejudice.   Id. at 740-741.

**The Evidence Relating to DeFoggi**

As noted above, DeFoggi is charged with his involvement in a Child Exploitation Enterprise, Conspiracy to Advertise Child Pornography, Conspiracy to Distribute Child Pornography and four counts of Accessing with Intent to View Child Pornography.   The Child Exploitation Enterprise and Conspiracy counts require the government to prove beyond a

reasonable doubt that DeFoggi knowingly entered into a conspiracy and intended for it to succeed. The Conspiracy in this case centered around "Website A" and its member's use of that site to knowingly and intentionally conspire to advertise and distribute child pornography. Because users of "Website A" operated under the guise of aliases or screen names, it is also necessary for the government to prove that DeFoggi was, in fact, the user of the alias "PTasseater/fuckchrist" on the website. Further, the Access with Intent to View Child Pornography charge requires the government to prove that DeFoggi knowingly accessed the computer disc or other material with intent to view child pornography.

When a search warrant was executed on DeFoggi's residence on April 9, 2012, DeFoggi was observed at a running laptop computer. Agents had to physically remove him from the computer. At that particular time, a file was being downloaded from a TOR network child pornography website. Agents allowed the file to complete its download and then observed it. The file was a video depicting child pornography. Within the "page file.sys," a paging file which serves as virtual memory in a Windows 7 computer operating system, was found evidence of child exploitation images, the use of the TOR network child pornography websites, use of the website for TOR Mail, further use of the online alias "fuckchrist," the content of chat messages involving the violent rape and abuse of children similar to the private messages user "PTasseater/fuckchrist" sent and received on "Website A" and evidence of the use of a Yahoo! profile under the name PTasseater 6969.

Proving DeFoggi was PTasseater/fuckchrist is highly complicated by certain factors of this case. First, "Website A" operated on the TOR network, which means that traditional means of identifying an Internet criminal - IP addresses tied to the user's activity on the site and then to the user's Internet service account – are unavailable. Because of the technology that DeFoggi and his co-conspirators employed, the government must rely largely upon other evidence that DeFoggi

8

was "PTasseater/fuckchrist." These steps will include the use of these names on "Website A" and other child exploitation websites such as imgsrc.ru. Second, DeFoggi took steps to delete evidence of his own computer activity. A forensic examination of DeFoggi's laptop seized from his home on April 9, 2012, a laptop which DeFoggi admitted to be his, found evidence elimination software programs present. The programs Eraser and CCleaner are software programs used to delete computer files that would otherwise provide evidence on how that computer had been used. Both of those programs had been recently run on DeFoggi's laptop computer. Unsurprisingly, the forensic examination of the computer found little evidence of how the computer was used in the active or "allocated" space of the computer. Such evidence would normally be crucial to identifying the user of that computer at particular times pertinent to the charges in a case.

The content of private messages sent and received by "PTasseater or fuckchrist" on "Website A" provide highly probative evidence 1) identifying DeFoggi as the user and 2) demonstrating his knowing and intentional participation in the charged conspiracy. From his detention hearing, this Court is well aware that some of the private messages sent by DeFoggi described how he lived in the Washington, D.C. metropolitan area. Private messages or texts evidence his attempt to meet, in person, another "Website A" member who also lived in the metro D.C. area. Most importantly, the content of his private messages discussed the violent sexual abuse and torture of very young children. These messages, to which DeFoggi objects, parallel the content of highly similar messages found on his laptop computer. Within that laptop computer's "page file.sys", a paging file which serves as virtual memory in a Windows 7 computer operating system, was found evidence of the use of the username "fuckchrist" associated with messages involving the violent sexual abuse of children, messages nearly identical to those that the user "fuckchrist" sent to other users of "Website A." For example, the forensic examination found the following messages on the laptop:

9

> I REAALY wanna kill this few months baby and rape twice her dead body HARD and LONG!!!!!!!!

> appreciate that fuckchrist, I just wish more of us pedosadists would feel free to let our feelings be known without all these fuckwad moralistic pedos having to chime in their bullshit.

The topic and content of those messages also parallels another identifying detail.  As discussed in the affidavit in support of the warrant to search DeFoggi's home, DeFoggi's home IP address was tied to a user account on an image hosting website (which did not operate on the TOR network) with the user name PTasseater.  That user also posted messages onto that site whose content advocated and discussed the violent rape and abuse of children.

The purpose of admitting this evidence is not to encourage or insight the jury to decide the case based on emotion or any other factors.  It is to prove that DeFoggi was, in fact, PTasseater/fuckchrist on "Website A" as charged in the Indictment.  Either censoring the defendant's comments or limiting the number of such comments that may be admitted threatens to distort the government's proof and mislead/confuse the jury.  The frequency with which PTasseater/fuckchrist made such comments is such an important factor in considering the weight of the similar comments found on the defendant's laptop computer.  If the jury was left with the impression that "PTasseater/fuckchrist" only sent such a message once, or on a few occasions, the identifying power of similar messages found on the defendant's laptop is greatly reduced.

The content of DeFoggi's private messages are highly probative proof of his knowing and intentional participation in the conspiracy.  DeFoggi, through his screen names, interacted with fellow members in several ways.  He registered an account, created a user profile, responded to numerous user polls regarding topics involving the exploitation of children, joined public and private groups within the site, accessed child pornography, and sent/received hundreds of private messages between his fellow users.  The content of his interaction with fellow members is a

10

crucial piece of proof regarding his knowing and intentional participation in a conspiracy whose aim is the sexual exploitation of children.   This is not a drug conspiracy or a violent crime where the private messages discussed violent child sexual abuse.   If it were, DeFoggi's Motion in Limine would have credence as the texts and content would not relate to the conspiracy's object.  However, in the present case, the content of DeFoggi's messages strikes at the core purpose of the conspiracy itself, which is the sexual exploitation of children through the advertising and distributing of child pornography.   The content of DeFoggi's messages demonstrate his knowledge of that illegal purpose and his knowing and intentional involvement within the conspiracy.   DeFoggi's messages further demonstrate his knowledge that "Website A" was a forum for child pornography and his visits to that forum reflected his intent to view child pornography.   His messages further evidenced his interest and thus his intent to promote and view child pornography, especially his interest in hard core torture and sexual abuse of infants and toddlers.

## CONCLUSION

For the reasons stated above, DeFoggi's Motion in Limine should be denied.

> Respectfully submitted,
> UNITED STATES OF AMERICA,
> Plaintiff
>
> DEBORAH R. GILG
> United States Attorney
>
> By:    s/ Michael P. Norris
> MICHAEL P. NORRIS (#17765)
> Assistant United States Attorney
> 1620 Dodge Street, Suite 1400
> Omaha, Nebraska 68102-1506
> (402) 661-3700

11

        s/Keith Becker
        KEITH BECKER
        DOJ Trial Attorney
        1400 New York Ave NW 6th Floor
        Washington, DC   20530
        (202) 305-4104

        s/Sarah Chang
        SARAH CHANG
        DOJ Trial Attorney
        1400 New York Ave NW 6th Floor
        Washington, DC   20530
        (202) 353-4979

## CERTIFICATE OF SERVICE

     I hereby certify that on March 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: John S. Berry, Attorney at Law.

        s/Michael P. Norris
        Assistant United States Attorney