IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR105 |
| vs. | |
| TIMOTHY DEFOGGI, | ORDER |
| Defendant. | |

This matter is before the court on the defendant Timothy DeFoggi's (DeFoggi) Motion to Sever (Filing No. 102). DeFoggi filed a brief (Filing No. 103) in support of the motion. The government filed a brief (Filing No. 125) in opposition to the motion. The court held a hearing on the matter on March 25, 2014. **See** Filing No. 128 - Minutes; Filing No. 133 - Transcript (TR.).

BACKGROUND

DeFoggi is charged in the Indictment with knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count I); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e) (Count II); conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count III); and knowingly accessing a means or facility of interstate commerce to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts IV-VII). The Indictment alleges an internet website, designated "Website A" for the purposes of the Indictment, was established for the primary purpose of the advertisement and distribution of child pornography and a bulletin board for the discussion of matters pertinent to the sexual abuse of children, including the facilitation of anonymous communications and prevention of detection by law enforcement. "Website A" is alleged to have operated from March of 2012 until December of 2012. Law enforcement seized the computer server hosting "Website A" from a web-hosting facility in Bellevue, Nebraska, on November 18, 2012. It is alleged while "Website A" remained operational from November 19, 2012, through December 9, 2012, law enforcement officers armed with court authorized orders, monitored the electronic communications of

users of "Website A," resulting in the charges set forth in the Indictment.  DeFoggi is alleged to have accessed "Website A" during the monitoring period and viewed and received child pornography on the dates alleged in Counts IV through VII of the Indictment.

On November 6, 2013, DeFoggi filed a motion to sever (Filing No. 66), which the government opposed (Filing No. 74).  On December 2, 2013, the court denied DeFoggi's motion.  **See** Filing No. 75.  DeFoggi did not timely object to the court's order.  On January 27, 2014, the court allowed DeFoggi's original legal counsel leave to withdraw and appointed new representation.  **See** Filing Nos. 87, 89, and 90.  Subsequently, the court granted DeFoggi thirty additional days to file pretrial motions.  **See** Filing No. 91.  On March 6, 2014, DeFoggi timely filed several pretrial motions, including the instant motion to sever.  **See** Filing No. 102.  In filing the successive motion, counsel sought to preserve the issue because DeFoggi's original counsel did not object to the December 2, 2013, order denying severance.  **See** TR. 3-4.

## ANALYSIS

DeFoggi argues the government has not produced evidence indicating there was interaction between DeFoggi and the co-defendant so as to merit joinder under Fed. R. Crim. P. 8, so joinder is prejudicial.  **See** Filing No. 103 - Brief p. 2.  Additionally, DeFoggi argues he will suffer unfair prejudice by being associated with someone who allegedly has an interest in child pornography and has received child pornography, but who has no personal relationship with DeFoggi.  **See** *id.* at 2-3; TR. 4.

Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the ***same series of acts or transactions, constituting an offense*** or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b) (emphasis added).  "[I]t is not necessary that every defendant have participated in or be charged with each offense."  ***United States v. Jones***, 880 F.2d 55, 62-63 (8th Cir. 1989); **see also** ***United States v. Morris***, 723 F.3d 934, 941

(8th Cir. 2013). The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined primarily on the face of the indictment. See *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Furthermore, Rule 8(b) is to be liberally construed in favor of joinder. See *United States v. Thompson*, 690 F.3d 977, 989 (8th Cir. 2012); *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005); *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *United States v. O'Connell*, 841 F.2d 1408, 1432 (8th Cir. 1988).

> Rule 14 of the Federal Rules of Criminal Procedure provides in part:
>> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Fed. R. Civ. P. 14.

Under Rule 8(b), mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder. See *King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966). Nevertheless, "there is no requirement that each defendant have participated in the same act or acts." *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (internal quotations and citation omitted). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012); *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989). "[S]ome substantial identity of facts or participants between the offenses" provides support for proper joinder. *McRae*, 702 F.3d at 820 cited by *United States v. Grey Bear*, 863 F.2d 572, 584-85 & n.9 (8th Cir. 1988) (noting "when the indictment invites joint proof, the prima facie validity of joinder is shown"). "[I]n conspiracy cases . . . the refrain is that defendants charged with a common conspiracy should be tried together." *United States v. Lopez*, 649 F.3d 1222, 1235 (11th Cir. 2011); see *United States v. Jarrett*, 684 F.3d 800, 804 (8th Cir. 2012) ("Ordinarily, indicted coconspirators should be tried together, especially where the proof of conspiracy overlaps.").

Generally, "[w]ith respect to coconspirators, joinder may be proper where there is 'an overall scheme in which each conspiracy member participated.'" *Thompson*, 690

F.3d at 988 (**quoting** *United States v. Liveoak*, 377 F.3d 859, 865 (8th Cir. 2004)). The offense in a charge of conspiracy is "the agreement or confederation of the conspirators to commit one or more unlawful acts." *Braverman v. United States*, 317 U.S. 49, 53 (1942). Therefore, "[a] single agreement to commit several crimes constitutes one conspiracy," but "multiple agreements to commit separate crimes constitute multiple conspiracies." *United States v. Broce*, 488 U.S. 563, 570-71 (1989). "[P]roof of an 'explicit, formal agreement' is not required to prove the existence of a conspiracy; instead, a conviction can rest on a tacit understanding." *Mann*, 701 F.3d at 296. "A single conspiracy is composed of individuals sharing common purposes or objectives, operating under one overall agreement to commit an illegal act[.]" *United States v. Chantharath*, 705 F.3d 295, 301 (8th Cir. 2013) (internal quotation marks and citations omitted). In determining whether a single conspiracy exists a court examines the specific circumstances in the case.

> Relevant factors include the nature of the activities involved, the location where the alleged events of the conspiracy took place, the identity of the conspirators involved, and the time frame in which the acts occurred. A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions.

*United States v. Johnson*, 719 F.3d 660, 669 (8th Cir. 2013).

Despite their individual conduct, "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *Thompson*, 690 F.3d at 988 (internal citations and quotation marks omitted). Nevertheless, whether the identity of some or all other members of the conspiracy remains unknown is immaterial. **See** *Mann*, 701 F.3d at 296.

The indictment points to the existence of a single conspiracy to which both codefendants belonged. The indictment alleges both defendants were registered members of "Website A", which existed as a child pornography social networking website. As alleged, the primary purposes of the website was the advertisement and distribution of child pornography, the discussion of matters pertinent to sexual abuse of children, and concealment of these activities from law enforcement. The website listed rules, which were accessible from the site's main page, describing the site as a tool for

4

communication among pedophiles to discuss their interests and share content. The website contained a section compiling images and videos posted by members. Another section allowed members to create groups sharing posted images and messages.

The indictment alleges both defendants were registered members of "Website A" and as such were aware of the general aim of the agreement. The indictment alleges the defendants both engaged in conduct during the period March 2, 2012, to December 8, 2012, participating in acts to further the ends of that agreement. In conjunction with conspiring to advertise and distribute child pornography, the indictment alleges the defendants both accessed images of child pornography on November 21, 2012, November 26, 2012, December 4, 2012, and December 8, 2012. These allegations supply the necessary "common activity" involving the defendants, while implicating unindicted coconspirators, and the close logical relationship between these charges and the common purpose. The acts involved in the scheme have more than a temporal and spatial relationship, the defendants' membership of, continued participation in, and assistance with "Website A" provide the key links between the two defendants, showing one overarching scheme stemmed from the seemingly isolated acts of the various members. The key links radiate from common factual elements and result in evidence of a common aim–the maintenance of "Website A" to function as a continuing unit for illegal means. That they did not each participate in every transaction necessary to fulfill the aim of their agreement does not transform the sequence of events into multiple separate conspiracies. The existence of multiple conspiracies with some common actors is not borne out by the record.

In the alternative, if there were two conspiracies, the timelines, circumstances, and participants suggest that the two conspiracies were so closely related as to constitute the same series of acts or transactions, and joinder of these two defendants would accordingly be appropriate pursuant to Rule 8(b) as existing under the same common scheme. **See, e.g.**, *United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008) (holding no error joining defendants although there was no connection between two of the defendants who were involved in different conspiracies where there was at least a tenuous connection between the conspiracies); *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989) (upholding joinder of defendants on grounds the seemingly

5

separate conspiracies shared a common purpose and there was "an overlap of participants and acts").

In this case, there are only two defendants who are both charged in each of the seven counts in the indictment.  **See** Filing No. 1.  The defendants are charged together with conspiracy to advertise and distribute child pornography in Count II and Count III.  Further, it is alleged DeFoggi and the co-defendant knowingly engaged in a child exploitation enterprise, which is exemplified by "Website A."  DeFoggi and the co-defendant participated in the same series of acts or transactions in accessing "Website A" and certain pages of "Website A" during the time period in question.  Moreover, the government intends to offer evidence DeFoggi sought to meet up with another individual who posted to the board.  In these circumstances, there was common activity and participation involving DeFoggi and the codefendant embracing the charged offenses even though the defendants did not participate in the same accession of "Website A" or have a personal relationship with each other.

Even assuming, *arguendo*, there would be an imbalance or disparity of evidence from one defendant to another in that one defendant may have more accessions or images downloaded than the other, severance is not necessitated.  There is no requirement for severance when the quantum of evidence against each codefendant may be unequal, dissimilar, or less damaging.  This is true even if the likelihood of acquittal is decreased.  **See *United States v. Hively***, 437 F.3d 752, 765 (8th Cir. 2006).  Less drastic measures than severance, such as limiting instructions, are available to cure any undue prejudice.  **See *Richardson v. Marsh***, 481 U.S. 200, 211 (1987); ***United States v. Sandstrom***, 594 F.3d 634, 645 (8th Cir. 2010).  The court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to DeFoggi and the co-defendant and returning a verdict as to each defendant as to each count of the Indictment.  **See *Sandstrom***, 594 F.3d at 645 ("[J]uries are presumed to follow their instructions.") (internal citations and quotations omitted).  No evidence was proffered as to the disparity of evidence between DeFoggi and the co-defendant which would warrant a severance for prejudicial joinder under Fed. R. Crim. P. 14.  Accordingly,

**IT IS ORDERED:**

DeFoggi's Motion to Sever (Filing No. 102) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 7th day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge