IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | Case No. 8:13CR105 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF DEFENDANT'S |
| -vs- | ) | OBJECTION TO DENIAL OF MOTION |
| | ) | TO SEVER |
| TIMOTHY DEFOGGI, | ) | |
| Defendant. | ) | |

This brief is in support of Defendant's objection to the court's order denying his Motion to Sever.

## Argument

Fed. Crim. R. 14 allows for severing a defendant's trial from co-defendants if consolidation would prejudice the defendant. Severance is warranted if there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993). For the following reasons, the Defendant objects to the court's Order denying Defendant's Motion to Sever.

## 1.  The Co-Defendant's Should Not Have Been Joined

Fed. Crim. R. 8 allows cases to be tried if they are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The Order denying severance cites several factors that are to be taken into account when determining the existence of a single conspiracy or multiple conspiracies: "Relevant factors include the nature of the activities involved, the location where the alleged events of the conspiracy took place, the identity of the conspirators involved, and the time frame in which the acts occurred." *U.S. v. Johnson*, 719 F.3d 660, 669  (8th Cir. 2013).  While Rule 8 allows for trying co-conspirators together, it does not authorize joining defendants who simply committed similar crimes.  For example, Rule 8 "does not allow all tax evaders whose last names begin with "V" to be tried together, or all tax evaders who have the same zip code, or use the same accountant." *U.S. v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985).

In this case, the factors weigh in favor of severance.  There is no evidence of any interaction between the two defendants nor does it appear that the government appear to be alleging any such interaction. The only connection between the defendants is that they both may have visited certain websites allegedly containing child pornography.  The government has not put forth evidence that the defendants in this case engaged in a joint enterprise or assisted each other in any of the offenses alleged, and no evidence has been produced in discovery to indicate that

these defendants acted in concert, had any communications with each other, or even knew of each other prior to this action. Given that the only connect between the defendants is use of the same website, joining them together would be similar to joining all tax evaders who used the same accountant; a practice not authorized by Rule 8.

2. **The Defendant Will Be Prejudiced If His Trial Is Not Severed**

Even if joinder is proper, the trials can still be severed if the Defendant will be overly prejudiced. *U.S. v. Washburn*, 728 F.3d 775, 783 (8th Cir. 2013). In such a case, severance is still proper if a defendant "... can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *U.S. v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011)(citing *U.S. v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003).

In this case, given the technological complexity of the investigation, the lurid nature of the images contained on the website, and the graphic nature of the private messages intercepted, it is likely that the jurors would be so confused and/or react so emotionally that they would have trouble separating evidence offered against the defendants. In its Order, however, the court held that it "does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to DeFoggi and the co-defendant." (Order, 6). A strong emotional reaction by the jurors would most likely become stuck in their minds and

not be mitigated by a limiting instruction.  As such, trying the co-defendants together would unfairly prejudice the Defendant.  Pursuant to Fed. Crim. R. 14, the Defendant's trial should be severed from any and all co-defendants in order to ensure that the Defendant receives a fair trial.

For the foregoing reasons, the Defendant objects to the court's Order denying his motion to sever his case from his co-defendant's.

Respectfully submitted,
Timothy Defoggi, Defendant

/s/ John S. Berry
John S. Berry, #22627
BERRY LAW FIRM
2650 North 48th Street
Lincoln, NE 68508
john@jsberrylaw.com
(402) 466-8444

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 21st day of May, 2014.

/s/ John S. Berry
John S. Berry, #22627
