## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:13CR105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF DEFENDANT'S |
| -vs- | ) | OBJECTION TO FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant. | ) | |

This brief is in support of Defendant's objection to the court's recommendation that his Motion to Suppress Evidence Obtained Through Search Of Defendant's House and Motion in Limine seeking to limit reference to the Defendant's alleged fantasy chats be denied.

## Argument

### 1. The Court Erred in Finding That The Defendant's Motion To Suppress Should Be Denied

The court erred in finding that the Defendant's Motion to Suppress Evidence Obtained Through Search Of Defendant's House (Dckt # 105) should be denied. Because the Affidavit does not provide a sufficient connection between the Defendant and activities conducted on "Website A" by user "Ptasseater"/"fuckchrist",

the Affidavit does not support a finding of probable cause. In determining whether a search warrant is supported by probable cause, a reviewing court will look at "the totality of the circumstances". *U.S. v. Hyer*, 498 Fed. Appx. 658, 660 (8th Cir. 2013) (citing *U.S. v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001)(internal citations omitted). Probable cause is sufficient if there is a "fair probability" that evidence of a crime will be found at the place searched. *Id* (internal citations omitted). A determination as to whether or not a warrant is supported by probable cause is based upon a "common sense" review of the warrant. *Id* (citing *U.S. v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1992).

The search warrant in this case lacks sufficient probable cause because the affidavit fails to connect the Defendant to the username "Ptasseater"/"fuckchrist" on Website A. While circumstantial evidence may arguably link the Defendant to the name "ptasseater" on other websites and applications, the Affidavit presents no direct evidence that connects the Defendant to Website A. While circumstantial evidence may be used to support a finding of probable cause, the warrant still needs to assert sufficient evidence so as to provide a "substantial basis for a finding of probable cause". *See, U.S. v. Wells*, 223 F.3d 835, (8th Cir. 2000). For the following reasons, this evidence also fails to establish probable cause.

### A. There Is No Direct Connection Between The Defendant and Website A

The affidavit does not assert one direct connection between the Defendant and Website A. Despite, during the investigation of Website A, the use of a "Network Investigative Technique" (NIT) designed to identify the IP addresses of individual users of Website A, the Affidavit does not include any IP address tying the Defendant to Website A. Nor is there any other piece of evidence tying the Defendant to Website A. As such, it was not probable that a search of the Defendant's house would result in evidence of possession of child pornography and participation in a child exploitation enterprise.

### B. The Terms "asseater" and "fuckchrist" Are Not Unique

The probable cause Affidavit does not indicate that "PCasseater"/"fuckchrist" are not unique or explain whether these names are commonly used. The court's Findings and Recommendation does not mention this portion of Defendant's Motion to Suppress and thus errs.

### C. The Myspace Subscriber Number 399710447 Is Not The Defendant

Similarly, the court's Findings and Recommendations does not comment on the fact that the Myspace account linked to the e-mail address ptasseater@gmail.com, produces a Myspace page for one "Alex Martines", a young adult male with tan skin and dark hair. Clearly not the Defendant, this mis-identification calls into question the reliability of the virtual webbing used in the

Affidavit to connect the Defendant to username "Ptasseater" on Website A as well as raises additional questions regarding how many people may be using the name. The fact that there is evidence that someone else is using the email address ptasseater@gmail.com makes it less probable that evidence of child pornography or a child exploitation enterprise would be found at the Defendant's home.

**2. The Court Erred in Recommending that the Defendant's Motion In Limine Be Denied**

In its Recommendation, the court stated that "The prejudicial nature of the chat's content does not outweigh the probative value. Essentially, the nature of the chats enhances their probative value particularly with respect to the identity and intent of the participant." (Dckt # 148, pg 9).

In the "About Me" section of username"fuckchrist's" profile on Website A, it says "Have many perversions. B Contact me for fantasy chat." That's what these chats are: fantasy. They represent nothing more than conversations that are pleasing to the Defendant. Fantasies are not indicative of participation in a child exploitation enterprise, nor are they evidence of any plan or conspiracy to produce, publish, sell, exchange, or collect any images or videos depicting child pornography. Moreover, the participants do not use their real names nor do the chats indicate any intent beyond the desire to share fantasies. As such, the court erred in finding that the probative value of the fantasy chats outweighs any prejudice. (*See* Dckt 148, pg. 9).

## Conclusion

For the foregoing reasons, the Defendant objects to the court's Findings and Recommendation recommending that his Motion to Suppress Evidence Obtained Through A Search of Defendant's House and his Motion in Limine seeking to limit reference to his alleged fantasy chats be denied.

Respectfully submitted,
Timothy Defoggi, Defendant

/s/ John S. Berry
John S. Berry, #22627
BERRY LAW FIRM
2650 North 48th Street
Lincoln, NE 68508
john@jsberrylaw.com
(402) 466-8444

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Michael Norris, Assistant U.S. Attorney and Keith A. Becker, U.S. Department of Justice, by electronically serving a copy of the same to both via CM/ECF, on this the 23rd day of June, 2014.

/s/ John S. Berry
John S. Berry, #22627
