# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR105 |
| vs. | |
| TIMOTHY DE FOGGI, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on Timothy DeFoggi's (DeFoggi) Motion to Dismiss (Filing No. 138). DeFoggi argues the government has caused unreasonable delay denying him a speedy trial in violation of the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161. *Id.* Specifically, DeFoggi contends the government caused unnecessary and unreasonable delay (1) taking over six months to produce a computer forensics report and (2) recently initiating an inquiry with a foreign government to secure the testimony of a foreign witness for trial. *Id.*

The court held an evidentiary hearing on DeFoggi's motion on June 5, 2014. DeFoggi was present for the hearing along with his counsel, John S. Berry, Jr. The United States was represented by Assistant U.S. Attorney Michael P. Norris and U.S. Department of Justice attorney Keith A. Becker. The defendant, himself, made an unsworn statement during the hearing. The court took judicial notice of the docket sheet in this matter and received the following exhibits: September 6, 2013, Letter (Ex. 101); October 28, 2013, Forensic Report (Ex. 102); Motion for Bill of Particulars (Ex. 103); Motion to Extend Time (Ex. 104); and Motion to Set Trial (Ex. 105). **See** Filing No. 143 - Restricted. A transcript of the hearing (TR.) was prepared and filed on June 9, 2014. **See** Filing No. 149.

## BACKGROUND

DeFoggi, along with co-defendant Zackary Austin (Austin), is charged in the March 20, 2013, Indictment with knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count I); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e) (Count II); conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count III); and knowingly accessing a

means or facility of interstate commerce to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts IV-VII).  **See** Filing No. 1.  Additionally, the Indictment alleges forfeiture of any property used to commit or promote the commission of the crimes charged is warranted.  *Id.*

The Indictment alleges an internet website, designated "Website A" for the purposes of the Indictment, was established for the primary purpose of advertising and distributing child pornography and providing a bulletin board for the discussion of matters pertinent to the sexual abuse of children, including the facilitation of anonymous communications and the prevention of detection by law enforcement.  Website A is alleged to have operated from March of 2012 until December of 2012.  Law enforcement seized the computer server hosting Website A from a web-hosting facility in Bellevue, Nebraska, on November 18, 2012.  It is alleged while Website A remained operational from November 19, 2012, through December 9, 2012, law enforcement officers armed with court authorized orders, monitored the electronic communications of Website A users, resulting in the charges set forth in the Indictment.  DeFoggi is alleged to have accessed Website A during the monitoring period and viewed and received child pornography on the dates alleged in Counts IV through VII of the Indictment.

In his motion to dismiss, DeFoggi argues the government has caused unreasonable delay denying him a speedy trial in violation of the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161.  DeFoggi acknowledges exceptions or exclusions to the seventy-day limit may have applied for good cause, however he argues the government caused unreasonable delay in preparing a forensics report and securing a trial date for an out-of-country witness (TR. 3, 9).  DeFoggi contends the forensics report should reasonably have taken only seven to ten days, rather than seven months (TR. 9-10, 12-13).

In response, the government argues no violations of DeFoggi's right to a speedy trial have occurred because only thirty-three days have run (TR. 6).  Additionally, the government contends it has not caused any purposeful or unnecessary delay or prejudice to DeFoggi, who has had access to the relevant discovery, including the digital devices at issue (TR. 7).  Finally, the government asserts no unnecessary delay exists in relation to obtaining the out-of-country witness because the witness is necessary, the delay is caused by diplomatic decision makers, and the defendant's pretrial motions are yet unresolved (TR. 8).

## ANALYSIS

A.   **Speedy Trial Act**

Under the Speedy Trial Act, a defendant must be brought to trial within seventy days of his indictment or first appearance "before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1); see *United States v. Mallett*, Nos. 13-2059, 13-2060, 2014 WL 1924463, at *2 (8th Cir. May 15, 2014). "This seventy-day countdown automatically excludes '[a]ny period of delay resulting from other proceedings concerning the defendant,' including any 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Mallett*, 2014 WL 1924463, at *2 (**quoting** 18 U.S.C. § 3161(h)(1)) (alternation in original).

DeFoggi appeared before the undersigned magistrate judge on May 6, 2013, for his initial appearance and arraignment in relation to the March 20, 2013, Indictment. **See** Filing No. 13. During the initial appearance, DeFoggi's counsel sought time until July 26, 2013, to file pre-trial motions. **See** Filing No. 19. During a hearing held on May 29, 2013, to discuss the status of discovery, including the forensic analysis of the computers and electronic storage devices seized from DeFoggi and several other defendants on related charges, the court extended the pretrial motion deadline to September 6, 2013. **See** Filing No. 35. On July 26, 2013, DeFoggi's counsel filed a motion to extend the deadline to file pretrial motions by sixty days. **See** Filing No. 54. Upon receipt of DeFoggi's signed affidavit waiving speedy trial, the court granted the motion, extending the pretrial motion deadline to November 6, 2013. **See** Filing Nos. 57-58.

Nevertheless, on September 6, 2013, DeFoggi wrote a letter addressed to the court stating he wished this case proceed to trial expeditiously and he rescinded any previous waiver of his right to speedy trial because such waiver was unknowingly agreeing to an indefinite period of extension (Ex. 101). The September 6, 2013, letter reiterated DeFoggi's position the government engaged in unreasonable delay of the forensic analysis, which should have taken only seven to ten days (Ex. 101).

On November 5, 2013, the government produced the October 28, 2013, Forensic Report.

On November 6, 2013, DeFoggi's counsel filed a motion for bill of particulars (Filing No. 64), a motion to sever (Filing No. 66), and a motion to extend time to file pretrial

3

motions (Filing No. 68). The motions indicated DeFoggi's attorney needed additional time to process the newly tendered October 28, 2013, Forensic Report, but DeFoggi declined to waive his rights under the Speedy Trial Act because, he argued, the additional delay was caused by the government's late production. **See** Filing Nos. 64 and 68. The court denied DeFoggi's motions on December 2, 2013, and December 11, 2013. **See** Filing Nos. 75 and 76.

On December 20, 2013, the court set the matter for trial to begin February 3, 2014, however on January 14, 2014, DeFoggi's counsel filed a motion to withdraw and the defendants filed motions to move the trial date. **See** Filing Nos. 77-80. On January 28, 2014, substitute counsel entered an appearance on DeFoggi's behalf and the court granted DeFoggi's previous counsel leave to withdraw. **See** Filing Nos. 87 and 90. On February 6, 2014, the defendants' motions to continue and set trial were granted and trial was rescheduled for April. **See** Filing No. 92. On February 20, 2014, the court granted the government's unopposed motion to designate this case as complex. **See** Filing Nos. 93 and 94.

On March 6, 2014, DeFoggi filed a motion in limine (Filing No. 95), two motions to suppress (Filing Nos. 97 and 105), a renewed motion to sever (Filing No. 102), and other motions. The court held a hearing on these motions on March 25, 2014, and a transcript of the hearing was filed on March 31, 2014. **See** Filing Nos. 128 and 133. On May 6, 2014, the court granted the government's April 25, 2014, motion requesting trial be set with sixty days notice to allow the government an opportunity to secure the attendance of particular witnesses, setting trial for August 18, 2014. **See** Filing Nos. 134 and 136. On May 7, 2014, the court denied DeFoggi's motion to sever. **See** Filing No. 137. On May 21, 2014, DeFoggi filed the instant motion to dismiss and an objection to the order denying his motion to sever. **See** Filing Nos. 138 and 139. On June 9, 2014, the undersigned magistrate judge entered a Findings and Recommendation to deny DeFoggi's motions to suppress and motion in limine. **See** Filing No. 148. On June 10, 2014, Austin filed a motion to compel access to discovery. **See** Filing No. 150. DeFoggi joined the motion, which was set for hearing. **See** Filing Nos. 151 and 152. On June 20, 2014, the court overruled DeFoggi's objection and affirmed the order denying severance. **See** Filing No. 160. On June 23, 2014, DeFoggi filed an objection to the June 9, 2014, Findings and Recommendation. **See**

Filing No. 161.  On June 24, 2014, DeFoggi withdrew his motion to compel.  **See** Filing Nos. 163 and 165.

DeFoggi does not contest the government's calculation thirty-three days (from December 12, 2013, to January 13, 2014) of the seventy-day countdown have elapsed after exclusions (TR. 5-6, 9-10).  For purposes of this motion, the court will adopt the government's calculation.  DeFoggi argues his early motions for extension of time were caused by the government's unreasonable delay in providing the forensic report.[1]

Accordingly, the court must evaluate the continuances to determine whether they "would best serve the ends of justice and are therefore excludable from the speedy-trial calculation under § 3161(h)(7)(A)."  **United States v. Villarreal**, 707 F.3d 942, 953 (8th Cir. 2013).  "No continuance under [§ 3161(h)(7)(A)] shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government."  **Id.** § 3161(h)(7)(C).  Nevertheless, the court may consider whether the case's complexity would make it unreasonable to expect adequate preparation for pretrial matters or render the proceeding impossible or result in a miscarriage of justice.  **Id.** § 3161(h)(7)(B).

During DeFoggi's initial appearance, the court scheduled the pretrial motion deadline.  DeFoggi's counsel immediately voiced specific concerns about the novelty and complexity of the issues involved in the case and motions which were likely necessary based on the content of the Indictment.  **See** Filing No. 15 - May 6, 2013, Audio File.  At the same time, the government's counsel noted a forensic analysis of DeFoggi's electronic devices had not yet been completed.  **Id.**  DeFoggi's counsel agreed setting July 26, 2013, for filing pretrial motions was reasonably necessary.  **Id.**  DeFoggi acknowledged the extension would delay his trial.  **Id.**  The court determined the extension was necessary to allow the defendants and the government sufficient time to access discovery and prepare appropriate motions.  **Id.**

On May 29, 2013, the court held a conference with counsel in this case and four other related cases.  **See** Filing No. 35.  During the conference, counsel relayed the challenges posed by the complexity of the cases, the number of defendants, the underlying common discovery, and the government's ability to complete the forensic analysis of the computers and electronic storages devices for all of the defendants.  **Id.**  At that time,

---

[1] Despite DeFoggi's early waivers, "a defendant may not prospectively waive the application of the [Speedy Trial] Act."  **Zedner v. United States**, 547 U.S. 489, 503 (2006).

fourteen defendants had been identified. *Id.* To accommodate counsel and allow adequate time for the extent of discovery, including the government's and defense counsel's examination of electronic storage devices and preparation of necessary motions, the court extended the pretrial motion deadline to September 6, 2013. *Id.*

On July 26, 2013, DeFoggi's counsel filed a motion seeking an additional sixty-day extension of the deadline to file pretrial motions. **See** Filing No. 54. In support of the motion, DeFoggi signed an affidavit acknowledging the extension would delay his trial. **See** Filing No. 58. Although the motion does not specify the reason for the extension, it was noted during DeFoggi's July 11, 2013, detention hearing that a forensic analysis of DeFoggi's electronic devices had not yet been completed. **See** Filing No. 55 - Detention Hrg. Tr. p. 27. The court again considered the novelty and complexity of the case and determined additional time was necessary to allow DeFoggi's counsel adequate preparation and avoid a miscarriage of justice. **See** Filing No. 57. The August 7, 2013, Order set the pretrial motion deadline for November 6, 2013. *Id.* Despite filing motions on November 6, DeFoggi's counsel again sought more time to adequately review the November 5 production of the forensic analysis. **See** Filing No. 68. Although DeFoggi's request was denied, he was ultimately allowed additional time for pretrial motions.

The delay caused by the government obtaining a forensic analysis of DeFoggi's electronic devices should not count toward the seventy-day period. There is no evidence or suggestion the time was unreasonable or indicative of a lack of diligence on the part of the government. **See** *Villarreal*, 707 F.3d at 953 (delay due to DNA testing). The government did not delay the testing for strategic or other reasons. Although DeFoggi argues the government could have reasonably analyzed his computer within seven to ten days, this matter is more complicated than DeFoggi suggests. The analysis involves several related cases with multiple defendants named in each case. The crimes alleged are based on computer access to a website using complex means to cloak accessing users' identities. Moreover, DeFoggi agreed the time was necessary to prepare his pretrial motions at least until his notification on September 6, 2013, shortly after his counsel's request for additional time. Analysis of the electronic devices was necessary for the prosecution and defense of this case. Proceeding without the forensic analysis would have been impossible or resulted in a miscarriage of justice. The continuances caused by waiting for the forensic report best served the ends of justice.

No delay whatsoever has yet been caused by the government's April 25, 2014, motion requesting trial be set with sixty days notice to allow the government an opportunity to secure the attendance of particular witnesses. **See** Filing Nos. 134 and 136. The government did not unreasonably delay filing its motion or seeking to secure the out-of-country witness for trial by waiting until a trial date was scheduled. Due to DeFoggi's pending pretrial motions, no trial date was established at the time of the government's motion. Although the court explicitly excluded the time between the government's motion and the August 18, 2014, trial date, many of DeFoggi's then-pending and later-filed pretrial motions remain unresolved.

B.  Sixth Amendment

DeFoggi also argues unreasonable delay of over fourteen months in this matter violates his right to a speedy trial under the Sixth Amendment to the United States Constitution. The Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. Although distinct from a Speedy Trial Act analysis, "it would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *Mallett*, 2014 WL 1924463, at *4. "Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); **see** *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008) (assuming fifteen-month delay shows presumptive prejudice). For this reason, the court will assume, the post-indictment delay has "crossed a line 'dividing ordinary from presumptively prejudicial delay.'" *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007) (**quoting** *Doggett*, 505 U.S. at 652). The court makes "four separate enquiries" when determining whether a defendant's right under the Sixth Amendment has been violated: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505 U.S. at 651 (**citing** *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

DeFoggi argues he has been in jail for over fourteen months and, although he sought extensions of time, the extensions were necessary because of the government's delay in making discovery available. Additionally, DeFoggi states he pressed his speedy

trial rights. Finally, he argues the out-of-country witness sought by the government causes some delay and is an unnecessary witness.

The period of delay complained of by DeFoggi is actually the period he waited for the government's forensic report. The time period after production of the report, but before trial, was necessary, in any event, based on the content of the report and defendants' fair opportunity for pretrial motions. **See *United States v. Cain***, 671 F.3d 271, 296 (2d Cir. 2012) (finding 22-month delay was "particularly understandable" and "largely neutral" with respect to the first ***Barker*** factor, "given the presence of multiple defendants, the large number of allegations and the complexity of the" charges and evidence). Additionally, as discussed above, no delay has resulted in the government's attempt to secure an out-of-country witness. No evidence exists either the defendants or the government intentionally, or even negligently, caused delay. Nevertheless, the circumstances of the forensic report delay rests with the government. Other delay in this matter is attributable to the defendants' actions filing motions. **See *United States v. Aldaco***, 477 F.3d 1008, 1019 (8th Cir. 2007); **see also *United States v. Villalobos***, 2014 WL 1227445 (3d Cir. Mar. 26, 2014) ("In evaluating this factor, we subtract the amount of delay caused by the defendant from the delay caused by the Government."); ***United States v. Zabawa***, 719 F.3d 555, 563 (6th Cir. 2013) (weighing delay factor against the defendant who was responsible for 48 of 70 months which passed between indictment and trial).

"The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." ***Barker***, 407 U.S. at 531-32 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial."). "And the defendant's burden of showing he desired a speedy trial is not satisfied merely by moving to dismiss after the delay has already occurred." ***United States v. Gould***, 672 F.3d 930, 938 (10th Cir. 2012) (internal citation and quotation omitted). "[T]his factor weighs heavily against the defendant" who "moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case." ***Id.*** "The question, instead, is whether the defendant's behavior during the course of

litigation evinces a desire to go to trial with dispatch." *United States v. Batie*, 433 F.3d 1287, 1292 (10th Cir. 2006).

Initially DeFoggi agreed to the extensions of time, however by September 6, 2013, he placed his attorney and the prosecution on notice that he was asserting his right to a speedy trial. At that time, the court had already granted his counsel's motion to extend the pretrial motion deadline. Several substantive pretrial motions and another motion seeking additional time were filed on the later deadline. After these motions were resolved, DeFoggi sought new counsel and has filed several more motions. See *United States v. Erenas-Luna*, 560 F.3d 772, 778 (8th Cir. 2009) (noting delay largely due to defendant's own motions not attributable to government negligence); *see also Zabawa*, 719 F.3d at 563 (6th Cir. 2013) (noting failure to assert right until most of delay had already occurred makes claim dubious). Two months elapsed between DeFoggi asserting his right to a speedy trial and the government's production of the forensic report. Since such production nearly seven additional months have passed. In this latter period, DeFoggi has filed several motions, which have, in turn, been promptly resolved. Despite DeFoggi's understandable desire to obtain the forensics report as early as possible in the process, his behavior does not evince a desire to go to trial with dispatch. In fact, DeFoggi's latest motions strongly indicate he does not believe he is yet ready to proceed to trial.

"A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. "[U]nreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett*, 505 U.S. at 654 (**quoting** *Barker*, 407 U.S. at 532); *United States v. Porchay*, 651 F.3d 930, 940 (8th Cir. 2011) (finding no Sixth Amendment violation under the circumstances despite three year delay between indictment and trial when only prejudice was "having a Sword of Damocles hovering over her").

Here, DeFoggi fails to identify any actual or specific prejudice in the delay. Although incarcerated before trial, he was incarcerated in consideration of not only the crimes charged, but DeFoggi's conduct prior to and during his arrest as found during the detention hearing. **See** Filing No. 23. Any prejudice from pretrial incarceration was attributable to

DeFoggi's own acts. "Additionally, [the defendant] does not indicate that his defense was impaired by the delay. And although anxiety and concern are present in every case, this alone does not demonstrate prejudice." *United States v. McGhee*, 532 F.3d 733, (8th Cir. 2008); **see** *United States v. Rodriguez-Valencia*, --- F.3d ----, 2014 WL 2441940, at *5-6 (8th Cir. June 2, 2014) (finding no Sixth Amendment violation despite over six year delay after the defendant failed to show actual or specific prejudice or an impaired defense). Under the circumstances, without a showing of prejudice, DeFoggi's speedy trial claim fails. Upon consideration,

**IT IS RECOMMENDED TO DISTRICT JUDGE JOSEPH F. BATAILLON** that:

DeFoggi's Motion to Dismiss (Filing No. 138) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) business days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 25th day of June, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge