IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TIMOTHY DEFOGGI,<br><br>　　　　　　　Defendant. | 8:13CR105<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's objection, Filing No. 161, to the findings and recommendation ("F&R"), Filing No. 148, of the magistrate judge, denying his motion in limine, Filing No. 95; his motion to suppress an electronic interception, Filing No. 97; and a motion to suppress the house search, Filing No. 105. The indictment in this case charges the defendant with knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count I); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e) (Count II); conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count III); and knowingly accessing a means or facility of interstate commerce to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts IV-VII). *See* Filing No. 1. Additionally, the indictment alleges forfeiture of any property used to commit or promote the commission of the crimes alleged in the indictment. The magistrate judge held a hearing on March 25, 2014. Pursuant to 28 U.S.C. § 636(b)(1)(A), this court conducts a de novo review of the magistrate judge's F&R to which the defendant objects. *United States v. Lothridge,* 324 F.3d 599, 600-01 (8th Cir.

2003). The court reviewed the entire record and concludes that the F&R of the magistrate judge is adopted and the objections of the defendant are overruled.

The court need not recite the facts in this memorandum and order, as the magistrate judge set forth detailed facts which this court adopts and incorporates herein. Accordingly, the court will only summarize facts as needed. The magistrate judge first found that the defendant belonged to a website containing child pornography. An IP account with the name "PTasseater" and "fuckchrist" were identified as those belonging to the defendant. Law enforcement obtained a pen register/tap trace to monitor the Internet service account at defendant's home address. The monitoring showed connections between the defendant's IP addresses and the child pornography sites, with statements made by "PTasseater"/"fuckchrist" to other website users. The magistrate judge also concluded that the record reflects that a Deputy Assistant Attorney General authorized the application for the interception[1]. Second, the magistrate judge found that the affidavit used for the search warrant executed on April 9, 2013, at defendant's home contained sufficient probable cause and specificity. The magistrate judge based this finding on memberships connected to the usernames used by the defendant to search the websites containing the child pornography. Third, the magistrate judge concluded that defendant's motion in limine seeking to stop the government from referring to the "fantasy chat private messages sent to and from" as set forth below, should be denied. The magistrate judge stated:

> The court will not recommend limiting the government's evidence to exclude the chats. Here, the content of the chats, while graphic and

---

[1] The defendant argued in his motion to suppress that the application was not properly authorized. However, the magistrate judge found to the contrary, and defendant has not objected to this finding. The court concludes that the magistrate judge's finding is correct in this respect as well.

2

aberrant, has some tendency to make certain facts more or less probable than it would be without the evidence. Such facts are of consequence in this action. In particular, the chats, both the existence of them and the content, tend to show the identity, intent, and knowledge of the participants. The prejudicial nature of the chats' content does not outweigh the probative value. Essentially the nature of the chats enhances their probative value particularly with respect to the identity and intent of the participant.

Filing No. 148 at 9.

Thereafter, defendant filed an objection to the F&R of the magistrate judge, specifically with regard to Filing No. 95 and Filing No. 105. The defendant objects stating:

1. The court's finding that the search warrant for the Defendant's home was supported by a finding of probable cause; and

2. The court's recommendation that the Government's use of the fantasy chats not be prohibited or limited.

Filing No. 161, Objection.

The defendant first argues that the search of the house should be suppressed as the affidavit does not connect the website with the user names "PTasseater"/ "fuckchrist," so there is no probable cause for the search warrant. The defendant contends that warrant does not contain sufficient evidence for such a finding. The court has carefully reviewed the analysis as set forth by the magistrate judge and finds it correct as a matter of fact and law. There is clearly enough evidence, as outlined by the magistrate judge and as set forth herein, to support a finding of probable cause for the search warrant.

With regard to defendant's second objection, that there is no direct connection between the defendant and what is known as Website A, the court agrees with the magistrate judge that there is more than sufficient evidence that the defendant's IP

addresses were tied to and used in conjunction with Website A. As such, there is a likelihood that there would be evidence of child pornography and a child exploitation enterprise at defendant's home. Defendant argues that another name is also hooked to this account, one Alex Martines. However, whether this is true or not is irrelevant to the question at issue here. The website and user names and IP addresses all related to the defendant. If the defendant wants to argue at trial that there is a misidentification, he is free to do so. However, for purposes of the search warrant, there was ample probable cause for its issuance.

With regard to the magistrate judge's findings as to the motion in limine, defendant objects arguing that the prejudicial nature of the fantasy site and the lack of relevance to child pornography makes such evidence inadmissible. Again, the court finds the magistrate judge is correct in this regard. The magistrate judge stated: "The prejudicial nature of the chats' content does not outweigh the probative value. Essentially, the nature of the chats enhances their probative value particularly with respect to the identity and intent of the participant." Filing No. 148 at 9. The court agrees. To the extent the government uses this information as it relates to the charges in the indictment, the court finds it is admissible. However, if the evidence does not connect the fantasy chats with the charges in the indictment, the defendant is free to raise this issue again during trial.

For the reasons stated herein, the court finds the magistrate judge is correct in all respects and adopts his F&R in its entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 97, is denied.

2. Defendant's motion to suppress, Filing No. 105, is denied.

3. Defendant's motion in limine, Filing No. 95, is denied.

4. Defendant's objections, Filing No. 161, to the F&R of the magistrate judge are overruled.

5. The F&R of the magistrate judge, Filing No. 148, is adopted in its entirety.

Dated this 8th day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge