## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **8:13CR105** |
| | ) | |
| vs. | ) | **GOVERNMENT'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| TIMOTHY DEFOGGI, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, plaintiff herein, and hereby submits the

following attached proposed Jury Instructions.

> UNITED STATES OF AMERICA,
> Plaintiff,
>
> DEBORAH R. GILG
> United States Attorney
>
>
> *sMichael P. Norris*
> By:   MICHAEL P. NORRIS
> Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on August 15, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the counsel of record.

> *s/Michael P. Norris*
> MICHAEL P. NORRIS
> Assistant U.S. Attorney

1

INSTRUCTION NO. 1

INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. 2

DUTY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

NO INVESTIGATION

You are reminded that you are not to engage in any independent investigation of this case.

For instance, you are not to consult a dictionary, the internet or any other like reference.

INSTRUCTION NO. 4

JUDGE – NO OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

INSTRUCTION NO. 5

DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE;
PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges the Defendant with seven child exploitation crimes.
Count I charges the Defendant with engaging in a Child Exploitation Enterprise.   Count II charges
the Defendant with Conspiracy to Advertise Child Pornography.   Count III charges the Defendant
with Conspiracy to Distribute Child Pornography.   Counts IV-VII charge the Defendant with
Accessing with Intent to View Child Pornography.   The Defendant has pleaded not guilty to each
charge.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not
evidence of anything. To the contrary, the Defendant is presumed to be innocent.   Thus, the
Defendant, even though charged, begins the trial with no evidence against him.   The presumption
of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the
government proves, beyond a reasonable doubt, each essential element of the crime charged.

INSTRUCTION NO. 6

The Defendant is charged in Count One with Engaging in a Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g). A person engages in a child exploitation enterprise if the person commits a series of child exploitation crimes, such as accessing with intent to view child pornography, constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other people.   Accordingly, in order to find a Defendant guilty of that offense as charged in this case, you must be satisfied that the government has proven each of the following elements beyond a reasonable doubt:

FIRST:     that the Defendant accessed with intent to view child pornography, as defined for you below, on three or more separate occasions between on or about March 2, 2012, and December 8, 2012;

SECOND:   that the Defendant committed those offenses in concert with three or more other persons, as defined for you below;

THIRD:    that the child pornography accessed involved more than one minor victim. (A minor is a child who has not attained is or his or her 18th birthday).

As to the first element, it is a federal crime for any person to knowingly access with the intent to view child pornography.   Accordingly, in determining whether a Defendant committed three or more incidents of access with intent to view child pornography, you must be satisfied that, with respect to each of the three or more incidents, the government has proven each of the following elements beyond a reasonable doubt:

FIRST:     that the Defendant knowingly accessed with intent to view any computer disk or other material that contained an image of child pornography;

7

SECOND:    that the Defendant knew that the computer disk or other material contained child pornography;

THIRD:    that the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

You must unanimously agree as to the three or more access with intent to view child pornography offenses by the Defendant.   (This may be satisfied by finding the Defendant guilty of any 3 or all of counts 4-7).

As to the second element, to act in concert with three or more other persons means the same as to engage in a conspiracy with three or more other persons. In order for you to find that the Defendant engaged in a conspiracy with three or more other persons, the government must prove each of the following elements beyond a reasonable doubt:

FIRST:    Two or more people reached an agreement to commit the crime of accessing with intent to view child pornography;

SECOND:    the defendant voluntarily and intentionally joined the agreement; and

THIRD:    the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

The term "child pornography," as it is referenced throughout these instructions, means any visual depiction, including any photograph, film, video, picture, or computer image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of the visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "sexually explicit conduct," as it is referenced throughout these instructions, means that actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) masturbation;

(c) sadistic or masochistic abuse; or

(d) lascivious exhibition of the genitals or pubic area of any person.

Regarding the type of sexually explicit conduct-"lascivious exhibition"-not every exposure of the genitals or pubic area constitutes lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the minor appears to be displayed in an unnatural pose or inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition. The term minor, as it is referenced throughout these instructions, means a person under the age of eighteen (18) years.

9

INSTRUCTION NO. 7

The Defendant is charged in Count Two with conspiracy to advertise child pornography, in violation of Title 18 United States Code, Section 2251(d)(1) & (e).   In order for you to find a Defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

FIRST:   Two or more people reached an agreement to commit the crime of accessing with intent to view child pornography;

SECOND:   the defendant voluntarily and intentionally joined the agreement; and

THIRD:   the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

The agreement or understanding need not be expressed, formal or in writing.   Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

A person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.   It is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.   A person may become a member of the conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In order to determine whether a Defendant or co-conspirator advertised child pornography, you must be satisfied that the government has proven each of the following elements beyond a reasonable doubt:

10

FIRST:         that between on or about March 2, 2012, and December 8, 2012, the

               Defendant knowingly made, printed or published, or caused to be   made,

               printed or published a notice or advertisement;

SECOND:        that the notice or advertisement sought or offered to receive, exchange, buy,

               produce, display or distribute any visual depiction;

THIRD:         that the production of such visual depiction involved the use of a minor

               engaging in sexually explicit conduct;

FOURTH:        that such visual depiction was of such sexually explicit conduct;

FIFTH:         that such notice or advertisement was transported using any means or

               facility of interstate or foreign commerce or in or affecting interstate or

               foreign commerce by any means, including by computer.

Remember, the Defendant is not charged in Count Two with actually advertising child
pornography, he is only charged with conspiracy to advertise child pornography.

Interstate Commerce. Interstate commerce means commerce or travel between one state or
territory of the United States and another state or territory of the United States.   The Internet is a
means or facility of interstate commerce.   If you find that the images, advertisements or other
material described in the Indictment were transported, transferred or shipped using the Internet,
then they have been transported in interstate commerce.

INSTRUCTION NO. 8

The Defendant is charged in Count Three with conspiracy to distribute child pornography in violation of Title 18, United States Code, Section 2252A(a)(2).   In order for you to find a Defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt.

FIRST:        Two or more people reached an agreement to commit the crime of accessing with intent to view child pornography;

SECOND:     the defendant voluntarily and intentionally joined the agreement; and

THIRD:        the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

In order to determine whether a Defendant or co-conspirator distributed child pornography you must be satisfied that the government has proven each of the following elements beyond a reasonable doubt:

FIRST:        that between on or about March 2, 2012, and December 8, 2012, the Defendant or coconspirator knowingly distributed visual depictions of child pornography;

SECOND:     the Defendant knew that the visual depiction(s) was/were of a minor engaging in sexually explicit conduct; and

THIRD:        the visual depiction(s) had been transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means  including by computer.

Remember, the Defendant is not charged with actually distributing child pornography, he is only charged with conspiring to distribute child pornography.

12

INSTRUCITON NO. 9

The Defendant is charged in Counts Four through Seven with accessing with intent to view child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).   In order to determine whether a defendant is guilty of accessing with intent to view child pornography, you much be satisfied that the government has proven each of the following elements beyond a reasonable doubt:

FIRST:        that on or about the date charged in the particular count, the Defendant knowingly accessed with intent to view any computer disk or other material that contained an image of child pornography;

SECOND:   that the Defendant knew that the computer disk or other material contained child pornography;

THIRD:       that the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

INSTRUCTION NO. 10

The term "minor," as used in these instructions, means any person under the age of eighteen years.

INSTRUCTION NO. 11

The term "visual depiction," as used in these instructions, includes any video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.   It includes data stored on computer disk or by electronic means which is capable of conversion into a visual image.

INSTRUCTION NO. 12

The term "sexually explicit conduct," as used in these instructions, means actual or simulated sexual intercourse, including genital-genital,. oral-genital, anal-genital, and oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area or whether there is some other focal point; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; ( 4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) any caption on the picture.

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

16

INSTRUCTION NO. 13

The phrase "interstate commerce," as used in these instructions, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The phrase "foreign commerce," as used in these instructions, means commerce between any state, territory, or possession of the United States and a foreign country.

The term "commerce" includes, among other things, travel, trade, transportation, and communication.

Images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material containing the visual depiction at issue in this case had been transmitted or received over the Internet.

17

INSTRUCTION NO. 14

The term "computer" as used in this instruction means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

INSTRUCTION NO. 15

The government must prove by the greater weight of the evidence that the offense charged was committed in the District of Nebraska. The District of Nebraska is the same as the State of Nebraska.

An offense is committed in the District of Nebraska when it is begun, continued, or completed in the District of Nebraska. To determine where an offense was committed, you should look to the nature of the offense alleged and the locations of the act or acts making up the offense.

To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. This is a lesser standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

INSTRUCTION NO. 16

**INTENT OR KNOWLEDGE**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 17

**"ON OR ABOUT"**

The Indictment charges that the offense was committed "on or about" certain dates or a certain period of time. It is not necessary that the government establish with certainty the exact date of the alleged offense. It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date.

INSTRUCTION NO. 18

**REASONABLE DOUBT**

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 19

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the Defendant in the same manner as you judge the testimony of any other witness.

INSTRUCTION NO. 20

**OPINION EVIDENCE—EXPERT WITNESS**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 21

DEFENDANT'S OTHER ACTS IN SEXUAL EXPLOITATION OFFENSES (Fed. R. Evid. 414)

You have heard evidence that the defendant may have committed other offenses involving child pornography.   The defendant is not charged with these other offenses.   You may consider this evidence only if you unanimously find it is more likely true than not true.   You decide that by considering all of the evidence and deciding what evidence is more believable.   This is a lower standard than proof beyond a reasonable doubt.

If you find that these offenses have not been proved, you must disregard them.   If you find that these offenses have been proved, you may consider them to help you decide any matter to which they are relevant.   You should give them the weight and value you believe they are entitled to receive.   You may consider the evidence of such other acts of child exploitation offenses for its tendency, if any, to determine whether the defendant committed the acts charged in the Indictment, determine the defendant's intent, determine the identity of the person who committed the acts charged in the Indictment, determine the defendant's motive, plan, design, opportunity to commit the acts charged in the Indictment, determine the defendant's knowledge and rebut any contention of the defendant that his participation in the offenses charged in the Indictment was the result of accident or mistake.

Remember, the defendant is on trial only for the crimes charged.   You may not convict a person simply because you believe he may have committed similar acts in the past.

INSTRUCTION NO. 22

**EVIDENCE**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated -- that is, formally agreed to by the parties, and any facts that have been judicially noticed -- that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence, unless I specifically told you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you if that occurred, and I have instructed you on the purposes for which the item could and could not be used.

26

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. 23

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the Defendant guilty beyond a reasonable doubt.   When you go to the jury room, the first thing that you should do is select one of your numbers as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.