```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA


   UNITED STATES OF AMERICA,        )  Case No. 8:13CR105
                                    )
           Plaintiff,               )
                                    )
   vs.                              )
                                    )
   TIMOTHY DEFOGGI,                 )
                                    )  Omaha, Nebraska
           Defendant.               )  July 22, 2014



                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE THOMAS D. THALKEN
                   UNITED STATES MAGISTRATE JUDGE



                          A-P-P-E-A-R-A-N-C-E-S

   FOR THE PLAINTIFF:   Mr. Keith A. Becker
                        Department of Justice Trial Attorney
                        1400 New York Avenue, N.W., Sixth Floor
                        Washington, DC  20530

                        Mr. Michael P. Norris
                        Assistant United States Attorney
                        1620 Dodge Street
                        Suite 1400
                        Omaha, NE  68102-1506

   FOR THE DEFENDANT:   Mr. John S. Berry, Jr.
                        Attorney at Law
                        2650 North 48th Street
                        Lincoln, NE  68508

   TRANSCRIBER:         Rogene S. Schroder, CRR, RMR, CSR
                        111 S. 18th Plaza, Suite 3129
                        Omaha, NE  68102
                        (402) 661-7383

   Proceedings recorded by electronic sound recording, transcript
   produced with computer.
```

1       (At 10:00 a.m. on July 22, 2014, with Mr. Norris,
2  Mr. Berry and the defendant present, with Mr. Becker appearing
3  telephonically, the following proceedings were had:)
4            THE COURT:  ...Timothy DeFoggi carrying the number of
5  8:13CR105.
6       Counsel enter their appearance for the record, please.
7            MR. NORRIS:  Your Honor, for the United States I'm
8  Michael Norris.  Also appearing remotely is Keith Becker.
9            MR. BERRY:  John Berry with the defendant Timothy
10 DeFoggi.
11           THE COURT:  All right.  We're here for a hearing on
12 intent to introduce classified materials at a trial.  I have
13 the defendant's statement in a letter of June 25th and I have
14 the government's response in a letter of July 3rd.  This matter
15 was set for a hearing on July 10th but was continued at the
16 defendant's request until today.  The Court is somewhat at a
17 disadvantage in a way.
18      Mr. Berry, I'm not sure what the -- what sort of
19 classified information the defendant intends to introduce at
20 trial or its relevance so I guess you're going to have to
21 explain that to me.
22           MR. BERRY:  Your Honor, Mr. DeFoggi has requested to
23 address the Court on this matter, specifically the relevance of
24 this, and I would just tell you my understanding is that there
25 are -- he provided the -- the government and the Court with a

1   chart that named several programs.  I don't -- I do not know
2   whether those are classified or not.  These were programs that
3   he worked on.  He's concerned that some of them may still be
4   classified.
5       He believes the relevance of this is that he was one of
6   the more qualified persons to be able to crack the Tor network
7   and his participation and/or creation of some of these programs
8   that were named goes to his -- his credibility and -- and would
9   explain why he was on the Tor network.
10          THE DEFENDANT:  Well, Your Honor --
11          THE COURT:  Well, now, if you can't explain it to
12  your counsel and your counsel can explain it to me, it's going
13  to be a little difficult for -- for me to assess it for the
14  record so -- is it merely the -- the -- the -- the -- the
15  mention of these programs that are classified in and of
16  themself, that the mere mention of them is classified?
17          THE DEFENDANT:  Well, the description of them would
18  be -- (indiscernible) it would be better if I would explain it
19  but the description of these I can't go through them and tell
20  you what this programs does 'cause it's classified.
21          MR. BERRY:  I think what Mr. DeFoggi's getting at
22  is -- is that the des- -- a detailed description of what the
23  program would do would then be -- potentially be classified.
24  So, for instance, in -- if we name a program and then
25  Mr. DeFoggi explains what he did for the program, what the

1   program does, then we -- we may run into some issues.
2           THE COURT:  All right.  So how is that relevant to
3   this particular case, the fact that he either developed them,
4   used them or whatever?  How does that relate to the charges in
5   this case?
6        (An off-the-record discussion was had between the
7   defendant and Mr. Berry.)
8           MR. BERRY:  So, Your Honor, Mr. DeFoggi's concern is
9   that in -- in each of these programs there -- there were threat
10  assessments made and, of course, Mr. DeFoggi then -- part of
11  his job was to address those threats.  Some of those threats
12  then came from networks such as the Tor network and --
13          THE COURT:  Well, is -- isn't the -- the Tor network
14  is just -- it's -- it's publicly available and the fact that he
15  used the Tor network to do some assessment of these various
16  programs is fine and good but that has nothing to do with his
17  using the Tor network to access Website A to obtain child
18  pornography.
19       (An off-the-record discussion was had between the
20  defendant and Mr. Berry.)
21          MR. BERRY:  Your -- Your Honor, it's my understanding
22  that there is nothing illegal about being on the Tor network.
23  I think Mr. DeFoggi's concern is that during a pretrial hearing
24  he was of the opinion that the government indicated that him
25  being on the Tor network in and of itself was illegal.  It's my

1   understanding that it's not and I suppose maybe --
2           THE COURT:  No, it's -- I don't think -- I don't know
3   that there's ever asserted that it was illegal.  It's just it's
4   a -- the Tor network is The Onion Router, whatever it is, in
5   order to disguise your IP source or whatever else it is.
6   It's -- it's available, people can do it, other people can do
7   it, and the mere fact that Mr. DeFoggi was using the Tor
8   network in -- assuming what he says is correct, for the
9   purposes of making some assessments of various other things
10  with regard to a national security job in which he may or may
11  not have been doing, I don't know that has any relevance
12  whatsoever.
13       The question in this case apparently is, is that the
14  defendant used the Tor network to access Website A to receive
15  child pornography.
16       Is that correct, Mr. Norris?  Is that my understanding?
17          MR. NORRIS:  That is absolutely correct, Your Honor.
18  And if I may, I believe that with regard to the detention
19  hearings as he's complaining about, if the Court recollects, I
20  believe that in each of those detention hearings, Mr. Becker
21  made it very, very clear that Tor is a publicly available
22  software program and that there is nothing illegal per se in
23  the use of -- of Tor.
24          THE COURT:  All right.
25          THE DEFENDANT:  That's not true.

1    THE COURT: Well, I'm sorry, anything?

2    MR. NORRIS: He's just telling me that wasn't true.

3    THE COURT: Well, regardless of the recollection or
4    whatever else it is, that's apparently where we're at in the
5    status of the case. The question of, one, do we even need
6    to -- whether it's relevant or not that he mentions -- or that
7    he's using the Tor network to do these various threat
8    assessments and using these various formats that he was talking
9    about is even relevant.

10   Then the question is whether we simply -- if -- my concern
11   is that I need -- if -- whether I need -- need a Court Security
12   Officer for the purposes of the trial and I don't see that I
13   do. I don't see that I have to recommend to Judge Bataillon
14   that we go through and obtain a Court Security Officer for the
15   purposes of managing classified information because I don't
16   know that any of the information that would be relevant -- the
17   testimony in this case would be classified information.

18   Mr. Berry.

19   MR. BERRY: Your Honor, and Mr. DeFoggi has indicated
20   that he believes that he can explain his involvement in Tor
21   without divulging classified information. I think his concern
22   is that he -- he will obfuscate when he can. The question
23   always becomes if there's any cross-examination regarding
24   specific programs, then where does that -- where does that
25   place him.

1      THE COURT: All right.

2      MR. BERRY: He has requested that he be allowed to

3 provide the Court with a classified briefing and explain the --

4 the charts and documents we've submitted so that the Court can

5 make an informed decision.

6      THE COURT: Well, should that arise, we'll leave that

7 to Judge Bataillon at the time of trial. I don't know that I

8 have to do it for a pretrial matter.

9      MR. BERRY: Yes, Your Honor.

10     THE COURT: It's just simply that -- and also the

11 government can move in limine with respect to any type of

12 opening statements to make sure that if any type of information

13 is to be disclosed that may be classified that -- that certain

14 procedures under the Classified Information Procedures Act be

15 followed prior to that. I attempted to do that here but I

16 don't think that we're going to get into it so, therefore, I'm

17 not going to go anything further in the matter.

18      The government should be ready, though, I think in --

19 since the defendant has named certain programs that they make

20 some inquiry of the appropriate agencies to determine whether

21 the name or what its function was which would be -- seem to be

22 the limit of what Mr. DeFoggi had mentioned would be a

23 disclosure of classified information. I don't know that it's

24 classified. So it should be prepared to be -- I -- obviously,

25 the Court can't make that determination. That's going to have

1    to come from the government in the matter.
2         Do you understand what I'm suggesting, Mr. Norris?
3         MR. NORRIS:  Your Honor, I do understand.  I -- I
4    follow what you're saying.  If I may, I don't know how much of
5    that is really doable on our part, and maybe Mr. Becker has a
6    better understanding than I do of that but also it would be
7    helpful if -- I mean, none of this is relevant with regard to
8    child pornography; however, to the extent that he wants to
9    provide an expert opinion testimony, then we have another
10   deficient issue here and that is we haven't been given notice
11   of what it is he's going to testify about.
12        THE COURT:  All right.  How's your expert...
13        MR. BERRY:  Well, I -- Mr. DeFoggi's position is,
14   Your Honor, that based on the December 17th or thereabouts
15   letter with that information that he -- that he has provided
16   information as to what he would -- he would testify about.
17        THE DEFENDANT:  And that classified briefing is
18   available and I told them where to get it.  There was a
19   classified briefing available, and they know where it's at, and
20   they can look at it anytime they want.
21        THE COURT:  Well, nothing has been presented to the
22   Court at this point to warrant the Court's further
23   implementation of the classified procedures act and I attempted
24   to do this in an effort to save time or a delay at trial and so
25   that will be the order of the Court.

1        The --  And the government should be prepared -- when I
2   say the -- the government should be in a position to know
3   whether or not these matters are classified or not, and they
4   can make the appropriate inquiry of the appropriate
5   intelligence agencies, if necessary.
6        As another matter, the government mentions the expert with
7   respect to in this case, Mr. Berry, you had.  What is the
8   status of that?
9            MR. BERRY:  Your Honor, I received a phone call on
10  Friday from Mr. Meinke about his initial findings, and I -- I
11  intend to follow up with him -- some of those today, and so
12  I'll be able to provide some -- the government some information
13  pertaining to that today.
14           THE COURT:  Well, what you're required is -- under
15  Rule 16 is to prepare a -- you know, is -- is a report and
16  we're getting close to trial.  To the extent that we need to --
17  the government should have an opportunity to examine the report
18  and also then to be able to engage an expert for the purpose of
19  rebuttal, and -- when's our trial set for?
20           MR. BERRY:  I believe it's the --
21           THE DEFENDANT:  August 18th.
22           MR. BERRY:  -- 18th, Your Honor.
23           MR. NORRIS:  August 18th.
24           THE COURT:  18th -- August 18th.  So by the end of
25  the week?

1   MR. BERRY: Yes, Your Honor.
2   THE COURT: All right. Get it done.
3   Anything further we need to do then today?
4   MR. NORRIS: Not on my part, Your Honor.
5   MR. BERRY: No, Your Honor.
6   THE COURT: All right. We're in recess. Counsel are
7   excused.
8   MR. NORRIS: Thank you, Your Honor.
9   (Recess had at 10:16 a.m.)

15   I, Rogene S. Schroder, certify that the foregoing is a
16   correct transcription to the best of my ability from the
17   digital recording of the proceedings held in the above-entitled
18   matter.
19   */s/Rogene S. Schroder*                August 18, 2014
         Transcriber                              Date