# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

TIMOTHY DEFOGGI,

                Defendant.

8:13CR105

COURT'S CHARGE TO THE JURY

INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.  You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others because all are important.  This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, all instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

You are reminded that you are not to engage in any independent investigation of this case.  For instance, do not visit or view any place discussed in this case, and you are not to consult a dictionary, map, Internet search engine, or any other similar reference tool.

INSTRUCTION NO. 4

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

INSTRUCTION NO. 5

The Indictment in this case charges the defendant with seven exploitation offenses. Count I charges the defendant with engaging in a child exploitation enterprise. Count II charges the defendant with conspiracy to advertise child pornography. Count III charges the defendant with conspiracy to distribute child pornography. Counts IV-VII charge the defendant with accessing with intent to view child pornography. The defendant has pleaded not guilty to each charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial.  The Indictment is not evidence.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent.  Instead, the burden of proof remains on the Government throughout the trial.

INSTRUCTION NO. 6

When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed, but you are not required to do so since you are the sole judges of the facts.

INSTRUCTION NO. 7

The crime of engaging in a child exploitation enterprise, as charged in Count I of the Indictment, has three elements, which are:

ONE:        the defendant accessed with intent to view child pornography on three or more separate occasions between on or about March 2, 2012, and December 8, 2012;

TWO:        the defendant committed those offenses in concert with three or more other persons; and

THREE:      the child pornography accessed involved more than one minor victim.

Instruction Nos. 8, 9, 10, 11, and 12 further explain these elements.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count I; otherwise you must find the defendant not guilty of the crime charged under Count I.

INSTRUCTION NO. 8

As to the first element of Count I, engaging in a child exploitation enterprise, it is a federal crime for any person to knowingly access with intent to view child pornography.  In determining whether the defendant accessed with intent to view child pornography on three or more separate occasions, you must find that, with regard to each incident, the government has proven each of the following elements beyond a reasonable doubt:

ONE:      the defendant knowingly accessed with intent to view a computer disk or any other material that contained an image of child pornography;

TWO:      the defendant knew that the computer disk or other material contained child pornography; and

THREE:   the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

In order for you to find the first element of Count I has been satisfied, you must unanimously agree that each of the elements has been established beyond a reasonable doubt as to each of the three or more offenses.  The first element may be satisfied by finding the defendant guilty of any three or all of Counts IV-VII as defined in Instruction Nos. 21, 22, 23, and 24.

INSTRUCTION NO. 9

As to the second element of Count I, engaging in a child exploitation enterprise, to act in concert with another person means the same as to engage in a conspiracy with that person.  In order for you to find that the defendant engaged in a conspiracy with three or more others to commit the offenses of accessing with intent to view child pornography, as charged in Counts IV-VII of the Indictment, the government must prove the following elements beyond a reasonable doubt with regard to the defendant's relationship with each of the three or more others:

ONE:  between on or about March 2, 2012, and December 8, 2012, the defendant reached an agreement with at least one other person to commit the crime of access with intent to view child pornography;

TWO:  the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

THREE:  at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

Instruction Nos. 10, 11, and 12 further explain these elements.

In determining whether the defendant committed the three or more offenses in concert with three or more other persons, it is not necessary that each individual offense was committed in concert with three or more other persons.  The required total of three other persons may be tallied by considering all of the offenses together.

10

INSTRUCTION NO. 10

The first element of conspiracy to access with intent to view child pornography, requires that two or more people reached an agreement to commit the crime of accessing with intent to view child pornography.  To assist you in determining whether there was an agreement or understanding to access with intent to view child pornography, you are advised that the elements of accessing with intent to view child pornography are:

ONE:        knowingly accessing with intent to view a computer disk or any

              other  material that  contained an image of child pornography;

TWO:        knowledge that the computer disk or other material contained child

              pornography; and

THREE:      the child pornography had been transported using any means or

              facility of interstate or foreign commerce or in or affecting interstate

              or foreign commerce by any means, including by computer.

For you to find that the government has proved a conspiracy to access with intent to view child pornography, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two or more people to commit the crime of conspiracy to access with intent to view child pornography does not need to be a formal agreement or be in writing.   A verbal or oral understanding can be sufficient to establish an agreement.

11

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement, or the person agreed to play only a minor part in the agreement.

INSTRUCTION NO. 11

The second element of conspiracy to access with intent to view child pornography, requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of accessing with intent to view child pornography, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of accessing with intent to view child pornography, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to access with intent to view child pornography by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of accessing with intent to view child pornography. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a

13

member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

INSTRUCTION NO. 12

The third element of conspiracy to access with intent to view child pornography, requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of conspiracy to access with intent to view child pornography simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

15

INSTRUCTION NO. 13

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to advertise child pornography, as charged in Count II of the indictment, has three elements, which are:

ONE:    between on or about March 2, 2012, and December 8, 2012, two or more people reached an agreement to commit the crime of advertising child pornography;

TWO:    the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

THREE:  at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

Instruction Nos. 14, 15, and 16 further explain these elements.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count II; otherwise you must find the defendant not guilty of the crime charged under Count II.

INSTRUCTION NO. 14

The first element of Count II, conspiracy to advertise child pornography, requires that two or more people reached an agreement to commit the crime of advertising child pornography.   To assist you in determining whether there was an agreement or understanding to advertise child pornography, you are advised that the elements of advertising child pornography are:

ONE:        knowingly making, printing, or publishing, or causing to be made, printed, or published a notice or advertisement;

TWO:        the notice or advertisement sought or offered to receive, exchange, buy, produce, display, or distribute any visual depiction;

THREE:      the production of the visual depiction involved a person under the age of 18 years engaging in sexually explicit conduct;

FOUR:       that such visual depiction was of such sexually explicit conduct; and

FIVE:        such notice or advertisement was transported in interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer.

Keep in mind that Count II of the Indictment charges a conspiracy to advertise child pornography and not that advertising child pornography was committed.

For you to find that the government has proved a conspiracy to advertise child pornography, you must unanimously find that there was an agreement to act for this purpose.

17

The agreement between two or more people to commit the crime of conspiracy to advertise child pornography does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement, or the person agreed to play only a minor part in the agreement.

INSTRUCTION NO. 15

The second element of Count II, conspiracy to advertise child pornography, requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of advertising child pornography, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of advertising child pornography, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to advertise child pornography by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of advertising child pornography. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere

19

knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

INSTRUCTION NO. 16

The third element of Count II, conspiracy to advertise child pornography, requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of conspiracy to advertise child pornography simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

21

INSTRUCTION NO. 17

The crime of conspiracy to distribute child pornography as charged in Count III of the Indictment, has three elements, which are:

ONE:            between on or about March 2, 2012, and on or about December 8, 2012, the defendant reached an agreement with at least one other person to commit the crime of distributing child pornography;

TWO:            the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

THREE:          at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

Instruction Nos. 18, 19, and 20 further explain these elements.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count III; otherwise you must find the defendant not guilty of the crime charged under Count III.

INSTRUCTION NO. 18

The first element of Count III, conspiracy to distribute child pornography, requires that two or more people reached an agreement to commit the crime of distributing child pornography. To assist you in determining whether there was an agreement or understanding to distribute child pornography, you are advised that the elements of distributing child pornography are:

ONE:    knowing distribution of visual depiction(s) of child pornography,

TWO:    knowledge that the visual depiction(s) were of a minor engaging in sexually explicit conduct; and

THREE:  the visual depiction(s) had been transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means including by computer.

Keep in mind that Count III of the Indictment charges a conspiracy to distribute child pornography and not that distributing child pornography was committed.

The Indictment charges a conspiracy to distribute child pornography. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two or more people to commit the crime of distributing child pornography does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of distributing child pornography was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

23

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

INSTRUCTION NO. 19

The second element of Count III, conspiracy to distribute child pornography, requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of distributing child pornography, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of distributing child pornography, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to distribute child pornography by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of distributing child pornography. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere

25

knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

INSTRUCTION NO. 20

The third element of Count III, conspiracy to distribute child pornography, requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distributing child pornography simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

INSTRUCTION NO. 21

The crime of access with intent to view child pornography, as charged in Count IV of the Indictment, has three elements, which are:

ONE:        on or about November 21, 2012, the defendant knowingly accessed with intent to view a computer disk or any other material that contained an image of child pornography;

TWO:        the defendant knew that the computer disk or other material contained child pornography; and

THREE:      the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count IV; otherwise you must find the defendant not guilty of the crime charged under Count IV.

INSTRUCTION NO. 22

The crime of access with intent to view child pornography, as charged in Count V of the Indictment, has three elements, which are:

ONE:  on or about November 26, 2012, the defendant knowingly accessed with intent to view a computer disk or any other material that contained an image of child pornography;

TWO:  the defendant knew that the computer disk or other material contained child pornography; and

THREE:  the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count V; otherwise you must find the defendant not guilty of the crime charged under Count V.

INSTRUCTION NO. 23

The crime of access with intent to view child pornography, as charged in Count VI of the Indictment, has three elements, which are:

ONE:            on or about December 4, 2012, the defendant knowingly accessed with intent to view a computer disk or any other material that contained an image of child pornography;

TWO:            the defendant knew that the computer disk or other material contained child pornography; and

THREE:         the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count VI; otherwise you must find the defendant not guilty of the crime charged under Count VI.

INSTRUCTION NO. 24

The crime of access with intent to view child pornography, as charged in Count VII of the Indictment, has three elements, which are:

ONE:  on or about December 8, 2012, the defendant knowingly accessed with intent to view a computer disk or any other material that contained an image of child pornography;

TWO:  the defendant knew that the computer disk or other material contained child pornography; and

THREE: the child pornography had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count VII; otherwise you must find the defendant not guilty of the crime charged under Count VII.

INSTRUCTION NO. 25

The phrase "child pornography," as used in these instructions, means any visual depiction of a minor engaging in sexually explicit conduct, where the production of the depiction involved the use of a minor engaged in sexually explicit conduct.

The term "minor," as used in these instructions, means any person under the age of eighteen years.

INSTRUCTION NO. 26

The term "visual depiction," as used in these instructions, includes any photograph, film, video, picture, computer, computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

INSTRUCTION NO. 27

The term "sexually explicit conduct," as used in these instructions, means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or opposite sex; bestiality, masturbation, sadistic or masochistic abuse, lascivious exhibition of the genitals or pubic area of any person.

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

INSTRUCTION NO. 28

The phrase "interstate commerce," as used in these instructions, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The phrase "foreign commerce," as used above, means commerce between any state, territory or possession of the United States and a foreign country.

The term "commerce" includes, among other things, travel, trade, transportation and communication.

Images transmitted or received over the Internet have moved in interstate or foreign commerce.  It is for you to determine, however, if the material containing the visual depiction had been transmitted or received over the Internet.

INSTRUCTION NO. 29

The term "computer," as used in these instructions, means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

INSTRUCTION NO. 30

The government must prove it is more likely true than not true that the offense charged was begun, continued, or completed in the District of Nebraska.  The District of Nebraska is the same as the State of Nebraska.

You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case except evidence as defined in Instruction No. 37.

If you find that the government has not met this burden of proof with respect to any count of the Indictment, then your verdict must be for the defendant with respect to that count.

INSTRUCTION NO. 31

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 32

The Indictment charges that the offenses were committed "on or about" a certain period of time.  It is not necessary that the Government establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date.

INSTRUCTION NO. 33

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.   Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 34

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, any facts that have been stipulated--this is, formally agreed to by the parties, and any facts that have been judicially noticed--this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

1.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. 35

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO 36

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 37

You have heard evidence that the defendant committed offenses involving child pornography that were not charged in the Indictment.  You may consider this evidence only if you unanimously find it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.  This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may use this evidence to help you decide whether the similarity between the other offenses committed and the ones charged in this case suggests that the same person committed all of them.  If you find this evidence has been proved, then you may also consider it to help you decide the defendant's motive, intent, knowledge, or absence of mistake.  You should give it the weight and value you believe it is entitled to receive.  If you find that this evidence has not been proved, you must disregard it.

The defendant is on trial only for the crimes charged, and you may consider the evidence of other similar acts only on the issues stated above.  You may not convict a person simply because you believe he may have committed similar acts in the past.

44

INSTRUCTION NO. 38

Some of you may have taken notes during the trial; others of you may have chosen not to take notes.  If you did take notes, remember that these notes are not themselves evidence, but are instead merely memory aids.  You must reach a verdict based upon your independent recollection of the evidence presented during the trial, not upon your notes or another juror's notes.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 39

Exhibits have been admitted into evidence and are to be considered along with all the other evidence to assist you in reaching a verdict.  You are not to tamper with the exhibits or their contents, and each exhibit should be returned, along with your verdict, in the same condition as it was when received by you.

INSTRUCTION NO. 40

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous, that is, your verdict must be agreed to by all of you.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note signed on the reverse side by one or more jurors.  You may send a note to me by calling my chambers at tel. 402-661-7323 to locate the courtroom deputy. I will

47

respond to the note as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and call my chambers at 402-661-7323 and tell whoever answers the telephone that you have a verdict.