IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:13CR105 |
| | ) | |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | PURSUANT TO F.R.Cr.P. 29 |
| TIMOTHY DEFOGGI, | ) | AND F.R.Cr.P. 33 |
| | ) | |
| Defendant. | ) | |

Comes now Defendant, by and through his undersigned attorney, and for his Motion Pursuant to F.R.Cr.P. 29 and F.R.Cr.P. 33, states that, while Defendant continues to claim in general that there is insufficient evidence at trial to convict him of any of the charges for which jury verdicts of guilty were returned, and to deny that he is guilty of any of the offenses for which the jury returned verdicts of guilty at trial, and especially to deny that he is the person identified at trial as ["f. . .c. . ."], judgment of acquittal should be entered or a new trial granted especially as follows:

<u>Motion for Judgment of Acquittal Pursuant to F.R.Cr.P. 29</u>

1. Defendant moves for judgment of acquittal regarding Count 1 (Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g)) because the evidence produced at trial fails to satisfy beyond a reasonable doubt Element No. 1, or Element No. 2 of Instruction No. 7 (elements of child exploitation enterprise), as further explained in Instruction Nos. 8, 9, 10, 11 and 12.

2. Defendant moves for judgment of acquittal regarding both Counts 2 and 3 (conspiracy to advertise child pornography, in violation of Title 18, United States Code, Sections 2251(d)(1) and (e); and conspiracy to distribute child pornography, in violation of Title 18,

1

United States Code, Sections 2252A(a)(2) and (b)(1)) because conviction on Count 1, as opposed to Counts 2 and 3, and on Counts 2 and 3 as compared to each other, constitutes a violation of the Double Jeopardy Clause of the Fifth Amendment:

    a. based on an examination of the language on the face of all three statutes, as three related parts of Chapter 110 of the United States Criminal Code, or

    b. all of said offenses rest on the same activity as that alleged and proven at trial regarding Count 1 (Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252(a)(g)), and Counts 2 and 3 do not require the proof of any element not contained in the statute at issue in Count 1,

Counts 2 and 3 constitute lesser included offenses of Count 1. According to the evidence at trial and the Government's theory of prosecution, Counts 2 and 3 are actually one conspiracy with multiple purposes, thereby exposing Defendant to multiple penalties for the same crime.

    3. Defendant moves for judgment of acquittal regarding Count 2 (conspiracy to advertise child pornography, in violation of Title 18, United States Code, Sections 2251(d)(1) and (e)) because the evidence produced at trial fails to satisfy beyond a reasonable doubt Element No. 2, or Element No. 3 of Instruction No. 13, as further explained in Instruction Nos. 14, 15 and 16.

    4. Defendant moves for judgment of acquittal regarding Count 3 (conspiracy to distribute child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1)) because the evidence produced at trial fails to satisfy beyond a reasonable doubt Element No. 1, 2 or 3 of Instruction No. 17, as further explained in Instruction Nos. 18, 19 and 20.

    5. Defendant moves for judgment of acquittal regarding Counts 4, 5, 6 and 7 (each

charging access with intent to view child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) because the evidence produced at trial regarding each Count failed to satisfy beyond a reasonable doubt Element No. 1 , or Element No. 3 of, respectively, Instructions No. 21, 22, 23 and 24, as further explained in Instruction No. 28.

### Motion for New Trial Pursuant to F.R.Cr.P. 33

1. Defendant moves for a new trial pursuant to F.R.Cr.P. 33 on the basis of the reasons stated above, hereby incorporating herein his reasons for entry of judgment of acquittal regarding, respectively, Counts 1-7, inclusive, by this reference incorporating paragraphs No. 1-5, inclusive, above, as though set forth herein in full, applying said reasons in the alternative to his Motion for New Trial.

2. Defendant moves for a new trial based on the quantity and nature of evidence admitted at trial regarding, among other issues: the PedoBook website; the use of the website by persons other than the person claimed to be the Defendant, and the extremely inflammatory fantasy comments claimed to be made by the Defendant, regarding despicable actions toward minor children, including, but not limited to, especially by the person identified as ["f. . .c. . .],", in that said evidence was in the aggregate unduly prejudicial to the Defendant pursuant to F.R.Evid. 403, and swayed the jury to return verdicts regarding any and all counts, which verdicts were not based on facts proven beyond a reasonable doubt relevant to the Elements of the offenses charged in Counts 1-7, but, rather, on the basis of impermissible emotional reaction to the unduly prejudicial evidence.

3. Defendant moves for a new trial based upon the weight of the evidence, the Double Jeopardy issues, and Jury Instruction issues, which issues in concert with the others raised here expose Defendant to a serious miscarriage of justice.

4. As a contingent motion as explained in the accompanying Brief, and as an extraordinary application of the principle of "newly discovered evidence," Defendant moves for a new trial because Defendant was not allowed to present evidence of Dan Bright and other relevant evidence regarding Defendant's affirmative defense that Defendant was accessing Tor sites in order to map otherwise hidden sources of information on the Tor network as professional and security interests of his then current and historical employment with the federal government.

Wherefore, Defendant respectfully requests the Court to enter judgment of acquittal regarding Counts 1-7, or in the alternative, with regard to any Counts for which judgment of acquittal is not entered, to grant Defendant a new trial.

                    TIMOTHY DEFOGGI, Defendant

By:    s/Stuart J. Dornan
        STUART J. DORNAN, #A0011658
        Dornan, Lustgarten & Troia, PC, LLC
        1403 Farnam Street, Suite 232
        Omaha, Nebraska 68102
        Tel: 402.884.7044
        Fax: 402.881.7045
        stu@dltlawyers.com

        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2014, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Michael P. Norris, Assistant United States Attorney

and I hereby certify that I have electronically served (via email) a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below:

N/A

                                                By:    s/Stuart J. Dornan
                                                              STUART J. DORNAN, #A0011658
                                                              Attorney for Defendant