IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

TIMOTHY DEFOGGI,

          Defendant.

CASE NO. 8:13CR105

MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Acquittal under Federal Rule of Criminal Procedure 29, and Motion for New Trial under Federal Rule of Criminal Procedure 33 (Filing No. 260), filed by Defendant Timothy DeFoggi ("Defendant"). For the reasons stated, the Motion for Judgment of Acquittal will be granted in part, and the Motion for New Trial will be denied.

## BACKGROUND

On August 19, 2014, through August 22, 2014, the Court held a jury trial on the charge against the Defendant. On August 26, 2014, the jury returned a verdict on all seven counts alleged in the Indictment (Filing No. 1). The Defendant now moves for a judgment of acquittal because the evidence produced at trial failed to satisfy some of the elements in each of the seven counts. Alternatively, he moves for a new trial because of the unduly prejudicial effect of evidence adduced at trial.

## MOTION FOR JUDGMENT OF ACQUITTAL

1.    **Standard of Review**

Under Rule 29, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). Rule 29(c) permits defendants to move the Court to set aside a verdict and enter judgment of

acquittal after trial. "A district court must consider a motion for judgment of acquittal with 'very limited latitude' and must neither assess the witnesses' credibility nor weigh the evidence." *United States v. Johnson*, 474 F.3d 1044, 1048 (8th Cir. 2007) (quoting *United States v. Thompson,* 285 F.3d 731, 733 (8th Cir. 2002)). The evidence must be viewed in a light most favorable to the government, and the government is afforded the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The Court must uphold the jury's verdict "if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." *Thompson*, 285 F.3d at 733. Further, the Court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Peters*, 462 F.3d at 957 (quoting *United States v. Serrano–Lopez*, 366 F.3d 628, 634 (8th Cir.2004)).

**2.      Count I: Child Exploitation Enterprise**

Count I alleged that Defendant engaged in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). A person violates § 2252A(g) if the person commits one of the offenses listed in 18 U.S.C. §§ 1591, 1201, or one of the offenses listed in Chapters 109A, 110, or 117 of Title 18, "as a part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons." 18 U.S.C. § 2252A(g). Viewing the evidence in a light most favorable to the Government, the standard for entering a judgment of acquittal has not been met.

The evidence tied the Defendant to the online aliases "fuckchrist" and "PTasseater" on the PedoBook website, and activity associated with those identities

2

was attributable to him. (*See* Filing No. 234 at 309-312[1] (establishing Tor traffic at the residence around 5:00 am); Filing No. 234 at 316 (establishing that one person from the basement level, who was not Christopher Casto, fled to the main level of the residence); Filing No. 234 at 354-356 (establishing that upon entering the main floor of the residence, Special Agent Smith observed Defendant kneeling on the floor with a laptop in his hands); Filing No. 234 at 356-358 (establishing that SA Smith had to remove Defendant forcibly from the laptop and observed that the laptop was actively downloading a file from a Tor hidden service website called Onion Pedo Video Archive, a website dedicated to the distribution of child exploitation material videos); Filing No. 234 at 251-254 (establishing that user "fuckchrist," in his private messages, told other members that he resides in the Maryland/D.C./Virginia area and that he is usually on the website in the early morning, between 3 am and 6 am, before his roommate wakes up); Filing No. 235 at 562 (establishing that Defendant's domestic partner wakes up around 6:30 or 7:00 am); Filing No. 234 at 259-286 (establishing that through various law enforcement investigative techniques, including open source searches, administrative subpoenas, and cooperation with foreign law enforcement, the names "fuckchrist" and "PTasseater" were uniquely identified as belonging to Defendant)).

There is also evidence that Defendant engaged in child exploitation activities prohibited by Chapter 10 of Title 18. For example, Special Agent Gordon testified that on four particular dates named in the Indictment under Counts IV through VII (11/21/2012, 11/26/2012, 12/4/2012, and 12/8/2012), the Defendant accessed numerous images of child pornography, depicted in Exhibits 5A through 5D and 6A through 6D, which captured user

---

[1] References to page numbers in the Trial Transcript (Filing Nos. 232-237) are to the consecutively numbered transcript and not the ECF generated page number.

activity logs from the website as well as screen shots of that activity. (Filing No. 234 at 233-245.) Special Agent Gordon testified that the Defendant "actually clicked on and viewed" child pornography files, as indicated by the user log entries, on all four dates. (*See, e.g.*, Filing No. 234 at 234-239.) There was also evidence of Defendant's intent through, for example, his discovery of a website dedicated to the sexual exploitation of children, which could not be found without extensive knowledge of Tor and an effort to maintain anonymity while accessing child pornography, (*see* Filing No. 232 at 135-138, 145-146; *see also* Filing No. 234 at 383-382); and his registration as a member of the website, creating a profile page, selecting or accepting other members as "friends," requesting or soliciting child pornography from other users, and soliciting and obtaining membership in various groups. (*See* Filing No. 232 at 146, 170-181; Filing No. 234 at 249.)

The government also presented at trial substantial evidence to show the Defendant's participation in a criminal conspiracy with three or more other persons. Specifically, Special Agent Gordon's testimony and the exhibits admitted during his testimony established that the images of child pornography accessed by the Defendant on the dates for which he was charged with accessing with intent to view child pornography were posted by three or more other site members. (*See, e.g.*, Filing No. 234 at 240 (testimony that all the pages viewed by user "fuckchrist" on December 4, 2012, during a particular session contained images of child pornography uploaded by the user "jackspade."); Filing No. 234 at 245 (testimony that on December 8, 2012, user "fuckchrist" accessed numerous web-pages featuring images of child pornography uploaded by other members of the website)). Evidence of Defendant's actions on the website included registration of a username, creation of a persona, interaction with other users via private messages, the joining of public groups, the joining of private

groups where child pornography shared was limited to group members, and solicitation of particular child pornography from other users. Accordingly, this evidence is sufficient to support the jury's finding of guilt on Count I.

3.     **Counts II and III: Conspiracy to Advertise or Distribute Child Pornography**

Defendant moves to dismiss Counts II and III because they are lesser included offenses of Count I. The Government concedes that Counts II and III are lesser included offenses of Count I. Because the Court finds that the evidence adduced at trial supports the conviction under Count I, the convictions under Counts II and III will be vacated and the Court will not impose a sentence on those Counts. Should the Court of Appeals find the evidence is insufficient to support an element of the greater offense of Count I, the Court may revisit Counts II and III to determine whether conviction of a lesser included offense should be reinstated. *Rutledge v. United States*, 517 U.S. 292, 305 (1996).

4.     **Counts IV-VII: Accessing Child Pornography**

Defendant argues the convictions on Counts IV through VII, inclusive, must be vacated because there is no evidence that the images of child pornography Defendant accessed traveled through interstate commerce prior to Defendant accessing them. Specifically, Defendant argues that the interstate nexus must have been established prior to Defendant's actual access of the image of child pornography on PedoBook. (Filing No. 261 at 31.) The Court disagrees. There is evidence that all images and videos available on the PedoBook website, which were uploaded by the global membership of the site, had traveled through interstate commerce before and at the time of Defendant's access. (*See e.g.* Filing No. 232 at 93-94 (demonstrating that Special Agent Tarpinian testified that the server that hosted the data that comprised the PedoBook website was located in Omaha,

5

Nebraska); Filing No. 234 at (demonstrating that Special Agent Gordon testified that a user accessing the PedoBook website and its content from Maryland was actually accessing data that resided on and had traveled from a server located in Bellevue, Nebraska).) Accordingly, the Court concludes that there is sufficient evidence to support the interstate commerce element of Counts IV through VII.

**5.     Conclusion on Motion for Judgment of Acquittal**

For the reasons stated, the Court concludes that there is sufficient evidence to support the jury's verdict on Counts I, and Counts IV through VII. Counts II and III will be vacated as lesser included offenses of Count I, and will not be considered in sentencing.

## MOTION FOR NEW TRIAL

**1.     Standard of Review**

Federal Rule of Criminal Procedure 33(a) states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Court has broad discretion in deciding motions for new trial, and its decision is subject to reversal only for a clear and manifest abuse of discretion. *United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013). In considering a motion for new trial, the Court "need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980); *see also Amaya*, 731 F.3d at 764. Despite the Court's broad discretion, "motions for new trials based on the weight of the evidence generally are disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution." *United States v. Vore*, 743 F.3d 1175, 1181 (8th Cir. 2014) (quoting *Johnson*, 474 F.3d at 1050-51). "A district court may grant a new trial for

6

insufficiency of the evidence only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *Id.* (quoting United States v. Lacey, 219 F.3d 779, 783 (8th Cir.2000) (internal marks omitted)).

Defendant argues that a new trial is proper because (1) the weight of the evidence regarding Counts I through VII weighs substantially against the guilty verdicts, such that a serious miscarriage of justice may result unless a new trial is granted; (2) Double Jeopardy issues exist regarding Counts 1, 2 and 3; (3) some of the Instructions given by the Court, even in the absence of objection by Defendant's then counsel, are an inappropriate statement of the law; (4) the quantity and nature of evidence admitted at trial regarding the PedoBook website, the use of the website by persons other than the Defendant, and the evidence regarding "fantasy communications" by Defendant, particularly as considered in the aggregate, are unduly prejudicial and especially inflammatory; or (5) one or more witnesses essential to the defense were not produced. For the reasons stated, the Court concludes that the evidence does not weigh heavily in favor of a new trial.

**2.   Weight of the Evidence and Double Jeopardy**

For the reasons already discussed regarding Defendant's Motion for Judgment of Acquittal, the Court concludes that there is sufficient evidence in the record to support the convictions under Counts I and Counts IV through VII. Further, because the Court will vacate the convictions under Counts II and III, it will not address Defendant's Double Jeopardy arguments. Accordingly, the Court will not grant a new trial on either basis.

**3.   Jury Instructions**

Defendant makes several objections to the Court's instructions to the jury. These objections include restating objections made by Defendant's counsel at trial, as well as objections not made at trial. "A defendant is entitled to a specific jury instruction 'that

conveys the substance of his request if his request is timely, it is supported by evidence in the case, and is a correct statement of the law.'" *United States v. Whitehead*, 176 F.3d 1030, 1037 (8th Cir. 1999) (quoting *United States v. Tucker*, 137 F.3d 1016, 1036 (8th Cir.1998)). "However, a defendant 'is not entitled to a particularly-worded instruction when the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction.'" *United States v. Cruz-Zuniga*, 571 F.3d 721, 725 (8th Cir. 2009) (quoting *United States v. Long*, 977 F.2d 1264, 1272 (8th Cir. 1992). "The district court has wide discretion in formulating appropriate jury instructions." *Id.* (internal marks and citations omitted).

The Defendant has not identified any misstatement of the law contained in the instructions to the jury, nor has he offered any justification for considering his untimely objections. The Defendant has not alleged any prejudicial effect of the instructions to the jury; nor has he demonstrated that the judicial proceeding's integrity was jeopardized by the instructions given. Accordingly, the Court will not revisit its prior rulings, nor will it consider additional objections to the jury instructions not made at the trial.

**4.     Unduly Prejudicial Evidence**

Defendant challenges the range and quantity of evidence received regarding PedoBook in general, and regarding users of PedoBook other than Defendant. The admission of evidence regarding the operation and functionality of the PedoBook website was necessary to provide the jury with an understanding of the charged offenses and the method and means by which he committed them. Defendant has failed to demonstrate this evidence was unduly prejudicial.

Defendant also challenges the admission of evidence regarding "fantasy chat" statements involving Defendant, especially because it was not demonstrated that he

8

attempted to commit any actual offenses that were the subject of the fantasies. Regarding this evidence, the Court previously held:

> [T]he content of the chats, while graphic and aberrant, has some tendency to make certain facts more or less probable than [they] would be without the evidence. Such facts are of consequence in this action. In particular, the chats, both the existence of them and the content, tend to show the identity, intent, and knowledge of the participants. The prejudicial nature of the chats' content does not outweigh the probative value.

(Filing No. 148 at 9.) For the reasons already stated, the admission of this evidence is not grounds for a new trial.

**5.      Newly Discovered Evidence**

Defendant argues that at trial he attempted to mount an affirmative defense regarding his access to the Tor network, suggesting it was an exercise of personal professional interest and federal agency security, or an attempt to map certain functions/parts of Tor. Defendant argues that he had anticipated introducing the testimony of Dan Bright regarding this subject. However, Defendant was summarily denied this opportunity when his then-attorney failed to proffer the testimony of Bright, failed to prove up service of a subpoena upon Bright, and failed to request a continuance of trial to produce this witness. Defendant presents this argument as an alternative argument, recognizing that it may be more appropriate for a claim of ineffective assistance of counsel. Defendant requests that the Court consider this argument withdrawn if the Court considers this argument as a claim for ineffective assistance of counsel.

"To receive a new trial, the movant must show that the newly discovered evidence is of such a nature that, in a new trial, [it] would probably produce an acquittal." *United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005). The flaw in Defendant's argument is that the evidence he now seeks to introduce was not newly discovered. The evidence was available to Defendant, but his attorney chose not to introduce it. As Defendant recognizes in his

brief, this argument is not appropriate for a motion for a new trial. Accordingly, the Court will consider this argument as withdrawn.

### 6. Conclusion on Motion for New Trial

For the reasons stated, Defendant has not shown that the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. Accordingly, Defendant's Motion will be denied.

IT IS ORDERED:

1. The Motion for Acquittal under Federal Rule of Criminal Procedure 29 (Filing No. 260), filed by Defendant Timothy DeFoggi, is granted in part as follows:

    a. The convictions under Counts II and III are vacated as lesser included offenses of Count I.

    b. The Motion is otherwise denied.

2. The Motion for New Trial under Federal Rule of Criminal Procedure 33 (Filing No. 260), filed by Defendant Timothy DeFoggi, is denied.

Dated this 30th day of December, 2014

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge