IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )  | |
|               Plaintiff,          )  | 8:13CR105 |
|                                   )  | |
|                                   )  | |
|    vs.                            )  | |
|                                   )  | |
|                                   )  | |
| TIMOTHY DEFOGGI,                  )  | |
|               Defendant.          )  | |
|                                   )  | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Prepared and Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone: (402) 661-3700

KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC 20530
(202) 305-4104

SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC 20530
(202) 353-4979

The United States of America, by and through undersigned counsel, hereby files this sentencing memorandum. Based on the sentencing factors set forth in 18 U.S.C. § 3553(a), including the relevant Sentencing Guidelines, the Government requests that the Court sentence the defendant to a high-end guideline sentence in this case.

## I. INTRODUCTION

### A. Procedural Background

After a four-day jury trial, Defendant Timothy DeFoggi was found guilty on August 26, 2014 on all seven counts in the Indictment. See Dkt. No. 215.[1] The lead offense of engaging in a child exploitation enterprise carries a mandatory minimum term of imprisonment of 20 years and a maximum sentence of life imprisonment, followed by a minimum of five years and maximum of lifetime supervised release, a $250,000 fine and a $100 special assessment. The presentence investigation report ("PSR") correctly applies United States Sentencing Guideline § 2G2.6 (Child Exploitation Enterprises) to calculate a base guideline level of 35 and guideline enhancements for victims under 12 years old (+4) and the use of a computer in furtherance of the offense (+2) for a guideline score of 41 and a guideline range of 324-405 months. PSR ¶¶ 92-94, 98, 137. Sentencing is currently scheduled for January 5, 2015, at 2:30 p.m.

### B. Pertinent Facts

Trial evidence demonstrated beyond a reasonable doubt that the defendant, acting through his online aliases "PTasseater" and "fuckchrist," joined and participated actively in the Tor-

---

[1] As noted in its opposition to the defendant's motion for judgment of acquittal/new trial, see Dkt. 272, p. 9, the government will request at the time of sentencing that the Court vacate the jury's verdict on Counts II and III and not impose any sentence on those Counts. The government will also request that the Court condition the vacating of those convictions upon Count I being upheld on appeal. In the event that the conviction on Count I were to be reversed but Counts II or III upheld, the appellate court could then either reinstate the verdicts or order this Court to do so and resentence the defendant. See Rutledge v. United States, 517 U.S. 292, 305 (1996).

2

network-based "PedoBook" online social networking community. PSR ¶¶ 28-43. During the course of his membership in that community the defendant repeatedly accessed child pornography depicting infant and toddler-aged children being raped by adults or engaging in other sexually explicit activity; joined public and private groups such as "Boys Hardcore," "Kids with dogs & other animals," "Toddler Girls Forced" and "0-2 Year Little Girls Private Sharing Group 2012," which gave him access to particular types of child pornography; created a persona to encourage others to interact with him in order to further his particular interest in violent child pornography and child sexual abuse; interacted frequently with fellow site members via private messaging; solicited child pornography from fellow members; discussed his desires to commit the violent rape and murder of children; and sought to meet at least one fellow member to share in and facilitate that desire. Id.

The defendant took substantial steps to avoid law enforcement detection of his unlawful activity. Trial evidence demonstrated that the PedoBook social networking community operated on the anonymous Tor network, designed to prevent detection of user activity by encrypting and routing communications through multiple computers or "nodes" before reaching their destination. The defendant deployed multiple software programs, including Eraser and CCleaner, to delete evidence of his computer and web browsing activity. PSR ¶ 79. And when finally confronted by law enforcement agents executing a search warrant in his home, he immediately ran for his laptop computer (which was in the process of downloading a child pornography video from a Tor-network-based child pornography archive) and had to be physically removed from it by an FBI agent. PSR ¶ 69.

Despite his attempts to avoid detection and destroy evidence of his illegal activity, diligent forensic examination found a substantial amount of child pornography, including images depicting infants and toddlers being raped and sexually exploited, on that laptop computer and other digital media within his household. PSR ¶¶ 70-83.

## II. ARGUMENT

In determining the appropriate sentence, the Court must apply all the factors set forth in 18 U.S.C. § 3553(a), including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide necessary treatment to the defendant; (3) the kinds of sentences available; (4) the sentencing range established by the U.S. Sentencing Guidelines; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims of the offense. An examination of the defendant's behavior, in light of all of those factors, demands a serious punishment.

### A.   The Defendant's Conduct Warrants a Substantial Sentence

The defendant actively engaged in a massive, global online community dedicated to the sexual exploitation of children. While doing so, he accessed child pornography including images depicting the violent abuse of infants and toddlers, solicited child pornography from fellow members, and frequently engaged in communications that revealed his prurient interest in the violent sexual abuse of young children. While safely within the confines of like-minded persons and shielded from identification through the use of screen names and the technology of the

anonymous Tor network, the defendant was free to reveal his true, violent desires to rape and murder children. What his attorney seeks to dismiss as fantasy chat in fact provides great insight into the defendant's true desires and motivations and should be of great concern to this Court and the community. Furthermore, drawing on his years of technical training and expertise, the defendant also chose to deploy technology – the anonymous Tor network as well as multiple evidence elimination programs – to keep his illicit behavior hidden from the prying eyes of law enforcement. The defendant's words and actions make clear that he poses a significant risk to the community and to children in particular, and warrant a significant sanction.

      B.    **The Defendant's Attack on the Sentencing Guidelines is Misplaced in the Context of this Case**

In his sentencing memorandum, the defendant cites to the U.S. Sentencing Commission's 2012 report regarding the child pornography guidelines in an effort to argue that the guidelines applied in this case are flawed. See FEDERAL CHILD PORNOGRAPHY OFFENSES, UNITED STATES SENTENCING COMMISSION (2012), available online at: http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf. That report focused almost exclusively upon the application of U.S.S.G. § 2G2.2 to non-production child pornography offenses (possession, receipt and distribution) and the various enhancements that apply to convictions for those crimes. Accordingly, the vast majority of the criticisms of the guideline enhancements and application in that report are entirely inapplicable to the instant case, which involves U.S.S.G. 2G2.6 (Child Exploitation Enterprises). In any event, the Sentencing Commission report strongly supports the imposition of a significant sentence in this case, where

the defendant's conduct involved participation in an online community dedicated to the sexual exploitation of children.

The Sentencing Commission dedicated a significant section of its report to the study of child pornography communities such as the one the defendant joined and actively participated in. See Id. at 92-99. Ultimately, in its findings, the Sentencing Commission concluded that:

> offenders' participation in Internet "communities" in which members promote and share child pornography validates the sexual exploitation of children and may lead to the production of new child pornography images (and the consequent sexual abuse of children) by other community members . . . .

and that:

> [c]hild pornography offenders who are involved with others in Internet-based child pornography "communities" . . . normalize and validate sexual exploitation of children, promote the "market" for child pornography, and may directly or indirectly encourage others to produce new images of child pornography.

Id. at 312-13. In fact, based upon those findings and the report as a whole, the Sentencing Commission recommended that in any amendments to the child pornography guidelines, one of the three "primary factors that should be considered in imposing sentences" in child pornography cases be: "the degree of an offender's engagement with other offenders — in particular, in an Internet 'community' devoted to child pornography and child sexual exploitation." Id. at 320.

In an unavailing attempt to re-frame (and drastically minimize) his own criminal conduct, the defendant attempts to portray his criminal activity as that of a passive recipient of child pornography. The facts of this case belie those attempts. The defendant chose to become an active participant in a child pornography community. As the Sentencing Commission recognized, that conduct normalizes and validates the sexual exploitation of children and encourages the production of new images of child pornography. The defendant could have

chosen to be a passive consumer of child pornography if he wished to do so.  He did not.  This court should sentence the defendant according to his actual choices and conduct.

### C. The Mandatory Minimum Penalty in this case is Lawful and Consistent Inter and Intra-jurisdictionally

Continuing with his attempt to re-frame and minimize his conduct, the defendant contends that the imposition of the statutorily-required mandatory minimum punishment in this case would be a violation of his Eighth Amendment rights.  The defendant also contends that he would be entitled to a proportionality review of his sentence in this case, citing Solem v. Helm, 463 U.S. 277 (1983) and a concurring opinion of three Justices in Harmelin v. Michigan, 501 U.S. 957 (1991).[2]

The Eighth Circuit "has never held a sentence within the statutory range to violate the Eighth Amendment."  United States v. Vanhorn, 740 F.3d 1166, 1170 (8th Cir. 2014) (citing United States v. Neadeau, 639 F.3d 453, 456 (8th Cir.2011)).  The statutory guideline range in this case is 324-405 months, well above the 240 month mandatory minimum sentence.  The government has found no case where the mandatory minimum sentence associated with the Child Exploitation Enterprise statute has been successfully challenged under such a theory.  Considering the defendant's conduct as an active member of an organized child pornography community, this is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."  Vanhorn, 740 F.3d at 1170.  Even if it did, that would only begin, and not end, the analysis.  Examining the factors

---

[2] Whether the defendant is entitled to any such review in the first place, let alone by the sentencing Court, is, at best, unclear.  Even the plurality opinion the defendant cites in Harmelin recognized that "[t]he Eighth Amendment does not require strict proportionality between crime and sentence," Id. at 1001, while two other Justices concluded in that case that "the Eighth Amendment contains no proportionality guarantee" at all. Id. at 965.

7

to which the defendant points, a mandatory-minimum or guideline sentence here is not a violation of the Eighth Amendment.

By comparing his conduct to other, dissimilar offenders who committed other charged crimes, the defendant contends that the imposition of a mandatory minimum sentence in this case would be inconsistent inter and intra-jurisdictionally. That contention is simply incorrect. The defendant is the sixth member of the PedoBook online child pornography community to be prosecuted and sentenced in the District of Nebraska. Unlike the defendant, all of those other defendants pled guilty and received full credit for accepting responsibility. Their names, case numbers and sentences are described in the table below:

| Aaron McGrath | 12-cr-422 | 20 years of imprisonment following guilty plea to engaging in a child exploitation enterprise (after 5K1.1 reduction for substantial assistance to the government)[3] |
|---|---|---|
| Jason Flanary | 13-cr-104 | 20 years of imprisonment following guilty plea to engaging in a child exploitation enterprise[4] |
| Zackary Austin | 13-cr-105 | 16 years of imprisonment following guilty plea to conspiracy to distribute child pornography;[5] |
| Wesley Cameron | 13-cr-319 | 15 years of imprisonment following guilty plea to conspiracy to advertise child pornography[6] |
| Charles MacMillan | 13-cr-319 | 12 years of imprisonment following guilty plea to conspiracy to advertise child pornography, received 5K1.1 and 18 U.S.C. § 3553 departures for substantial assistance to the government (testified at DeFoggi trial).[7] |

Accordingly, when viewed in light of his conduct and the fact that he did not accept responsibility or cooperate with the government, the defendant's guideline sentencing level is consistent with other members of the same online child pornography community.

---

[3] The United States requested a guideline sentence of 30 years of imprisonment. McGrath was the administrator of the PedoBook website, among other sites.

[4] The United States agreed to a guideline sentence of 20 years of imprisonment.

[5] The United States requested a guideline sentence of approximately 22 years of imprisonment.

Numerous other offenders have been prosecuted under the Child Exploitation Enterprise statute in connection with their participation in online child pornography communities. For example, in the U.S. District Court for the Western District of Louisiana, 46 members of the "Dreamboard" online child pornography community were successfully prosecuted for engaging in a child exploitation enterprise, or conspiracy to advertise or distribute child pornography. See case nos. 10-cr-319, 11-cr-62 and 11-cr-146. Their sentences varied from 5 years of imprisonment (in the case of a cooperating defendant) to, in three instances, lifetime imprisonment. The vast majority of the sentences for engaging in a child exploitation enterprise in those cases significantly exceeded the 20-year mandatory minimum sentence. None of the sentences were overturned on Eighth Amendment grounds.

### III.  CONCLUSION

For the reasons stated herein and further at the upcoming sentencing hearing, the government respectfully requests that the Court impose a high-end guideline sentence in this case.

Respectfully submitted,

\_\_\_/s_____
MICHAEL P. NORRIS
ASSISTANT U.S. ATTORNEY

\_\_\_/s_____
SARAH CHANG
TRIAL ATTORNEY

\_\_\_/s_____
KEITH BECKER
TRIAL ATTORNEY

---

[6] The United States requested a guideline sentence of approximately 17 years of imprisonment.
[7] The United States agreed to a sentence of 12 years of imprisonment.

CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of this motion to be sent to counsel for defendant, Stuart J. Dornan, via e-mail on December 31, 2014, at stu@dltlawyers.com.

          /s_____
KEITH BECKER
TRIAL ATTORNEY