# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY R. DEFOGGI,<br><br>Defendant. | 8:13CR105<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 345. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Following a jury trial, Defendant Timothy R. Defoggi was found guilty of the following Counts of the Indictment: Count I (Knowingly engaging in a child exploitation enterprise), Count II (Conspiracy to advertise child pornography), Count III (Conspiracy to distribute child pornography), Count IV (Access with intent to view child pornography), Count V (Access with intent to view child pornography), Count VI (Access with intent to view child pornography), and Count VII (Access with intent to view child

pornography). The Court vacated the convictions on Counts II and III as lesser-included offenses of Count I. On January 6, 2015, the Court sentenced the Defendant to 300 months incarceration on Count I, and 120 months incarceration on each of the remaining Counts, all to be served concurrently, followed by supervised release for his lifetime on each count, also to be served concurrently.

DeFoggi filed a timely appeal, and the U.S. Court of Appeals for the Eighth Circuit affirmed in part and reversed in part, vacating his conviction on Count I (Knowingly engaging in a child exploitation enterprise), and remanded the case for re-sentencing. The Court resentenced Defoggi to 75 months on Counts IV, V, VI, and VII, each, to run consecutively, for a total term of incarceration of 300 months, followed by supervised release for his lifetime on each count, to be served concurrently. Defoggi again timely appeared, and the Amended Judgment of the Court was affirmed by the U.S. Court of Appeals for the Eighth Circuit. Defoggi's motion for rehearing *en banc* was denied, and the mandate was issued on February 20, 2018.

DeFoggi's § 2255 Motion is his first such motion, and it is timely. He asserts sixteen grounds based on alleged ineffective assistance of counsel at trial, sentencing, and on appeal. It is noted that Defoggi was represented at trial by two lawyers from a firm specializing in criminal defense. One of the lawyers was court-appointed, and the other served pro bono. On appeal, DeFoggi was represented by retained counsel, also from a firm specializing in criminal defense.

**DISCUSSION**

To establish ineffective assistance of counsel, Defoggi must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*,

2

466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

## I. Ground One: "Failure of Trial Counsel to Protect Against Retaliation as Prohibited Under the Whistle Blower Protection Act or Other Applicable Laws"

Defoggi suggests that the prosecution leading to his convictions and sentence was instigated in retaliation for his involvement in government counter-espionage activities. He speculates that an FBI agent with the initials "R.M." may have had a motive to initiate the investigation leading to the charges, in retaliation for Defoggi's diligent pursuit of national security. He asserts that his trial counsel should have raised this issue before or during trial.

Defoggi's allegations regarding the government's motives for its investigation and prosecution are highly speculative and contrary to the evidence adduced at trial. His trial counsel were not deficient for failing to pursue Defoggi's allegations of retaliatory motive, nor did Defoggi suffer prejudice as a result of such failure.

## II. Denial of Classified Testimony in Violation of Classified Information Procedures Act

3

Defoggi asserts that he advised his trial counsel of a critical need for classified testimony at trial, regarding Defoggi's legitimate work with the TOR[1] network. The Court notes that Defoggi did testify at trial and explained to the jury his background in computer technology, including the TOR network, and it was not disputed that Defoggi may have had legitimate reasons to access the TOR network in connection with his work.

Defoggi has not demonstrated that his counsel were ineffective for failing to gather and offer classified testimony, or that any such classified testimony would have provided a defense for his use of computer technology to access child pornography.

## III. Failure to Develop and Disclose Exculpatory Forensic Evidence at Trial

Defoggi suggests that his trial counsel should have developed additional forensic evidence to demonstrate that Christopher Casto, a resident in Defoggi's home, was the likely perpetrator of the offenses.

Casto, a young man with intellectual disabilities who was befriended by Defoggi as a child and adopted by Defoggi at age 18, testified at trial. Defense counsel, as well as government's counsel, thoroughly explored the issues of Casto's access to computers in the Defoggi household and Casto's usernames.

The evidence adduced at trial demonstrated that Defoggi was found by law enforcement upon the execution of a no-knock warrant, and was holding his laptop computer, attempting to delete incriminating files. Defoggi and his username were linked to the incriminating evidence beyond a reasonable doubt.

---

[1] Testimony at trial established that the TOR network, alternatively referred to as the Onion Router or the Dark Web, may be used to conceal the source of internet communications.

Defoggi has not demonstrated that his trial counsel were deficient in failing to gather more forensic evidence in an attempt to link Casto to the crimes, nor that any additional forensic evidence would have yielded a different result.

## IV.  Denial of Polygraph Examination

Defoggi contends that his trial counsel were ineffective because they failed to obtain a polygraph examination from Defoggi and offer it at trial.

The U.S. Court of Appeals for the Eighth Circuit has held that "the results of unstipulated polygraph examinations should not be admissible in evidence at a criminal trial." *United States v. Alexander*, 526 F.2d 161, 166, (8th Cir. 1975).  Accordingly, even if Defoggi's trial counsel had obtained his polygraph examination, and that examination tended to be exculpatory, it would not have been admissible at trial.

Defoggi has not demonstrated that his trial counsel were deficient in failing to obtain his polygraph, nor that he suffered any prejudice as a result of that failure.

## V.  Denial of Psychological Examination

Defoggi contends his trial counsel were ineffective in failing to obtain and offer his psychological evaluation prior to trial, to counter the government's portrayal of him as a child sexual predator.

Any portrayal of Defoggi as a child sexual predator at trial was based on the content of admissible evidence including internet search terms, material accessed by Defoggi, and Defoggi's internet chatroom communications.  While psychological evaluations may be useful at the time of sentencing to predict future danger to the public, if a defendant is honest and forthright, a psychological evaluation would not have been admitted at trial to show Defoggi's propensity to commit, or not commit, the crimes

5

charged. Nor would the Court have given weight to such a psychological evaluation at the time of sentencing, because Defoggi continues to deny all responsibility for his offenses.

Accordingly, Defoggi has not demonstrated that his trial counsel were deficient in failing to obtain or offer a psychological evaluation at the time of trial, or sentencing, nor has he demonstrated that he suffered any prejudice as a result of that failure.

## VI. Failure to Subpeona U.S. Government Email Records in Support of TOR Cyber Defense Strategies

Defoggi's argument in Ground VI of his § 2255 Motion is duplicative of the argument in Ground II, referring to email communications rather than testimony. The arguments presented in Ground VI fail for the same reason as those presented in Ground II.

## VII. Defense of the Use and Broad Spectrum Targeting of the TOR Network

Defoggi contends that his trial counsel were ineffective for failing to call Dan Bright as a witness to testify about Defoggi's legitimate uses of the TOR network. As with Ground, VI, this argument fails for the same reasons discussed in Ground II.

## VIII. Failure to Adequately Challenge Improper Enhancements and to Request Downward Departure for Military/Public Service

Defoggi's assertion that his counsel failed to challenge sentencing enhancements or seek a downward departure or variance based on Defoggi's government service is contradicted by the record and without merit. See Def.'s Statement Regarding Presentence Investigation Report, ECF No. 267; Def.'s Sentencing Mem., ECF No. 269; Def.'s Sentencing Exs., ECF Nos. 270, 275;

Presentence Investigation Report, Addendum, Def.'s Objs., ECF No. 280, Page ID 2183-84.

## IX. Inappropriate Conduct and Coaching of a Witness in an Effort to Suppress Evidence from Jury Consideration

Defoggi suggests it was inappropriate for the Court and government counsel to question Casto outside the presence of the jury regarding his understanding of his Fifth Amendment right not to incriminate himself. The Court infers that Defoggi is also suggesting that his counsel should have objected to such questioning.

The Court has reviewed the transcript of Casto's testimony, including the questioning outside the presence of the jury, and finds no basis to conclude that Casto's testimony was in any way influenced by the questioning outside the presence of the jury, or that defense counsel were ineffective for failing to object to such questioning. See Trial Tr., ECF No. 235, 601:4–577:7, Page ID 1631–1655; Trial Tr., ECF No. 236, 613:3–623:4, Page ID 1669–1677.

## X. Failure to Provide Adequate Defense of False Charges and Unsupported Claims

Defoggi contends that his trial counsel should have challenged the government's charges in Counts I, II, and III of the Indictment, and that the jury was unfairly prejudiced by the presentation of evidence related to those charges. Even if Counts I, II, and III had been dismissed before trial, the evidence of Defoggi's communications that formed the basis for those charges likely would have been relevant to the charges in Counts IV, V, VI, and VII. Defoggi's assertion that the jury was prejudiced by the introduction of such evidence is speculative. The conduct underlying Counts I, II, and III was relevant

at sentencing and would have been considered even if all three charges had been dismissed at an earlier time. Defoggi has not demonstrated that his counsel at trial or sentencing were deficient for not obtaining dismissal of Counts I, II, or III at an earlier juncture, nor that he was prejudiced by any such alleged deficiency.

## XI. Unfairly Prejudicial Jury Selection

Defoggi contends that his trial counsel were ineffective by failing to strike a juror who described child pornography as "despicable," and questioned her own ability to be objective. Defoggi also contends that he was denied his right to a jury of his peers when jurors with computer expertise were removed by the peremptory strikes of the government.

When a prospective juror expresses concern about his or her ability to be objective because of abhorrence for the crime charged, the Court admonishes the prospective jurors that their function will not be to determine whether the conduct charged is abhorrent, but to determine whether the government has met its burden of proving beyond a reasonable doubt that the defendant did in fact commit each element of the crime charged. It is also noted that Defoggi sat with defense counsel during voir dire and had every opportunity to confer with counsel and urge the use of a peremptory strike for the juror in question if Defoggi was concerned about her objectivity.

With respect to the government's striking of jurors with computer expertise, Defoggi did not have a constitutional right to a jury of "peers" who shared his expertise in computer science. He had a right to a jury pool that represented a fair cross-section of society. *Holland v. Illinois*, 493 U.S. 474, 478 (1990) ("We reject petitioner's fundamental thesis that a prosecutor's use of peremptory challenges to eliminate a

8

distinctive group in the community deprives the defendant of a Sixth Amendment right to the 'fair possibility' of a representative jury.")

His trial counsel were not ineffective for failing to strike the juror who expressed negative opinion about child pornography, nor were they ineffective for failing to object to the government's striking of potential jurors with computer expertise, and Defoggi cannot demonstrate prejudice as a result of the alleged deficiencies.

## XII. Failure to request a Pretrial Evidentiary Review for Materials Constituting Counts 4-7

Defoggi argues that his counsel should have requested a pretrial review of materials alleged by the government to constitute child pornography, so the Court could have determined whether the materials did in fact "depict sexually explicit conduct as a matter of law, to avoid the potential prejudice of submitting to the jury a large volume of prurient materials that could not properly be found to be child pornography." § 2255 Motion, ECF No. 345, Page ID 2524.

Although Defoggi asserts that "six or more of the (11) viewings failed to meet the legal standard for child pornography," *id.,* each of the four counts of conviction was based on materials meeting the definition of child pornography, as set out in the jury instructions. The other exhibits shown to the jury were relevant and supported by proper foundation, and the Court cannot conclude that the government improperly attempted to prejudice the jury by subjecting it to prurient evidence not material to the charges. Defoggi has not demonstrated that his trial counsel were deficient for failing to seek a pretrial review of the alleged child pornography, or that he was prejudiced as a result of such failure.

## XIII. Failure to Adequately Defend Against Mischaracterization of Information Security Tools

Defoggi asserts that his trial counsel failed to counter the government's allegation that he used certain computer software to delete child pornography. Defoggi notes that he had many legitimate uses for such software programs in connection with his cybersecurity livelihood.

Defoggi testified at trial and described at length his work in cybersecurity. He also described at length his legitimate uses of "CCleaner" and "Eraser" software. Trial Tr., ECF No. 236, 652:10–657:3, Page ID 1706-1711. Based on the evidence presented at trial, the jury could infer that Defoggi's computer software programs designed to delete or erase files had legitimate uses. Defoggi has not demonstrated that his trial counsel were deficient for not presenting adequate evidence of the legitimate uses of Defoggi's computer file-deleting software.

## XIV. Failure to Provide Adequate Defense Against Collateral Claims

Defoggi contends that "collateral claims" arose during trial, which his counsel failed to address. Essentially, Defoggi argues that his trial counsel could have pursued additional lines of questioning in an attempt to demonstrate that although Defoggi was found by law enforcement in possession of his laptop computer in the act of deleting child pornography files, he may have been ignorant of the contents of the computer, and the child pornography may have been accessed and downloaded by Casto. For example, Defoggi suggests his trial counsel should have questioned the arresting officer, Special Agent Michael Mizer, as to whether Defoggi picked up his laptop "from a

random location as he did every morning" and whether Defoggi knew "that the laptop was connected to the TOR network at the time."

Many of the lines of questioning now suggested by Defoggi would not have withstood objections by opposing counsel at trial. It is also noted that both Defoggi and Casto testified at trial, and the jury had an opportunity to weigh their credibility. Defoggi has not demonstrated that his trial counsel were ineffective for failing to pursue the additional lines of questioning Defoggi now suggests, nor has he demonstrated that he suffered prejudice as a result of counsel's failure to pursue such lines of questioning.

## XV.  Failure to Request a Retrial

Defoggi contends that his trial counsel were deficient for failing to request a retrial after the jury's verdict. The record shows that Defoggi's counsel did file a Motion for Judgment of Acquittal under Fed. R. Crim. P. 29 and a Motion for New Trial under Fed. R. Crim. P. 33. ECF No. 260. Counsel also filed a supporting brief. ECF No. 261. The motions were renewed and re-briefed following the Court of Appeals' remand for resentencing. See ECF Nos. 315, 316, 317. Defoggi's assertion that his counsel were ineffective for failing to move for retrial or acquittal is without merit.

## XVI.  Unsound Legal Counsel Involving Government Stipulations

Defoggi suggests that his trial counsel were ineffective for entering into stipulations with the government, specifically that Defoggi was not alleged to have committed any crime in connection with a certain website, and that Defoggi was not alleged to have had any role in creating, operating, or administering a certain child pornography website. Defoggi has not demonstrated that his counsel were ineffective for entering into such stipulations, nor that he suffered any prejudice as a result of them.

**CONCLUSION**

The Court cannot conclude that Defoggi's counsels' performance was outside the wide range of reasonable professional assistance or that they made any errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsels' performance.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 345, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 11th day of September, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge