IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:13CR105 |
| vs. | ORDER |
| TIMOTHY DEFOGGI, | |
| Defendant. | |

This matter is before the Court on Defendant Timothy DeFoggi's pro se Motion to Expunge. Filing No. 386. For the reasons stated below, DeFoggi's Motion will be denied.

Following a jury trial, DeFoggi was found guilty of the following Counts of the Indictment: Count I (Knowingly engaging in a child exploitation enterprise), Count II (Conspiracy to advertise child pornography), Count III (Conspiracy to distribute child pornography), Count IV (Access with intent to view child pornography), Count V (Access with intent to view child pornography), Count VI (Access with intent to view child pornography), and Count VII (Access with intent to view child pornography). The Court vacated the convictions on Counts II and III as lesser-included offenses of Count I. On January 6, 2015, the Court sentenced the Defendant to 300 months incarceration on Count I, and 120 months incarceration on each of the remaining Counts, all to be served concurrently, followed by supervised release for his lifetime on each count.

DeFoggi appealed his sentence and the U.S. Court of Appeals for the Eighth Circuit vacated his conviction on Count I (Knowingly engaging in a child exploitation enterprise) and remanded the case for re-sentencing. See *United States v. DeFoggi*, 839 F.3d 701, 709-11, 713 (8th Cir. 2016). The Court resentenced DeFoggi to 75 months on

Counts IV, V, VI, and VII, each, to run consecutively, for a total term of incarceration of 300 months, followed by supervised release for his lifetime on each count. DeFoggi appealed but the Eighth Circuit affirmed DeFoggi's new sentence. See *United States v. DeFoggi*, 878 F.3d 1102, 1105-06 (8th Cir. 2018).

In the present Motion, DeFoggi moves the Court use its "inherent equitable power" to expunge his criminal record of charges related to Counts I through III of the Indictment. DeFoggi argues that expungement is appropriate in his case because there was no legal basis for the government to charge him on Counts I through III. DeFoggi does not identify the criminal record he wants expunged. The only record referenced in his evidence is an archive of press releases on the Department of Justice's website that includes references to his original convictions. See Filing No. 386-1 at 1-2.

To the extent DeFoggi seeks to expunge his record with the Court, the Court's orders and the Eighth Circuit's decisions speak for themselves and no further order is required. To the extent DeFoggi seeks an order requiring the Department of Justice to purge its archive of any reference to DeFoggi's convictions on Counts I through III, the Court lacks jurisdiction. The Court's jurisdiction over a motion to expunge is limited. Courts have recognized several instances where a motion to expunge is directly authorized by statute, rule, or the Constitution. See *United States v. Meyer*, 439 F.3d 855, 859 (8th Cir. 2006) (citing *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000)). Because DeFoggi does not seek expungement under any specific statutory authority, the Court's jurisdiction over a motion to expunge is limited to "ancillary jurisdiction incidental to the court's original jurisdiction over the underlying criminal prosecution pursuant to 18 U.S.C. § 3231." *Meyer*, 439 F.3d at 859.

Ancillary jurisdiction in criminal matters is meant to serve two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994). In interpreting the Supreme Court's decision in *Kokkonen*, the Eighth Circuit stated that "ancillary jurisdiction does not extend to expungement of a criminal conviction where the petitioner asserts solely equitable grounds." *Meyer*, 439 F.3d at 862. The court explained that "ordering the Executive Branch to expunge its records contravenes the statute requiring the Attorney General to preserve records." *Id.* (citing 28 U.S.C. § 534(a)(1), (4)); *see also United States v. Crowell*, 374 F.3d 790, 796 n.6 (9th Cir. 2004) ("Even where a conviction has been set aside and expungement of judicial records deemed appropriate, expungement of *executive* records might not be. We maintain control over judicial records, but Congress has instructed the executive to maintain certain records.").

DeFoggi expressly asserts that his Motion to Expunge is based solely on equitable grounds. *See* Filing No. 386 at 1, 3. DeFoggi argues that the Eighth Circuit's decision in *Meyer* "provides District Courts in this Circuit with guidance on when adjudicating a Motion for Expungement based solely on equitable grounds." Filing No. 386 at 3 (internal quotation marks omitted). However, as noted above, the holding in *Meyer* did not provide "guidance" for motions to expunge on equitable grounds; rather, it expressly held that district courts lack ancillary jurisdiction over such motions. *See Meyer*, 439 F.3d at 862. The Court lacks jurisdiction to order the Department of Justice to expunge executive

3

branch records of the original convictions. Accordingly, DeFoggi's Motion must be denied.

IT IS ORDERED:

1. Defendant Timothy DeFoggi's pro se Motion to Expunge (Filing No. 386), is denied; and

2. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 11th day of March, 2021.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge