IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY DEFOGGI,<br><br>Defendant. | **8:13CR105**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the United States of America's Motion for Reconsideration, Filing No. 417, defendant Timothy DeFoggi's Notice of Appeal, Filing No. 421, and the Clerk's office's memorandum addressing DeFoggi's ability to pay the appellate filing fee, Filing No. 422.  For the reasons set forth herein, the Court denies the United States' motion, permits DeFoggi to appeal, and denies DeFoggi leave to proceed in forma pauperis on appeal.

## I.      MOTION FOR RECONSIDERATION

The United States asks the Court to reconsider its order granting DeFoggi compassionate release, Filing No. 413.  Filing No. 417.  It argues the Court failed to follow the proper procedure for addressing compassionate-release motions made based on the COVID-19 pandemic because it did not appoint counsel for DeFoggi nor order the government to respond to his compassionate release motion.  Filing No. 417 at 1–10.  The government also argues the Court was without authority to reduce DeFoggi's sentence.  Filing No. 417 at 7–8.  It also argues the Court erred in finding DeFoggi was entitled to compassionate release because of his "uniquely serious conduct."  Filing No. 417 at 10–16.

1

First, the United States argues the Court entered its order granting compassionate release "without following the procedure implemented during the pandemic for Covid-based compassionate release motions." Filing No. 417 at 1. In support of this argument, the government submits a document entitled "Initial Review of *Pro Se* Motions for Compassionate Release." Filing No. 419-1 at 1–8. This document states it "outlines a uniform approach to initially reviewing pro se motions for compassionate release . . . premised on the COVID-19 pandemic" and provides that the Court should appoint the Federal Public Defender and set a briefing schedule if it determines the motion presents a colorable claim. Filing No. 419-1 at 1–2. The government does not explain the provenance of this document or why it believes the document governs the procedures in this case, but argues the Court erred by not appointing the federal defender or ordering the government to respond. The document at Filing No. 419-1 is not a General Order of this Court, nor was it filed as an order in DeFoggi's case. Thus, this proposed protocol is not binding upon the Court nor did the Court commit error in failing to follow the procedures set forth therein.

Second, the government's argument that the Court was without authority to enter its compassionate release order is premised upon U.S.S.G. § 1B1.13 being an "applicable policy statement" that limits the Court's authority to grant compassionate release to certain circumstances which it argues are not present here. *See* Filing No. 417 at 6–8. As thoroughly explained in the Court's order, the policy statement at U.S.S.G. § 1B1.13 has not been amended since passage of the First Step Act and thus states that it applies only to a request for compassionate release made "[u]pon motion of the Director of the Bureau of Prisons." The majority of courts that have considered § 1B1.13 have concluded it does not constitute an "applicable policy statement" under 18 U.S.C. § 3582(c)(1)(A) for

2

purposes of a compassionate-release motion made by a defendant rather than the BOP

director.  *See* Filing No. 413 at 6 (Court's compassionate-release order citing authority).

The government states that "the *Eighth Circuit* held that §1B1.13 is an applicable policy

statement for *all* section 3582(c)(1)(A) motions," Filing No. 417 at 8 (emphasis added),

but it cites only to a case from the Eleventh Circuit Court of Appeals, *United States v.*

*Bryant*, 996 F.3d 1243 (11th Cir. 2021).  The Court acknowledged the contrary approach

taken by the Eleventh Circuit in its order, *see* Filing No. 413 at 6 (citing *Bryant*, 996 at

1264), but the government has not directed the Court to any case indicating the Eighth

Circuit has taken this approach or in any way limited the Court's ability to grant

compassionate release based upon a consideration of extraordinary and compelling

circumstances.  Thus, the Court correctly determined that U.S.S.G. § 1B1.13 does not

limit its authority to enter an order granting compassionate release in this case.

Lastly, the Court concludes it did not err in finding compassionate release was

warranted based upon extraordinary and compelling circumstances and the balancing of

the 18 U.S.C. § 3553(a) factors.  The government argues the Court did not consider

DeFoggi's "uniquely serious" conduct and did not have information that DeFoggi is fully

vaccinated and boosted against COVID-19.  Filing No. 417 at 8–14.  However, the Court

fully considered all of the evidence and argument the government made at DeFoggi's two

sentencing hearings and during his two appeals, and the government does not argue it

has any new evidence or argument regarding the nature of DeFoggi's conduct.

Importantly, as explained in the Court's order, DeFoggi's sentence for non-

production child pornography offenses was unduly harsh.  The Eighth Circuit Court of

Appeals reversed DeFoggi's initial 300-month sentence after vacating his conviction on

the most serious charge of child exploitation enterprise.  Filing No. 309.  However, on

remand, the Court imposed the same term of incarceration by imposing an above-Guidelines' sentence[1] and running the four lesser counts of accessing with intent to view child pornography consecutively despite them being grouped for guideline purposes. Filing No. 326; Filing No. 332 at 32.  As noted in the Court's compassionate-release order, the U.S. Sentencing Commission believes sentences for non-production child pornography offenses are overstated.  *See* Filing No. 413 at 10.  Imposing an above-guideline, stacked sentence on top of the already-excessive sentencing scheme rendered DeFoggi's sentence unduly harsh and disparate in this case.

Furthermore, any knowledge about DeFoggi's vaccination status would not change the Court's calculation of factors in favor of granting compassionate release.  The Court's order granting DeFoggi compassionate release was not based solely on the risk of COVID-19, but upon the combination of a large sentencing disparity together with DeFoggi's risk for COVID-19 and rehabilitation.  Filing No. 413 at 7.  The Court also noted that "emerging research emphasizes the risk of so-called 'long COVID' and shows an on-going threat posed by new variants such as the Omicron strain which better evade prior immunity, meaning DeFoggi remains at risk of reinfection."  Filing No. 413 at 13.

Thus, the Court either previously considered the arguments the government now makes or finds the additional arguments would not have changed its calculus that compassionate release is warranted in this case.

## II.     NOTICE OF APPEAL AND ABILITY TO PAY

DeFoggi has filed a notice of appeal of the Court's compassionate-release order. Filing No. 421.  "A litigant seeking to appeal a judgment must either pay the required filing

---

[1] The Guideline range computed by the U.S. Probation Officer was 108 months to 135 months but capped at 120 months due to the statutory maximum, Filing No. 323 at 27, to which the government did not object, *id.* at 30.

fees . . . or proceed in forma pauperis . . .." *Swift v. Williams*, No. 8:17CV331, 2017 WL 6812606, at *1 (D. Neb. Dec. 13, 2017) (citing 28 U.S.C. § 1915; Fed. R. App. P. 3, 24). DeFoggi has not paid the filing fee or filed a motion and affidavit seeking leave to proceed in forma pauperis nor has he previously been granted in-forma-pauperis status.  Thus, the Court will not allow the defendant to proceed in forma pauperis.[2]

IT IS ORDERED:

1.    The United States of America's Motion for Reconsideration, Filing No. 417, is denied;

2.    Pursuant to the Clerk's memorandum at Filing No. 422, Defendant is denied leave to proceed in forma pauperis on his appeal, but his appeal may otherwise proceed;

3.    The Clerk of Court is directed to mail a copy of this order to Defendant at his last known address; and

4.    The Clerk of the Court is ordered to provide a copy of this Order to the United States Court of Appeals for the Eighth Circuit along with notification of Defendant's notice of appeal, Filing No. 421.

Dated this 21st day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] DeFoggi indicates he intends to pay the filing fee but is awaiting a funds transfer.  Filing No. 423 at 1.