IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY DEFOGGI,<br><br>Defendant. | 8:13CR105<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Timothy DeFoggi's motion to strike, Filing No. 438, and related miscellaneous motion, Filing No. 439, and the government's own motion to strike and response to DeFoggi's motion to strike, Filing No. 440. For the reasons stated herein, the Court denies Defendant's motions and grants in part and denies in part the Government's motion.

DeFoggi's motion to strike asks the Court to "strike all current AKAs attributed to Defendant in this case." Filing No. 438 at 4. DeFoggi claims such aliases were improperly assigned to him during the investigation and claims the United States did not meet is burden before the grand jury to return an indictment against him. Filing No. 439 at 1–2. DeFoggi's miscellaneous motion asks the Court to treat his motion to strike as uncontested based on the United States' lack of response. Filing No. 439 at 1. The United States filed a motion seeking to strike DeFoggi's motion to strike or alternatively deny his motion to strike. Filing No. 440 at 1–3.

DeFoggi previously filed a motion pursuant to 28 U.S.C. § 2255, Filing No. 435, which this Court denied, Filing No. 346. The Eighth Circuit Court of Appeals denied DeFoggi leave to file a second § 2255 motion. Filing No. 388. DeFoggi's current motion to strike raises a collateral attack on his conviction based on supposed investigative errors

1

regarding his aliases. Filing No. 438. The Court therefore construes it as a successive motion under § 2255.

The Court cannot entertain a "second or successive" § 2255 motion absent a certification from the Court of Appeals verifying that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3) & 2255(h). Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000) (unpublished opinion).

Here, the Eighth Circuit has not certified DeFoggi's successive motion. Accordingly, his motion to strike is an unauthorized, successive § 2255 motion over which this Court lacks jurisdiction. *See Hill v. Morrison,* 349 F.3d 1089, 1090 (8th Cir. 2003). The Court denies his miscellaneous motion related to the § 2255 motion, Filing No. 439, as moot.

The United States asks the Court to strike DeFoggi's § 2255 motion because it argues the Court lacks jurisdiction over it because DeFoggi has filed a notice of appeal from the Court's compassionate release order. Filing No. 440 at 1. Alternatively, the United State urges the Court to deny DeFoggi's motion. While the United States is correct that a notice of appeal confers jurisdiction on the appellate court, "a notice of appeal only divests the lower court of jurisdiction over aspects of the case that are the subject of the appeal." *United States v. Queen*, 433 F.3d 1076, 1077–78 (8th Cir. 2006) (citing *Hunter*

*v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004)).  Because the compassionate release order concerned the reduction of DeFoggi's sentence, not the basis for his conviction, it did not divest this Court of jurisdiction over the supposed § 2255 motion on the merits of the underlying conviction.  The Court therefore sees no need to strike the motion but agrees that DeFoggi's successive § 2255 motion must be denied.

IT IS ORDERED:

1. Defendant's motions, Filing No. 438 and Filing No. 439, are denied;
2. The Government's motion to strike, Filing No. 440, is granted in part and denied in part; and
3. The Clerk of Court is directed to mail a copy of this order to Defendant at his last known address.

Dated this 26th day of October, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3