IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY DEFOGGI,<br><br>Defendant. | 8:13CR105<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Defendant's, Timothy DeFoggi's, Motion for Writ of Error Coram Nobis, Filing No. 535, and Motion for Evidentiary Hearing, Filing No. 543. For the reasons stated herein, the Court denies both motions.

I.     BACKGROUND

An overview of the lengthy history of this case is necessary to an understanding of the current procedural posture. Following a jury trial, defendant Timothy DeFoggi was found guilty of the following Counts of the Indictment: Count I (Knowingly engaging in a child exploitation enterprise), Count II (Conspiracy to advertise child pornography), Count III (Conspiracy to distribute child pornography), Count IV (Access with intent to view child pornography), Count V (Access with intent to view child pornography), Count VI (Access with intent to view child pornography), and Count VII (Access with intent to view child pornography). The Court vacated the convictions on Counts II and III as lesser-included offenses of Count I. Filing No. 277. On January 6, 2015, the Court sentenced the Defendant to 300-months' incarceration on Count I, and 120 months' incarceration on each of the remaining Counts, all to be served concurrently, followed by supervised release for his lifetime on each count, also to be served concurrently. Filing No. 290.

1

DeFoggi filed a timely appeal, and the U.S. Court of Appeals for the Eighth Circuit affirmed in part and reversed in part, vacating his conviction on Count I (Knowingly engaging in a child exploitation enterprise), and remanded the case for re-sentencing. *United States v. DeFoggi*, 839 F.3d 701 (8th Cir. 2016). The Court resentenced DeFoggi to 75 months on Counts IV, V, VI, and VII, each, to run consecutively, for a total term of incarceration of 300-months, followed by supervised release for his lifetime on each count, to be served concurrently. Filing No. 326.

DeFoggi again timely appealed, arguing that receiving the same sentence after resentencing was cruel and unusual under the Eighth Amendment. The Eighth Circuit affirmed the amended judgment of the Court. *United States v. DeFoggi*, 878 F.3d 1102 (8th Cir. 2018). The Eighth Circuit rejected Defendant's Eighth Amendment claim and denied DeFoggi's motion for rehearing en banc. *Id.*; *see also* Filing No. 339.

DeFoggi thereafter filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), Filing No. 345. His § 2255 Motion asserted sixteen grounds based on alleged ineffective assistance of counsel at trial, sentencing, and on appeal. DeFoggi's grounds included the assertion that his counsel failed to challenge sentencing enhancements or seek a downward departure or variance based on his government service. The Court concluded these assertions were contradicted by the record and without merit. Filing No. 346 at 6-7; *see also* Def.'s Statement Regarding Presentence Investigation Report, Filing No. 267; Def.'s Sentencing Mem., Filing No. 269; Def.'s Sentencing Exs., Filing Nos. 270, 275. Defendant's § 2255 Motion asserted no other deficiencies in sentencing. The Court denied the § 2255 Motion and the Eighth Circuit denied him a certificate of appealability. *See* Filing No. 358. The

Eighth Circuit subsequently denied DeFoggi leave to file a second or successive habeas petition.  Filing No. 377.

DeFoggi thereafter filed a motion for compassionate release.  Filing No. 394.  The District Court granted DeFoggi compassionate release, but the Eighth Circuit reversed.  Filing No. 468.  DeFoggi filed two additional motions for compassionate release which the Court denied.  Filing No. 488; Filing No. 515.

DeFoggi now moves for a writ of error coram nobis, alleging various trial and sentencing errors.

**II.    ANALYSIS**

The writ of error coram nobis is an ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a).  *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018).  It is widely accepted that custody is the only substantive difference between coram nobis and habeas petitions.  *Id.* at 956 (citing *Chaidez v. United States*, 568 U.S. 342 (2013)).  "Coram nobis relief is not available to a federal prisoner while in custody . . . ."  *Id.*  Furthermore, the Eighth Circuit has affirmed that the prohibition on second and successive habeas petitions without leave of the Court applies to coram nobis petitions.  *Id.* ("[W]e conclude that Baranski's coram nobis petition is subject to the restrictions on second or successive § 2255 motions . . ..").

DeFoggi does not dispute that he remains in custody at the present time.  *See* Filing No. 542 at 2 (Defendant's reply brief).  Rather, his argument is that the Court should ignore the case law finding custody to be a prerequisite for coram nobis relief and find it is available to him because there are no statutory provisions expressly prohibiting it.  *Id.* at 3.  The Court is not free to disregard binding Eighth Circuit precedent in this manner.

As the Eighth Circuit has previously stated, coram nobis relief is not available to a defendant in custody; habeas corpus under § 2255 is the proper avenue for a defendant in custody to seek relief.

Furthermore, even if the Court were to construe DeFoggi's motion as one under § 2255 since he remains in custody, his motion would still constitute an impermissible second or successive petition for habeas relief under 28 U.S.C. § 2255(h). DeFoggi has not adequately explained how his motion is premised on newly discovered evidence or a retroactive new rule of constitutional law such that it would be exempt from the prohibition on successive habeas petitions, nor has he sought permission for a successive filing from the Eighth Circuit Court of Appeals.

Lastly, to the extent the certificate-of-appealability requirement of AEDPA, 28 U.S.C. § 2253(c), may apply to DeFoggi's motion, however styled, the Court denies such certificate. The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432, (1991) (per curiam)). DeFoggi has not made such a showing, and the issues are not debatable, would not be resolved differently, and do not merit further proceedings.

For these reasons, DeFoggi's motion for writ of error coram nobis is denied. Additionally, there is no need for an evidentiary hearing the matter. Accordingly,

IT IS ORDERED:

1) Defendant's motion for writ of error coram nobis, Filing No. 535, is denied.

2) Defendant's motion for evidentiary hearing, Filing No. 543, is denied.

3) No certificate of appealability will issue.

4) The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant as his last known address.

Dated this 12th day of December, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge